# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Joseph J. Barton, )
Plaintiff, )
)
v. )
)
Town of Whitefield, NH, et al., )
Defendants. )
)
Civil Action No. ___________ )

## COMPLAINT UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF RIGHTS

## I. PARTIES

1. Plaintiff: **Joseph J. Barton,** an individual and a duly elected member of the New Hampshire House of Representatives, Grafton District 1 residing in the town of Littleton, NH

2. Defendant: **Town of Whitefield**, New Hampshire is a municipal entity within the State of New Hampshire and is a "person" subject to suit under 42 U.S.C. §1983.

3. Defendant: **White Mountains Regional School District (SAU 36)** is a municipal entity within the State of New Hampshire and is a "person" subject to suit under 42 U.S.C. §1983.

4. Defendant: **Chief Maxwell Hodgdon,** is the Chief of Police of the Whitefield Police Department, Whitefield, and at all relevant times acted under color of state law.

5. Defendant: **Whitefield Police Department,** is an Agency within the State of New Hampshire and is a "person" subject to suit under 42 U.S.C. §1983.

6. Defendant: **Superintendent Marion Anastasia,** in her individual and official capacities

7. Defendants are sued in their **individual** and **official** capacities unless otherwise noted.

## II. JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983** and the **First and Fourteenth Amendments**.

9. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343**.

10. Venue is proper in the **District of New Hampshire** under **28 U.S.C. § 1391(b)**.

## III. FACTUAL ALLEGATIONS

11. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

12. Plaintiff attaches as Exhibits A-F documents referenced herein, including the:

    **Exhibit A**: Plaintiff's Legislative Service Request: **LSR 26-2717**

    **Exhibit B**: Prior correspondence with the School District documenting good-faith communications.

    **Exhibit C**: Request for Department of Transportation Opinion

    **Exhibit D**: Attorney General Request for Review,

    **Exhibit E**: No-Trespass Order

    **Exhibit F**: Demand for Recission or Written Justification of No-Trespass Order

13. On May 5th, 2025, Plaintiff submits an information request to Whitefield Elementary School Principal Sharal Plumley inquiring about the cause for the school crosswalk to be obstructed, the authority under which it was obstructed, whether these actions were permanent or temporary, and any exceptions regarding bypassing the crosswalk impediments or the steps. Plaintiff's information request went unanswered.

14. On September 10th, 2025, Plaintiff forwarded the aforementioned information request by way of e-mail to the Superintendent Marion Anastasia, (manastasia@sau36.org) suggesting that the continued practice of blockading public crosswalks violated State law, and that

school staff were not properly authorized to direct traffic. Plaintiff included suggestions for resolution. Plaintiff's information request went unanswered, potentially violating the State's "Parental Bill of Rights."

15. On September 10th, 2025, in reply to the aforementioned e-mail, Marion dismisses the information request saying "***we are out of your Grafton 01 jurisdiction***."

16. On or about September 14th, 2025 Plaintiff filed Legislative Service Request 26-2717 ***(see Exhibit A)*** concerning obstructions of public crosswalks.

17. On October 17th, 2025 Plaintiff filed a written complaint with the Whitefield Police Department concerning the use of the public crosswalk at Whitefield Elementary School, as well as the direction of traffic without municipal authority. The Officer on duty under color of law, threatened the Plaintiff with arrest (disorderly conduct) if he continued to use the public crosswalk even if in a manner consistent with the statutes.

18. On October 17th, 2025 Plaintiff acting in his individual and legislative capacities as a State Representative, engaged in protected activity by soliciting an opinion ***(see Exhibit A)*** from the Department of Transportation regarding the applicable rules of the Whitefield Elementary School crosswalk, and general information. Superintendent Marion Anastasia was included in that correspondence.

19. On October 20th, 2025 Plaintiff, acting in his individual and legislative capacities as a State Representative, engaged in protected activity by filing a request for Review ***(see Exhibit B)*** with the New Hampshire Attorney General's office regarding the conduct of the Whitefield Police Department. That request for review is ongoing.

