**Section 1 Header**

2026 SESSION

26-2717.0
06/08

HOUSE BILL ***[bill number]***

AN ACT relative to prohibiting all obstructions to public crosswalks.

SPONSORS: [sponsors]

COMMITTEE: [committee]

---

ANALYSIS

This bill prohibits obstruction of public crosswalks, defines qualifying conduct, exempts emergency and authorized closures, and establishes fines for violations.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Explanation: Matter added to current law appears in ***bold italics.***
Matter removed from current law appears [~~in brackets and struckthrough.~~]
Matter which is either (a) all new or (b) repealed and reenacted appears in regular type.

26-2717.0
06/08

STATE OF NEW HAMPSHIRE

*In the Year of Our Lord Two Thousand Twenty-Six*

AN ACT relative to prohibiting all obstructions to public crosswalks.

*Be it Enacted by the Senate and House of Representatives in General Court convened:*

1 New Section; Pedestrians on Roadway. Amend RSA 265 by inserting after section 39 the following new section:

265:39-a Obstruction of Public Crosswalks Prohibited.

I. No person shall willfully or negligently block, obstruct, or otherwise impede the normal operation or accessibility of a public crosswalk.

II. For the purposes of this section, "obstruct" shall include, but not be limited to:

(a) Standing or parking a vehicle in a manner that encroaches upon the crosswalk.

(b) Placing objects, signage, or temporary structures within the boundaries of a marked crosswalk.

(c) Engaging in conduct that prevents or delays pedestrians from safely crossing.

III. This section shall not apply to emergency vehicles or personnel acting in the course of their official duties, or to temporary closures authorized by a municipal or state authority.

IV. Any person who violates this section shall be subject to a fine not to exceed $250 for a first offense, and up to $500 for subsequent offenses.

2 Effective Date. This act shall take effect 60 days after its passage.

Outlook

## Re: SAU36 VIOLATION OF LAW

**From** Marion Anastasia <manastasia@sau36.org>
**Date** Wed 9/10/2025 1:44 PM
**To** Joseph Barton <Joseph.Barton@gc.nh.gov>; Jennifer Lemoine <jlemoine@sau36.org>; Mike L. <mlaska@sau36.org>; Rob Scott <robscott@sau36.org>

Caution! This message was sent from outside your organization.

Dear Joseph,
I would like you to provide me with the specific **RSA**(s) that you are referring to - the school is not on a town highway-
We have the Whitefield Police present on campus who are aware of the traffic; so I am confused about "unlawful practices".
We have a safety committee meeting next week where this will be brought up and addressed.
Also, can you please use your personal email in any further correspondence? I feel that you are using your work email inappropriately- we are out of your **Grafton 01 jurisdiction**.
Thank you!
Best,
Marion

On Wed, Sep 10, 2025 at 7:46 AM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:

> Marion,
>
> Back in May I sent an information request to Principal Plumley that went unanswered. As the new school year commenced I'm informed that the unlawful practice of blocking/impeding a designated crosswalk is ongoing which violates the RSAs. Additionally, untrained and unauthorized individuals are conducting traffic.
>
> The intermittent daily closing of the crosswalk does not satisfy any of the emergency criterion in the statute. The individuals conducting traffic appear to be employees of the school; no handheld stop signs or High Visibility vests.
>
> I'm requesting that these activities cease, and that a more lawful approach be employed.
>
> 1. Have the Local PD direct Traffic during high pedestrian use of the crosswalk.
> 2. Do NOT close or impede the crosswalk
>
> Although I fully support increased safety during times of high traffic, there's a lawful way to do things, and there's Principal Plumley's way of doing things (which need to be corrected)
>
> In Littleton they have a Police Presence and dedicated Traffic Control at two crosswalks to the elementary school. Traffic yields to pedestrians not the other way around. At the WES, pedestrians are forced to yield to traffic, and you have individuals directing traffic that are untrained, lack the sufficient tools, and finally lack the authority to do.
>
> Please advise me of the course of actions no later than 9/12/25 2:20 PM.

v/r

Hon. Joseph J Barton
Grafton District 1

---

**From:** joebarton <joebarton@comcast.net>
**Sent:** Monday, May 5, 2025 1:49 PM
**To:** Sharal Plumley <splumley@sau36.org>; Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** Re: REMINDERS | Parent pick-up and drop-off

Caution! This message was sent from outside your organization.

