FILED - USDC -NH
2025 NOV 12 PM3:08

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

Joseph J. Barton, )
Plaintiff, )
)
v. )
)
Town of Whitefield, NH, et al., )
Defendants. )
)
Civil Action No. 25-CV-451 )

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; AND PRELIMINARY INJUNCTION**

---

Joseph J. Barton
120 Cottage Street
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov
Plaintiff, pro se

## TABLE OF CONTENTS

1. Motion for Temporary Restraining Order and Preliminary Injunction

2. Proposed Order

3. Memorandum of Law

4. Verified Sworn Affidavit of Joseph J. Barton

5. Certificate of Service

FILED - USDC -NH
2025 NOV 12 PM3:09

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; AND PRELIMINARY INJUNCTION**

**NOW COMES** the Plaintiff, Hon. Joseph J. Barton, pro-se, and respectfully moves this Court pursuant to Fed. R. Civ. P. 65(a) and 65(b) to issue a Temporary Restraining Order (TRO) and Preliminary Injunction to prevent the continued enforcement of the October 24, 2025 no-trespass order issued by Superintendent Marion Anastasia, SAU 36, and enforced by the Whitefield Police Department. This unlawful order violates Plaintiff's First and Fourteenth Amendment rights, interferes with his parental rights, and subjects him to ongoing irreparable harm.

Respectfully Submitted,

Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, the Court finds that:

1. Plaintiff has demonstrated a likelihood of success on the merits.
2. Plaintiff will suffer irreparable harm without immediate relief.
3. The balance of equities favors Plaintiff.
4. The public interest supports granting injunctive relief.

IT IS HEREBY ORDERED that Defendants are TEMPORARILY RESTRAINED and ENJOINED from enforcing the October 24, 2025 no-trespass order against Plaintiff until further order of the Court.

A hearing on the Preliminary Injunction is scheduled for __________ at __________. This Temporary Restraining Order shall expire fourteen (14) days from entry unless extended by the Court.

SO ORDERED.

______________________________

United States District Judge

Date: __________

FILED - USDC -NH
2025 NOV 12 PM3:09

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff moves for immediate injunctive relief under Fed. R. Civ. P. 65 to prevent ongoing violations of his constitutional rights.

## I. RELIEF REQUESTED

Plaintiff seeks immediate injunctive relief enjoining Defendants from:

1. Retaliating against Plaintiff for protected First Amendment activity.
2. Interfering with Plaintiff's constitutional rights.
3. Continuing any conduct that places Plaintiff at risk of irreparable harm.

## II. FACTUAL BASIS

Plaintiff incorporates the facts stated in his Complaint and states that Defendants have engaged in repeated and ongoing actions that threaten and chill Plaintiff's constitutional rights. These actions include unlawful interference, retaliation, and conduct that creates an immediate likelihood of continued harm absent Court intervention.

## III. LEGAL STANDARD UNDER RULE 65

A temporary restraining order and preliminary injunction are warranted when the Plaintiff demonstrates:

1. A likelihood of success on the merits;
2. A likelihood of irreparable harm without relief;
3. That the balance of equities tips in the Plaintiff's favor; and
4. That an injunction serves the public interest.

**Winter v. NRDC**, 555 U.S. 7, 20 (2008);

**Voice of the Arab World v. MDTV Med. News Now**, 673 F.3d 5, 9 (1st Cir. 2012).

Plaintiff meets all four elements.

## IV. ARGUMENT

### A. Plaintiff is likely to succeed on the Merits

1. First Amendment Retaliation (42 U.S.C. § 1983)

Government officials may not retaliate against citizens—or elected officials—for filing complaints, petitions, or raising concerns about public operations.

**Barton v. Clancy**, 632 F.3d 9, 16 (1st Cir. 2011) ("Retaliation for protected speech violates § 1983.")
**Nieves v. Bartlett**, 139 S. Ct. 1715 (2019).
**Hartman v. Moore**, 547 U.S. 250 (2006).

2. Plaintiff engaged in protected activities:

- Filing Legislative Service Request 26-2717
- Request for Review to the NH Attorney General
- Inquiries regarding legality of school operations

The temporal proximity between this activity and the issuance of the no-trespass order—issued days later—strongly supports retaliatory motive.

3. Fourteenth Amendment Procedural Due Process

A no-trespass order barring a parent from school property implicates:

- Liberty interests
- Parental rights
- Federally protected education rights (IDEA/FERPA)

Due process requires notice and an opportunity to be heard.

**Cleveland Bd. of Educ. v. Loudermill**, 470 U.S. 532, 542 (1985).

**Mathews v. Eldridge**, 424 U.S. 319 (1976).

Defendants provided none.

