**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

JOSEPH J. BARTON

v. Civil No. 25-cv-00451-LM-TSM

TOWN OF WHITEFIELD, NH, et al.

**REPORT AND RECOMMENDATION**

Plaintiff Joseph Barton filed a motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. No. 4), seeking a court order enjoining the continued enforcement of a no-trespass order issued on October 24, 2025 by Defendants White Mountain School District (SAU 36) and its Superintendent Marion Anastasia. Id. at pg. 3. Federal Rule of Civil Procedure 65(b)(1) requires a party seeking a TRO to assert specific facts, "in an affidavit or a verified complaint" which "clearly show that immediate and irreparable injury, loss, or damage will result . . . before the [defendants] can be heard in opposition" to his request, Fed. R. Civ P. 65(b)(1)(A), and to "certify[y] in writing any efforts made to give notice and the reasons why [notice] should not be required" in this matter, id. at (b)(1)(B). "[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." Strahan v. O'Reilly, No. 22-cv-52-LM, 2022 U.S. Dist. LEXIS 46059, at *3, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022) (alteration in original) (citation omitted), R&R adopted, 2022 U.S. Dist. LEXIS 45955, at *1, 2022 WL 788258, at *1 (D.N.H. Mar. 14, 2022). Other than conclusory statements claiming Defendants are retaliating against Plaintiff by enforcing the no-trespass order and preventing Plaintiff from participating in certain activities at Whitefield Elementary School, Plaintiff does not

include specific facts in his motion to satisfy Rule 65(b)(1). Further, Plaintiff does not address what efforts he made to notify Defendants nor does he explain why notice should not be required.

Accordingly, the district judge should deny plaintiff's motion for a TRO (Doc. No. 4), without prejudice to Mr. Barton's ability to seek such relief in the future as warranted. However, the court will consider Mr. Barton's request for preliminary injunctive relief after Defendants have been served and given an opportunity to respond. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised by the objection(s) to this Report and Recommendation are subject to review in the district court and those not preserved by such objection are precluded on appeal. Id. (citations omitted).

Talesha L. Saint-Marc
U.S. Magistrate Judge

November 25, 2025

cc: Joseph J. Barton, pro se