# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Joseph J. Barton,<br>Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Whitefield, NH, et al.,<br>Defendants. | ) |
| | ) |
| Civil Action No. 1:25-cv-00451-LM-TSM | ) |

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*(De Novo Review Requested)*

---

Joseph J. Barton

120 Cottage Street

Littleton, NH 03561

(603) 969-2706

joseph.barton@gc.nh.gov

Plaintiff, pro se

**TABLE OF CONTENTS**

1. Objection to Magistrate Judge's Report and Recommendation

2. Memorandum of Law

3. Exhibits A-F

4. Certificate of Service

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

(De Novo Review Requested)

**NOW COMES** the Plaintiff, Hon. Joseph J. Barton, pro-se, and respectfully objects to the Report and Recommendation ("R&R") dated November 25, 2025 (Doc. 6), which recommends denial of Plaintiff's Motion for Temporary Restraining Order ("TRO") (Doc. 4). The R&R concludes that Plaintiff did not include "specific facts" to satisfy Fed. R. Civ. P. 65(b)(1)(A) and did not provide certification of notice efforts under Rule 65(b)(1)(B). Respectfully, both conclusions are erroneous. Plaintiff provided detailed, specific facts through:

(1) the verified Complaint (¶¶13–33),

(2) the sworn Affidavit filed with the TRO motion, and

(3) six exhibits (A–F) documenting the retaliatory sequence of events, the threat of arrest, and ongoing interference with parental rights and educational access.

Further, Rule 65(b)(1)(B) applies only to an ex-parte TRO. Plaintiff did not request ex-parte relief, and therefore the R&R applies the incorrect standard.

Plaintiff respectfully requests de novo review under 28 U.S.C. § 636(b)(1).

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION**
(Required by LR 7.1(a)(2))

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the district judge must conduct **de novo review** of any portion of the Magistrate Judge's R&R to which a specific objection is made. See *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

## II. BACKGROUND

Plaintiff's verified §1983 Complaint (Doc. 1) and Exhibits A–F detail a clear sequence of retaliatory and unconstitutional conduct:

- Plaintiff raised concerns about a **blocked public crosswalk** at Whitefield Elementary School (Complaint ¶¶13–15; Ex. B).
- On September 14, 2025, Plaintiff filed **LSR 26-2717**, a legislative proposal regarding crosswalk obstructions (Complaint ¶16; Ex. A).
- On October 17, 2025, Plaintiff filed a **police complaint**, during which he was threatened with arrest for using a public crosswalk consistent with state statute (Complaint ¶17; Ex. D).
- Plaintiff then filed a **Request for Review** with the NH Attorney General (Complaint ¶19; Ex. D).
- On October 24, 2025—just days later—Superintendent Anastasia issued a **no-trespass order** without notice, process, or authority (Complaint ¶20–22; Ex. E).
- Plaintiff was thereby barred from attending regular IEP meetings, enrolling his child in school programs, or accessing public school property (Complaint ¶21, ¶25–26; Ex. F).
- The Whitefield Police Department continues to threaten **arrest** if Plaintiff enters school grounds (Complaint ¶28; Ex. D, E).

These allegations were supported by Plaintiff's **sworn Affidavit** filed with the TRO.

The R&R did not analyze this evidence and instead erroneously concluded that only "conclusory" allegations were presented.

## III. ARGUMENT

### A. Plaintiff Provided Specific Facts Satisfying Rule 65(b)(1)(A)

Rule 65(b)(1)(A) requires specific facts in an **affidavit or verified complaint**.

Plaintiff provided both.

#### 1. Verified Complaint – Detailed Factual Chronology

Complaint ¶¶13–33 establish:

- Dates
- Names
- Communications
- Police threats
- Legislative filings
- Administrative correspondence
- The no-trespass order itself
- Ongoing threats of arrest

This is a textbook example of factual specificity.

#### 2. Sworn Affidavit – Immediate, Irreparable Harm

Plaintiff's affidavit documents:

- Exclusion from school grounds
- Loss of educational participation rights
- Threat of arrest
- Immediate chilling of First Amendment activity
- Interference with parental rights

**3. Exhibits A–F – Documentary Evidence**

Each exhibit is concrete evidence:

- **Ex. A** – LSR 26-2717
- **Ex. B** – Superintendent correspondence
- **Ex. C** – DOT inquiry
- **Ex. D** – AG Review request + sworn statement
- **Ex. E** – No-Trespass Order (threat of Class A misdemeanor)
- **Ex. F** – Demand for rescission + educational harm

**4. Constitutional Violations Are Irreparable Harm**

As a matter of binding law:

- Loss of First Amendment freedoms is **irreparable harm**: *Elrod v. Burns*, 427 U.S. 347, 373 (1976).
- Interference with parental rights is irreparable: *Troxel v. Granville*, 530 U.S. 57 (2000).
- Arbitrary exclusion from public property is irreparable: *Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011).

The R&R failed to apply these principles.

**B. Rule 65(b)(1)(B) Does Not Apply Because Plaintiff Did Not Seek an Ex Parte TRO**

Rule 65(b)(1)(B) governs TROs **without notice**.

Plaintiff:

- Did **NOT** request ex parte relief
- Did File a Certificate of Service
- **Served the PI/TRO with the Complaint**
- Sought relief in the ordinary, adversarial manner

The Magistrate Judge applied the wrong standard.

See *Granny Goose Foods v. Teamsters*, 415 U.S. 423, 433 n.7 (1974)[1].

[1] *As the Supreme Court explained in Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 433 n.7 (1974), the 'stringent restrictions imposed by Rule 65(b)' apply only to TROs sought* ***ex parte****, because our jurisprudence 'runs counter to the notion of court action taken before reasonable notice has been given.' Plaintiff did not seek ex parte relief, filed a Certificate of Service, and served Defendants under Rule 4. Accordingly, Rule 65(b)(1)(B) does not apply, and the R&R's reliance on that provision is legal error.*

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Reject the Magistrate Judge's R&R (Doc. 6);
2. Find that Plaintiff satisfied Rule 65(b)(1)(A);
3. Find that Rule 65(b)(1)(B) does not apply;
4. Grant the Preliminary Injunctive Relief and Temporary Restraining Order enjoining enforcement of the October 24, 2025 no-trespass order; or
5. Set an expedited hearing on the TRO and Preliminary Injunction.

Respectfully Submitted,

/s/ Joseph J. Barton
Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov

## EXHIBITS

*(Exhibits A-F are incorporated in the original Complaint Filing)*

**Exhibit A**: Plaintiff's Legislative Service Request: **LSR 26-2717**

**Exhibit B**: Prior correspondence with the School District documenting good-faith communications.

**Exhibit C**: Request for Department of Transportation Opinion

**Exhibit D**: Attorney General Request for Review,

**Exhibit E**: No-Trespass Order

**Exhibit F**: Demand for Recission or Written Justification of No-Trespass Order

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this Objection and Memorandum of Law was served on all Defendants pursuant to Fed. R. Civ. P. 5 on this 1st day of December 2025.

Respectfully Submitted,

/s/ Joseph J. Barton
Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov