# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Joseph J. Barton,<br>Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Whitefield, NH, et al.,<br>Defendants. | ) |
| | ) |
| Civil Action No. 1:25-cv-00451-LM-TSM | ) |

**MOTION TO COMPEL PRESERVATION of EVIDENCE**

---

Joseph J. Barton
120 Cottage Street
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov
Plaintiff, pro se

## TABLE OF CONTENTS

1. Motion to Compel Preservation of Evidence……………………………………………….3

2. Memorandum of Law ……………………………………………………………………5

I. Introduction …………………………………………………………………………..5

II. Legal Standard ………………………………………………………………………5

III. Argument …………………………………………………………………………...7

IV. Conclusion …...……………………………………………………………………10

3. [Proposed] Order……………………………………………………………………….11

4. Affidavit of Joseph J. Barton ……………………………………………………………14

5. Exhibit List (Attached as Separate PDF) ………………………………………………….17

6. Certificate of Service ……………………………………………………………………...18

**MOTION TO COMPEL PRESERVATION of EVIDENCE**

**NOW COMES** the Plaintiff, Hon. Joseph J. Barton, pro-se, and respectfully moves this Court to enter an Order compelling Defendants to comply with their preservation obligations under the Federal Rules of Civil Procedure, including

(1) suspending all routine, automated, or scheduled deletion processes for electronically stored information ("ESI") and physical records,

(2) identifying custodians and data repositories, and

(3) confirming preservation steps taken.

Court intervention is required because Defendants' counsel has expressly refused to suspend routine deletion mechanisms or engage in preservation dialogue. Without immediate action, critical evidence—including police logs, internal communications, emails, text messages, dispatch data, and school-district records—faces imminent risk of destruction.

## I. INTRODUCTION

This case involves constitutional claims arising from the retaliatory issuance of a no-trespass order by SAU 36 Superintendent Marion Anastasia and its enforcement by the Whitefield Police Department.

## II. FACTUAL BACKGROUND

- Plaintiff issued a litigation-hold notice on November 26, 2025 to the Town of Whitefield, Whitefield Police Department, and Chief Maxwell Hodgdon
- Plaintiff issued a litigation-hold notice on November 28, 2025 to the SAU36 School District, and Superintendent Marion Anastasia.
- Defendants' counsel refused to suspend deletion systems.
- Counsel denied a duty to communicate regarding preservation.
- Plaintiff believes multiple systems operate on short deletion cycles.

**III. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Immediately suspend routine or automated deletion systems.

2. Identify all custodians within 10 days.

3. Confirm preservation measures in writing within 10 days.

4. Engage in a proportional preservation plan under FRCP 26(f).

5. Disclose any known loss of ESI.

6. Grant any further relief the Court deems appropriate.

Respectfully Submitted,

/s/ Joseph J. Barton
Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION

*(Required by LR 7.1(a)(2))*

## I. INTRODUCTION

Defendants have refused to suspend automated deletion processes and declined to participate in preservation discussions. Federal law requires them to act.

## II. LEGAL STANDARD

A. Duty to Preserve Once Litigation Is Reasonably Anticipated

The duty to preserve arises when a party "reasonably anticipates litigation." At that point, a litigant must "suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). This duty extends to "what [the party] knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, or is reasonably likely to be requested during discovery." *Id.* at 217–18.

Here, Defendants have been on notice since:

1. The filing of the Complaint;
2. Service of the litigation-hold notice; and
3. Direct correspondence from Plaintiff explicitly invoking preservation obligations.

B. Municipal and Public-Entity Defendants Share the Same Duty

The duty to preserve applies with equal force to municipalities, school districts, and police departments. See, e.g., *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) (spoliation principles apply to any litigant with control over evidence); courts routinely apply Zubulake-style standards to public entities, including cities and police departments.

Because such entities often maintain automatic retention schedules (for email, CAD/dispatch, body-cams, and CCTV), they must intervene to avoid losing relevant evidence once litigation is foreseeable.

C. Reasonable Preservation Requires Suspension of Routine Deletion

It is black-letter law that a party may not rely on its usual deletion cycles once the duty to preserve attaches:

> "*It is insufficient to simply notify employees of a litigation hold and expect that the party will then retain and produce all relevant information. The party must take affirmative steps to monitor compliance and ensure that all sources of relevant information are identified and placed on hold.*"

Zubulake, 220 F.R.D. at 218.

And:

> *"A party's failure to suspend its routine document destruction policies after it has notice of a potential claim has been held to be grossly negligent, if not willful." Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 259–60 (D. Md. 2008).*

In other words, "We asked our clients to preserve things" is not enough. Counsel and parties must take *system-level action*.

D. FRCP 26 and the Duty to Confer and Plan for ESI

Federal Rule of Civil Procedure 26(f) requires parties to "*confer as soon as practicable*" and discuss, among other things, "*issues about preserving discoverable information*." The Advisory Committee Notes emphasize that parties should consider ESI sources, preservation scope, and methods early in the case.

Courts routinely interpret this as requiring good-faith cooperation and communication about preservation—not silence or unilateral refusal. A party who simply declines to discuss preservation is not meeting its Rule 26 obligations.

E. FRCP 37(e) – Consequences for Failure to Preserve ESI

Rule 37(e) authorizes the Court to impose measures when:

1. ESI that should have been preserved in anticipation or conduct of litigation is lost;
2. Because a party failed to take reasonable steps; and
3. The information cannot be restored or replaced.

When loss is prejudicial, the Court may order curative measures; where there is intent to deprive, it may impose harsh sanctions (adverse inferences, dismissal, default). Although Plaintiff is not yet asking for sanctions, the risk of loss is imminent, and proactive intervention is appropriate to avoid prejudice and later Rule 37(e) litigation.

**III. ARGUMENT**

A. Defendants Are on Clear Notice of Their Preservation Obligations

There can be no serious dispute that Defendants' duty to preserve has attached:

- This case is pending in federal court under docket number 25-cv-451.
- Defendants have appeared through counsel.
- Plaintiff sent a formal, detailed litigation-hold notice identifying categories of evidence and custodians.
- Preservation has been expressly discussed in correspondence.

Having been put on notice, Defendants are obligated to implement a litigation hold and suspend routine deletion—not merely forward a request and hope for the best.

B. Defendants' Response—"We Asked Them to Preserve, But Will Not Suspend Deletion"— Is Legally Deficient

Defendants' counsel has:

1. Refused to suspend automated deletion systems;
2. Refused to confirm what systems and custodians exist;
3. Claimed no ongoing duty to communicate about preservation steps.

That approach is squarely at odds with *Zubulake*, *Victor Stanley*, and the structure of FRCP 26 and 37. Under these authorities:

- It is not enough to "ask" employees or departments to preserve evidence.
- Counsel must affirmatively identify systems, custodians, and locations of ESI.
- Routine deletion policies must be suspended to prevent loss.
- Counsel must supervise compliance.

Defendants' position, if accepted, would allow:

- Police CAD logs to roll off after a few weeks,
- CCTV and body-cam footage to be overwritten,
- Emails to auto-delete after a retention period,
- Text messages to disappear with phone upgrades or resets, all while litigation is pending.

That is precisely what the preservation duty is designed to prevent.

C. The Risk of Spoliation Is Concrete and Immediate

This is not a speculative concern. The categories of evidence at issue include:

- Police logs and dispatch records (often with short rolling windows);
- Body-cam or cruiser video (frequently 30–90 day retention unless flagged);
- School CCTV or building surveillance (commonly 14–30 day loops);
- Email systems (auto-archive or auto-delete rules);

- Text messaging and mobile-device data (subject to user deletion and device turnover).

If Defendants are not required to halt these routine processes, critical evidence about:

- What was said internally about Plaintiff;
- How the no-trespass decision was made;
- What instructions were given to the police;
- Whether any "disruption" actually occurred;
- Whether the articulated reasons are pretextual…

may be permanently erased before discovery even begins. That would cause irreparable prejudice to Plaintiff's ability to prove retaliatory motive and constitutional violations.

D. <u>The Relief Plaintiff Seeks Is Narrow and Proportional</u>

Plaintiff is not asking the Court to micro-manage every byte of data in the Town of Whitefield or SAU 36. Instead, he seeks modest and routine protections:

1. Suspension of deletion for relevant systems and custodians;
2. Identification of those custodians;
3. Confirmation of basic preservation steps;
4. A meet-and-confer under Rule 26(f) to ensure proportionality.

This is standard relief in civil-rights cases involving public entities. It imposes no undue burden relative to the stakes of losing evidence of constitutional wrongdoing, and it can be tailored further if Defendants articulate specific burden concerns.

E. <u>A Preservation Order Will Clarify Obligations and Avoid Future Sanctions Litigation</u>

A clear preservation order now will:

- Prevent loss of the most important evidence;
- Clarify Defendants' duties going forward;
- Reduce the risk of future Rule 37(e) motion practice;

- Protect both sides—Defendants included—from accusations of spoliation later.

In other words, the requested order is not only appropriate but efficient: it promotes fairness and judicial economy.

## IV. CONCLUSION

Defendants have been on notice of their duty to preserve evidence, but they have refused to suspend routine deletion or to engage in good-faith preservation planning. Federal law does not permit parties—especially public entities with complex ESI systems—to continue business-as-usual deletion once litigation is underway.

For the reasons set forth above, Plaintiff respectfully requests that the Court:

1. Order Defendants to immediately suspend any routine deletion, purge, or overwrite processes for ESI and records likely to contain discoverable information in this case;
2. Require Defendants to identify relevant custodians and systems within ten (10) days;
3. Require Defendants to file a short notice confirming the preservation measures they have implemented;
4. Direct the parties to confer under Rule 26(f) regarding a proportional preservation plan; and
5. Grant such other and further relief as the Court deems just and proper, including, if necessary, appropriate remedies under Rule 37(e) for any ESI already lost.

Respectfully Submitted,

/s/ Joseph J. Barton
Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRESERVATION OF EVIDENCE**

Plaintiff's Motion to Compel Preservation of Evidence having been filed and considered, and good cause appearing, **FINDS AND RULES** as follows:

1. Defendants are parties to active federal litigation and are under a legal duty to preserve potentially relevant evidence;
2. Plaintiff has identified categories of electronically stored information ("ESI") and physical records at risk of loss through routine deletion, purge, or overwrite processes;
3. Defendants' counsel has declined to suspend routine deletion practices or to confirm preservation measures;
4. The loss of such information would substantially prejudice Plaintiff and impair the truth-seeking function of this Court; and
5. A targeted, proportionate preservation order is necessary to prevent the destruction of potentially relevant evidence.

Accordingly, IT IS HEREBY ORDERED:

**1. Suspension of Routine Deletion**

Defendants **shall immediately suspend** any and all routine, automatic, or scheduled deletion, purge, overwrite, or retention-limit processes that may result in the destruction of potentially relevant ESI or documents, including but not limited to:

- Email retention or auto-purge systems;
- Text-message deletion settings on any device used for official business;
- Police dispatch (CAD) logs and communication systems;
- Police body-camera, cruiser video, and audio systems;
- School-district CCTV, building-security video, hallway video, and entry-camera systems;

- Any internal messaging platform (Google Workspace, Outlook, Teams, etc.);
- Server-side log-rotation systems;
- Any third-party system used for official or quasi-official communication.

**2. Identification of Custodians**

Within **ten (10) days**, Defendants shall provide Plaintiff with a written list identifying:

- All custodians reasonably likely to possess relevant information;
- All electronic systems, databases, servers, or devices containing potentially relevant ESI;
- Any third-party service providers (email hosts, cloud storage, etc.) used by such custodians.

**3. Confirmation of Preservation Measures**

Within **ten (10) days**, Defendants shall file a **Notice of Preservation Measures**, confirming:

- The distribution of a litigation-hold directive;
- The suspension of automated deletion systems;
- The specific steps taken to preserve ESI across the Town of Whitefield, Whitefield Police Department, and SAU 36.

**4. Requirement to Confer Under FRCP 26(f)**

The parties are ORDERED to meet and confer within **fourteen (14) days** to establish a proportional, good-faith preservation plan consistent with:

- Fed. R. Civ. P. 26(f);
- Fed. R. Civ. P. 37(e);
- The Advisory Committee Notes regarding ESI cooperation.

**5. Disclosure of Any Known Loss of ESI**

If Defendants know or later discover that any relevant ESI or documents were lost, overwritten, or deleted after the duty to preserve attached, they shall promptly disclose:

- The nature of the information lost;
- The date and method of deletion;
- The system(s) affected;
- Any steps taken to recover or restore the information.

**6. Reservation of Remedies Under Rule 37(e)**

The Court retains authority to impose appropriate remedial or punitive measures under **Fed. R. Civ. P. 37(e)** if evidence is lost because Defendants failed to take reasonable preservation steps.

SO ORDERED.

______________________________
**Landya B. McCafferty**
Chief United States District Judge
Dated: ___________________, 2025

**AFFIDAVIT OF JOSEPH J. BARTON IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRESERVATION OF EVIDENCE**

I, Joseph J. Barton, hereby declare and state under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action. I submit this affidavit in support of my Motion to Compel Preservation of Evidence.
2. On November 26, 2025 I issued a detailed litigation-hold letter addressed to Defendants Whitefield Police Department, Town of Whitefield officials, and their respective agents, departments, and custodians.
3. On November 28th, 2025 I issued a detailed litigation-hold letter addressed to Defendants SAU 36, Superintendent Marion Anastasia, and their respective agents, departments, and custodians.
4. On December 1st, I received my PACER activation token by mail, as well as the appearance for SAU36 and Marion Anastasia by their attorney.
5. My litigation-hold notice expressly identified categories of electronically stored information ("ESI") and physical documents that required preservation, including but not limited to:
    - Email communications;
    - Text messages;
    - Internal school-district communications;
    - Town and police-department communications;
    - Dispatch (CAD) logs, radio traffic, internal communications;
    - CCTV footage, entry cameras, and school security video;
    - Cruiser video, body-camera footage, and related law-enforcement recordings;

  - All communications concerning the October 24, 2025 no-trespass order.

6. In the same notice, I requested that Defendants suspend all routine or automated deletion processes, identify custodians, and confirm preservation steps consistent with the Federal Rules of Civil Procedure.

7. On December 4th, 2025, Attorney Christine Friedman, counsel for the Town of Whitefield, responded by stating that she had "requested" her clients preserve information but that she saw "no need" to suspend deletion practices. She further stated that she did not believe there was any ongoing duty to communicate regarding preservation.

8. On December 1st, 2025, Attorney Mordecai, counsel for SAU36 and Superintendent Marion Anastasia responded by stating that *"[He] join[s] in Attorney Friedman's (initial) concerns."*

9. At no time have Defendants confirmed:
   - Whether any deletion procedures have been suspended;
   - Whether any litigation-hold notices were issued to custodians;
   - Which custodians or systems contain relevant information;
   - What steps, if any, have been taken to safeguard evidence.

10. Based on my knowledge of municipal and school-district operations, I believe that multiple systems held by Defendants operate on short, automated retention cycles, including:
    - Police CAD and dispatch logs (often 7–30 days);
    - School-district CCTV and building security systems (commonly 14–30 days);
    - Body-camera video (frequently 30–90 days unless flagged);
    - Email archive or auto-purge functions;
    - Text-message retention on mobile devices.

11. I am concerned that, absent a Court-ordered suspension of these deletion processes, critical evidence will be irretrievably lost, including internal discussions, motive evidence, contemporaneous communications, police instructions, and the factual basis—if any—for issuing the October 24, 2025 no-trespass order.

12. I make this affidavit to establish the factual basis demonstrating why a preservation order is necessary and to confirm that I attempted to secure voluntary compliance before seeking relief from the Court.

13. I declare that the statements made herein are true and correct to the best of my knowledge, information, and belief.

Executed this 4th day of December, 2025.

/s/ Joseph J. Barton

Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov

## EXHIBITS

**Exhibit 1**: Email chain Regarding Litigation Hold for Town of Whitefield, Whitefield Police Department, and Chief Maxwell Hodgdon (Attached as Separate PDF)

**Exhibit 2**: Email chain Regarding Litigation Hold for SAU36, and Marion Anastasia. (Attached as Separate PDF)

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this Objection and Memorandum of Law was served on all Defendants pursuant to Fed. R. Civ. P. 5 on this 4th day of December 2025.

Respectfully Submitted,

/s/ Joseph J. Barton
Hon. Joseph J. Barton; Pro-Se
120 Cottage Street; Suite 1
Littleton, NH 03561
(603) 969-2706
Joseph.Barton@gc.nh.gov