20. On October 24th, 2025 Superintendent Marion Anastasia and the School District issued a **no-trespass order** ***(see Exhibit C)*** against Plaintiff without notice, without explanation, without cited authority, and without any process or opportunity to be heard.

21. The no-trespass order prevented Plaintiff from [attending school events, attending IEP meetings, accessing school property, participating in public meetings, etc.].

22. On October 24th, 2025 Defendants, in an ongoing and continuous manner, retaliated and continue to retaliate by restricting Plaintiff's access to public property.

23. On October 24th, 2025 following receipt of the No Trespass Order, Plaintiff issues a "Demand for Recission or Written Justification of No-Trespass Order" ***(see Exhibit D)*** to Superintendent Marion Anastasia, Chief Maxwell Hodgdon, and members of the SAU36 School Board.

24. October 29th, 2025 Plaintiff initiated a complaint with the New Hampshire Attorney General's Office Civil Rights division. That investigation is ongoing.

25. On November 6th, 2025 Plaintiff received an e-mail from the Whitefield Elementary school that signups for Winter Wednesday student activities were to be made in person at the elementary school; compliance with the issued no trespass order prevents the plaintiff from enrolling his daughter in said activities.

26. On November 6th, 2025, Plaintiff addressed the SAU36 School Board of the matter of the No Trespass order during public session.

27. As of November 10th, 2025. Plaintiff received no response to his demand for recission.

28. Chief Hodgdon and the Town enforced and continue to enforce the order, threatening arrest.

29. Defendants took this action **because of** Plaintiff's protected speech and petitions to government officials.

30. Defendants acted arbitrarily and without due process.

31. The timing of the no-trespass order closely followed Plaintiff's protected activity and lacked any legitimate basis, demonstrating retaliatory motive.

32. Plaintiff has suffered injury, including interference with parental rights, emotional distress, reputational harm, and the ongoing threat of arrest if entering public property.

33. Despite repeated communications with the School District regarding these concerns, no lawful justification was provided.

## IV. CAUSES OF ACTION

### Count I – Retaliation for Protected Speech (First Amendment, via 42 U.S.C. § 1983)

34. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

35. Plaintiff has constitutionally protected liberty interests including parental rights and the right to access public property.

36. Defendants' issuance and enforcement of the no-trespass order was substantially motivated by retaliatory animus.

37. Retaliating against protected speech violates the First Amendment and is actionable under 42 U.S.C. § 1983.

See ***Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)** (establishing burden-shifting framework where plaintiff must show protected conduct was a substantial or motivating factor in the adverse action;

***Barton v. Clancy*, 632 F.3d 9 (1st Cir. 2011)** (holding that retaliation for protected speech is actionable under § 1983).;

***Decotiis v. Whittemore*, 635 F.3d 22 (1st Cir. 2011)** (reaffirming that public employees and citizens speaking on matters of public concern are protected from government retaliation).

### Count II – Procedural and Substantive Due Process (Fourteenth Amendment, via 42 U.S.C. § 1983)

38. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

39. Plaintiff has constitutionally protected liberty interests including parental rights and the right to access public property.

40. Defendants deprived Plaintiff of liberty and property interests without notice or hearing.

41. Defendants deprived Plaintiff of these interests without notice or hearing, in violation of procedural due process.

See ***Mathews v. Eldridge*, 424 U.S. 319 (1976)** (setting out the three-factor balancing test governing procedural due process requirements);

***Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)** (holding that when the government seeks to deprive a person of a protected interest, due process requires notice and a meaningful opportunity to respond);

***Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011)** (holding that trespass warnings banning individuals from public property implicate liberty interests and require due process protections).

**Count III – Equal Protection (Fourteenth Amendment, via 42 U.S.C. § 1983)**

42. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

43. Defendants treated Plaintiff differently from similarly situated individuals.

**Count IV – Municipal Liability (Monell Claim)**

44. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

45. Defendant **Town of Whitefield,** and **White Mountains Regional School District (SAU36)** are municipal entities and "persons" subject to suit under 42 U.S.C. § 1983.

46. At all relevant times, the **Superintendent** of **White Mountains Regional School District (SAU 36)** held final administrative authority over school operations for the district. Although the superintendent lacked any policy, statute, or delegation permitting the

issuance of no-trespass orders against parents, the Superintendent **signed and issued the no-trespass order** against Plaintiff.

47. The Superintendent's issuance of the order, despite lacking lawful authority to do so, constituted an **official decision by a final policymaker** for purposes of Monell liability because it was taken under color of state law and within the apparent scope of the superintendent's official role.

48. There was **no written policy** authorizing such orders, and the issuance of the no-trespass order was arbitrary, unsupported by any regulation, and inconsistent with state law.

49. At all relevant times, the **Chief of Police** of **Whitefield** was a final policymaker for the municipality with respect to law enforcement decisions, directives, and enforcement actions.

50. Although no written policy existed, the Chief of Police issued and enforced an order directing officers to carry out the actions that deprived Plaintiff of his constitutional rights. The Chief's directives constituted an **official decision by a final policymaker**, making it the policy of the municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

51. The **School Board** was notified of the illegal, unauthorized nature of the Superintendent's order and nevertheless failed to rescind, review, or correct it. This inaction amounted to **ratification** of the Superintendent's conduct by officials with final policymaking authority, which constitutes municipal policy under

***City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)** (holding that a municipality is liable under Monell when a final policymaker ratifies a subordinate's unconstitutional action or when the final policymaker's decision itself constitutes official policy).

52. The combined decisions and omissions of the Superintendent, the Chief of Police, and the School Board created and maintained an unconstitutional municipal policy or custom that was the **moving force** behind the violation of Plaintiff's clearly established constitutional rights.

53. Defendant municipalities maintained policies, customs, or practices that caused the constitutional violations described above, including the absence of any lawful process governing no-trespass orders.

54. Municipal liability attaches under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

55. As a direct and proximate result of this municipal policy, Plaintiff suffered concrete and compensable injuries including threats of arrest for disorderly conduct, coerced compliance through a stationed police officer at the school, fear and intimidation of imminent arrest, emotional distress, humiliation, substantial reputational harm from being treated as a security threat, interference with his parental rights and ability to access and participate in his child's education, loss of constitutional liberties, and the chilling of his protected speech and involvement in school matters, all directly caused by Defendants' unlawful actions

**Count V – Declaratory and Injunctive Relief**

56. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

57. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 that the no-trespass order violates the First and Fourteenth Amendments.

58. Plaintiff seeks an injunction ordering Defendants to rescind the no-trespass order and prohibiting further retaliation.

## V. RELIEF REQUESTED

Plaintiff requests:

A. Declaratory judgment that the no-trespass order is unconstitutional.

B. **Injunctive relief** prohibiting enforcement of the no-trespass order ***(see Exhibit A)*** and requiring its immediate recission.

C. Preliminary and permanent injunctive relief prohibiting future retaliation.

D. Plaintiff is entitled to compensatory damages, declaratory relief, and attorney's fees under 42 U.S.C. §1988.

E. Nominal Damages

F. Punitive Damages against individual defendants.

G. Attorney's fees and costs under **42 U.S.C. § 1988**

H. Any further relief the Court deems just

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. DEFENDANTS' SERVICE ADDRESSES

The following addresses are provided for purposes of service under Fed. R. Civ. P. 4:

**1. Marion Anastasia**
Superintendent, SAU 36
White Mountains Regional School District
34 Twin Mountain Road
Whitefield, NH 03598

**2. Chief of Police Maxwell Hodgdon**
Whitefield Police Department
7 Lancaster Road
Whitefield, NH 03598

**3. White Mountains Regional School District**
Attn: School Board Chair Robert Loiacono
White Mountains Regional School Board
14 King Square
Whitefield, NH 03598

**4. Town of Whitefield**
Attn: Town Administrator
Whitefield Town Offices
7 Lancaster Road
Whitefield, NH 03598

**5. Whitefield Police Department**
7 Lancaster Road
Whitefield, NH 03598

Respectfully Submitted,

Hon. Joseph J. Barton
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov
November 10th, 2025