Principal Plumley,

I Initially believed the blockage of the crosswalk had something to do with wonter weather from an earlier publication, but now it seems to have become a permanent policy

I request the following information:

1. For what reasons is the main crosswalk blockaded?

2. What law rule or regulation authorizes the blockage, be it permanent or temporary, of the main crosswalk and/or steps?

3. Have any signs been posted indicating the blockages?

4. Please identify any exceptions made regarding bypassing the crosswalk impediments. If none, so state.

V/R

Hon. Joseph J Barton
Grafton 01
.

On May 5, 2025 at 1:40 PM, Whitefield Elementary School <noreply@sau36.org> wrote:

Good afternoon WES families,

With the start of a new quarter, there will also be staff changes during our dismissal procedure. For parent pick-ups, please display your child's name in the windshield of your vehicle (large enough to read). It appears the warmer weather is here to stay so we ask that you continue to follow the pick-up line procedure and remain in your vehicles. Please avoid parking and walking up to the main

entrance at dismissal time. We kindly ask that you pass this message on to family and friends who regularly pick-up your child.

Thank you in advance for your cooperation,

Mrs. Plumley

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Outlook

## Information Request Regarding DOT Rules; the status or removal of a public crosswalk

**From** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Date** Fri 10/17/2025 6:37 PM
**To** Stephen.G.Labonte@dot.nh.gov <Stephen.G.Labonte@dot.nh.gov>; William.J.Cass@dot.nh.gov <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org <manastasia@sau36.org>

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1
Elementary School Staff do not have authority to direct traffic under RSA 265:23
Elementary School Staff do not have authority to direct traffic under RSA 265:3
Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

# State of New Hampshire

HOUSE OF REPRESENTATIVES
REPRESENTATIVE JOSEPH BARTON

Sworn Statement of Facts and Request for Review

State of New Hampshire; County of Coös

To: Chief of Police, Whitefield Police Department

Cc: Attorney General of New Hampshire
Speaker of the House, NH House of Representatives

I, Joseph J. Barton, being duly sworn, hereby state as follows:

1. I am a duly elected member of the New Hampshire House of Representatives.
2. On October 17th, 2025, while on the public-school grounds of Whitefield Elementary School, I approached a public crosswalk connecting portions of the property used by the public.
3. Under RSA 259:2, a 'crosswalk' is defined as: "That part of a highway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway; or any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface." RSA 259 notes that crosswalks may be established and maintained under the authority of the New Hampshire Department of Transportation (DOT).
4. I observed that a traffic cone had been placed in the center of the crosswalk, effectively obstructing it and impeding public use. To my knowledge, and upon information provided by the Chief of Police, the cone placement was unauthorized and not sanctioned by the DOT under RSA 259 or any other statute.
5. Believing this obstruction to be unauthorized and acting under my understanding of RSA 265:35 (Pedestrian Right of Way in Crosswalks), I removed the cone to restore access to the crosswalk.
6. Following this incident, I filed a formal complaint with the Whitefield Police Department, citing the relevant provisions of New Hampshire law, including but not limited to RSA 236:9-10, RSA 265:3-4, RSA 265:35, and RSA 259:2.
7. In my complaint, I also noted that a school staff member appeared to be directing traffic without statutory authority and that, during one occurrence, a vehicle was directed to proceed while my daughter and I were still within the crosswalk, narrowly avoiding a collision.

8. A Whitefield Police Officer later contacted me regarding the complaint. During this conversation, the officer stated that if I removed a cone again, I could be arrested under RSA 644:2 (Disorderly Conduct), explaining that the act of removing the cone could be perceived as intimidating.
9. I perceived the officer's threats as an attempt to intimidate me in my official capacity as a State Representative, specifically in relation to LSR 26-2717, a constituent request I was handling. I expressed my disagreement with that interpretation, citing RSA 265:35 and RSA 259:2, emphasizing that removal of an unauthorized obstruction in a public crosswalk cannot constitute disorderly conduct.
10. I submit this statement to formally request an administrative and legal review of: the authority under which crosswalks on school property are being obstructed; the legal basis for civilians (school staff) directing public vehicular traffic; and the propriety of any threats of arrest or enforcement action arising from my lawful exercise of public right-of-way, including any actions that could be perceived as attempting to intimidate a state representative.
11. I also request clarification on the potential liability of the Town of Whitefield and the involved law enforcement officer, including under RSA 231:92, RSA 507-B:4, and RSA 31:104.
12. This statement is made in good faith to ensure uniform adherence to public safety statutes and public access rights.

Signed under the pains and penalties of perjury this 20th day of October, 2025.

______________________________________

Hon. Joseph J. Barton; State Representative, Grafton District 01
120 Cottage Street, Littleton, NH 03561
joseph.barton@gc.nh.gov

Subscribed and sworn before me this 20th day of October 2025.

______________________________________

Notary Public / Justice of the Peace

Notary Public / JP My commission expires: 3-22-30

* Addendum attached *



# Whitefield Police Department

56 Littleton Road Whitefield, NH 03598
(603) 837-9086

## NOTICE AGAINST TRESPASS

THIS WILL SERVE AS NOTICE AGAINST TRESPASS, UNDER NEW HAMPSHIR LAW, RSA 635:2, A SUBJECT IS GUILTY OF TRESPASS, (CLASS A MISDEMEANOR), IF HE/SHE KNOWINLY ENTERS OR REMAINS;

1. IN ANY SECURE PREMISES
2. IN ANY PLACE IN DEFIANCE OF AN ORDER TO LEAVE OR NOT TO ENTER WHICH WAS PRESONALLY COMMUNICATED TO HIM/HER BY THE OWNER OR OTHER AUTHORIZED PERSON
3. IN ANY PLACE IN DEFIANCE OF ANY COURT ORDER RESTRAINING HIM/HER FROM ENTERING SUCH PLACE SO LONG AS THEY HAVE BEEN PROPERTY NOTIFIED OF SUCH ORDER

THIS NOTICE WILL SERVE AS COMMUNICATION FROM SAID OWNER OR AUTHORIZED PERSON

(#1) marion anastasia

FOR SAID PROPERTY AT: Whitefield Elementary School 34 Twin Mountain Rd, Whitefield, NH, 03598

TO (NAME OF SUBJECT) (#2) Joseph Barton DOB: 11-11-75

I, understand that this notice against trespass will be served on the party (#2), per my request, and will remain in erect for one year or until such time that I personally appear at the Whitefield Police Department and withdraw the trespass order indicating I no longer desire to have this notice against the said party (#2).

Marion Anastasia
Signature of Requesting Party (#1)

10-24-2025
Date

White Mountains Regional School District SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, New Hampshire 03598
P: 603-837-9363
F: 603-837-2326
commentsandquestions@sau36.org

This letter is to serve as an addendum to the attached trespass notice issued to: **JOSEPH BARTON**

*Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school. Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*

*Mr. Barton shall, **at no time**, exit his vehicle while on school grounds.*

*Mr. Barton shall, **at no time**, enter the Whitefield Elementary School building.*

______________________________
Signature of acceptance

______________________________
Serving Officer witness

______________________________
Date and time of service

State of New Hampshire

HOUSE OF REPRESENTATIVES

# Formal Letter
# Demand for Rescission or Written Justification of No-Trespass Order

Representative Joseph J. Barton
120 Cottage Street
Littleton, New Hampshire 03561
Phone: (603) 969-2706
Email: joseph.barton@gc.nh.gov
Date: October 24, 2025

To:

**Marion Anastasia**
Superintendent, SAU 36 – White Mountains Regional School District
Whitefield Elementary School
34 Twin Mountain Road
Whitefield, NH 03598

**Chief of Police Maxwell Hodgdon**
Whitefield Police Department
7 Lancaster Road
Whitefield, NH 03598

CC:
**White Mountains Regional School Board:**
Robert Loiacono, Chair
Tara Barton-Giles
James Ackerman
Kristen Van Bergen
Herb Randall

**Re: Unlawful and Retaliatory No-Trespass Order – Request for Immediate Rescission or Written Justification**

Dear Superintendent Anastasia, Chief Hodgdon, and School Board Chair Robert Loiacono,

I am writing to formally contest and request the immediate rescission of the no-trespass order issued against me on October 24, 2025, prohibiting my presence at Whitefield

Elementary School and other district properties.

This order was issued without any stated reason, notice, or process, and appears to have been made in retaliation for my recent submissions of:

A Request for Review to the New Hampshire Attorney General's Office; and

Legislative Service Request 26-2717 regarding concerns with the White Mountains Regional School District.

Because this order directly involves the authority of both the school district and the Whitefield Police Department, I am addressing this correspondence to all relevant parties.

**1. Retaliation for Protected Speech**
It is well established that individuals — including parents and elected officials — have a First Amendment right to petition government officials and speak on matters of public concern.
Issuing or enforcing a no-trespass order in direct response to my Request for Review and Legislative Service Request 26-2717 constitutes retaliation for protected activity, in violation of:

• The First Amendment to the U.S. Constitution;
• 42 U.S.C. § 1983, which prohibits retaliation by public officials acting under color of state law; and
• Part I, Article 8 of the New Hampshire Constitution, which guarantees the right to petition and access public bodies.

**2. Lack of Authority and Due Process**
To my knowledge, neither the White Mountains Regional School District nor the Town of Whitefield has any written policy authorizing a superintendent or police department to unilaterally issue a no-trespass order against a parent without notice, a stated reason, or an opportunity to be heard.

This absence of procedure violates due process protections under the Fourteenth Amendment and Part I, Article 15 of the New Hampshire Constitution.
I was given no explanation, no citation of authority, and no appeal process — which renders the order legally and procedurally defective.

**3. Interference with Parental Rights**
The order has the effect of preventing me from:

• Attending my child's IEP meetings and collaborating with educators regarding special education services;
• Picking up my child from school safely and directly; and

• Attending my child's school events and educational activities.

These restrictions directly interfere with my parental rights and duties under RSA 193:1 and related education laws, as well as my federal rights under the Individuals with Disabilities Education Act (IDEA) and the Family Educational Rights and Privacy Act (FERPA).

**4. Requested Action**
Accordingly, I hereby demand that the district and the Whitefield Police Department:

• Immediately rescind the no-trespass order; or
• Provide, in writing within ten (10) business days, the following:
  - The specific statutory or policy authority relied upon for the order;
  - The factual basis or alleged conduct justifying the order;
  - The scope, duration, and enforcement terms of the restriction; and
  - The process available for appeal or review by the School Board or other oversight body.

If I do not receive a lawful justification within ten (10) business days, I will consider this action retaliatory and unlawful and will pursue all available remedies, including filing formal complaints with:

• The New Hampshire Attorney General's Office;
• The New Hampshire Department of Education;
• The U.S. Department of Education Office for Civil Rights (OCR); and
• Federal court under 42 U.S.C. § 1983 for violation of my constitutional rights.

**5. Attachments**
Please find the following attached for your reference:

Attachment A: Copy of the no-trespass order issued on October 24, 2025.
Attachment B: Copy of my Request for Review submitted to the New Hampshire Attorney General's Office.
Attachment C: Copies of prior correspondence and documentation showing my good-faith communications with the district.

I respectfully request acknowledgment of this letter and a written response no later than November 7, 2025.
I reserve all legal rights and remedies.

Sincerely,
Representative Joseph J. Barton
Parent, Whitefield Elementary School Student