4. Unlawful Trespass Ban Without Cause

Courts recognize that government-issued trespass bans cannot be arbitrary or retaliatory.

**Catron v. City of St. Petersburg**, 658 F.3d 1260, 1267 (11th Cir. 2011).
**Johnson v. Perry**, 859 F.3d 156 (2d Cir. 2017)

The no-trespass order here:

- Cites no authority
- States no facts
- Provides no appeal process
- Was issued in retaliation

This is facially unconstitutional.

5. Violations of Parental and Educational Rights

Parents have a constitutional right to participate in their child's education.

**Troxel v. Granville**, 530 U.S. 57 (2000).

**Hodgson v. Minnesota**, 497 U.S. 417 (1990).

**20 U.S.C. § 1414(d).** IDEA mandates parental participation in IEP meetings.

A no-trespass order preventing access to the school violates these rights.

**B. Plaintiff will suffer irreparable harm.**

Loss of First Amendment rights, even temporarily, is **irreparable harm**.

**Elrod v. Burns**, 427 U.S. 347, 373 (1976).

So is:

- Interference with education rights
- Threat of arrest
- Exclusion from public property
- Damage to official duties as a legislator

Courts repeatedly hold that constitutional harms **cannot be remedied with money damages**.

### C. Balance of equities favors Plaintiff

Defendants suffer no burden by rescinding an unlawful order, whereas Defendants suffer no hardship by obeying the law.

Plaintiff faces:

- Loss of constitutional freedoms
- Loss of access to his child's education
- Threat of prosecution

### D. Public Interest supports Injunctive Relief

Protecting constitutional rights **always** serves the public interest.

**ACLU v. Reno**, 217 F.3d 162 (3d Cir. 2000).

**New Hampshire Right to Life v. Gardner**, 99 F.3d 8 (1st Cir. 1996).

**Monell v. Dep't of Soc. Servs.,** 436 U.S. 658 (1978).

## V. CONCLUSION

Plaintiff has shown a clear likelihood of success on the merits of his constitutional claims. Defendants' actions have caused and continue to cause irreparable harm, including ongoing violations of Plaintiff's First and Fourteenth Amendment rights. Monetary damages cannot remedy these harms. The balance of harms favors Plaintiff, and the public interest strongly supports enforcement of constitutional protections. For the foregoing reasons, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction as outlined above.

**VERIFIED SWORN AFFIDAVIT OF HON. JOSEPH J. BARTON**

I, Joseph J. Barton, being duly sworn, depose and state:

1. I am the Plaintiff in this action and make this affidavit in support of my Motion for Temporary Restraining Order and Preliminary Injunction.

2. On October 24, 2025, I was issued a no-trespass order by Superintendent Marion Anastasia and SAU 36 without cause, notice, or hearing.

3. This order prevents me from attending my child's IEP meetings and participating in public school events.

4. The order was issued after I filed Legislative Service Request 26-2717 and a Request for Review with the NH Attorney General.

5. The Whitefield Police Department has threatened arrest if I enter school grounds.

6. These actions have caused me irreparable harm and ongoing interference with my constitutional and parental rights.

FURTHER AFFIANT SAYETH NOT.

[signature]

Hon. Joseph J. Barton, Plaintiff; Pro-Se

State of New Hampshire

County of Grafton

Subscribed and sworn before me this 12 day of November, 2025.

[signature]

Notary Public

My Commission Expires: Oct 15, 2025

JOHN M CUOCO
STATE OF
MY COMMISSION EXPIRES OCTOBER 15, 2030
NEW HAMPSHIRE
NOTARY PUBLIC

## CERTIFICATE OF SERVICE

Because no defendant has yet appeared, Plaintiff will serve this motion, Memorandum of Law, Proposed Order, and Verified Affidavit with the summons and complaint on all Defendants pursuant to Fed. R. Civ. P. 4.

**DEFENDANTS' SERVICE ADDRESSES**

The following addresses are provided for purposes of service under Fed. R. Civ. P. 4:

**1. Marion Anastasia**
Superintendent, SAU 36
White Mountains Regional School District
34 Twin Mountain Road
Whitefield, NH 03598

**2. Chief of Police Maxwell Hodgdon**
Whitefield Police Department
7 Lancaster Road
Whitefield, NH 03598

**3. White Mountains Regional School District**
Attn: School Board Chair Robert Loiacono
White Mountains Regional School Board
14 King Square
Whitefield, NH 03598

**4. Town of Whitefield**
Attn: Town Administrator
Whitefield Town Offices
7 Lancaster Road
Whitefield, NH 03598

**5. Whitefield Police Department**
7 Lancaster Road
Whitefield, NH 03598

Respectfully Submitted,

Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov