**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **JOSEPH J. BARTON,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,<br><br>Defendants. | No. 1:25-cv-00451-LM-TSM |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION**

Plaintiff Joseph J. Barton respectfully submits this Notice of Supplemental Authority in support of his Objection to the Report and Recommendation (Doc. No. 8) and directs the Court's attention to Worthley v. School Committee of Gloucester, 652 F. Supp. 3d 204 (D. Mass. 2023).

## INTRODUCTION

Plaintiff is a New Hampshire State Representative and the father of a child with a disability who receives special education services under an Individualized Education Program (IEP). The Individuals with Disabilities Education Act, 20 U.S.C. § 1415(b)(1), requires schools to afford parents the opportunity to participate in IEP meetings. Defendants' no-trespass order—issued four days after Plaintiff filed an Attorney General complaint and without any stated reason—directly interferes with these federally-mandated rights.

Defendants' own conduct confirms this interference. On October 19, 2025, Plaintiff requested an IEP meeting. On October 24, 2025, Defendants issued the no-trespass order. The IEP meeting, previously scheduled to occur at Whitefield Elementary School, was relocated to White

Mountains Regional High School (SAU 36 Administrative Building) —approximately 6 (six) miles away. This relocation is an implicit admission that the no-trespass order interferes with Plaintiff's IDEA rights.

But the relocation does not cure the harm. Moving IEP meetings to a distant location does not address how Plaintiff is to respond if his daughter has a medical emergency at school. It does not address how Plaintiff is to pick up his daughter if she becomes ill. It does not address how Plaintiff is to attend parent-teacher conferences, school plays, concerts, or other events in which his daughter participates. It does not address how Plaintiff is to exercise normal parental involvement for a child with a disability. Defendants have provided no guidance on any of these issues. The harm is concrete, immediate, and irreparable.

Moreover, Defendants' own policies do not authorize the no-trespass order. District Policy KFA authorizes the Superintendent to issue no-trespass orders only against persons "whose conduct violates this policy." The order cites no violation of Policy KFA. It identifies no conduct, no incident, no policy violation. Superintendent Anastasia exceeded her authority under the District's own rules.

Worthley v. School Committee of Gloucester is a decision from the District of Massachusetts within this Circuit that is directly on point. The court granted a preliminary injunction against a no-trespass order issued by a school superintendent against a city councilmember and parent, finding the plaintiff had a likelihood of success on his First Amendment and Fourteenth Amendment claims under 42 U.S.C. § 1983. The facts here are stronger than Worthley.

## FACTUAL PARALLELS

The facts in Worthley closely parallel this case:

- In Worthley, the plaintiff was a city councilmember and parent. Here, Plaintiff is a state legislator and parent of a child with a disability.

- In Worthley, the school superintendent issued a no-trespass order barring the plaintiff from school property and school-sponsored events. Here, Superintendent Anastasia issued a no-trespass order barring Plaintiff from entering the school building and exiting his vehicle on school grounds.

- In Worthley, the order was issued without adequate procedural protections. Here, the order was issued without any notice, hearing, or appeal process.

- In Worthley, the stated justification was texting a minor student. Here, no justification whatsoever has been stated.

- In Worthley, there was no IDEA claim. Here, Plaintiff's daughter has a disability, receives services under an IEP, and Defendants have relocated her IEP meetings 6 (six) miles away because of the order.

## RELEVANT HOLDINGS

The Worthley court held:

1. Overbreadth: "Barring [plaintiff] from all school-sponsored events or activity at [the school] ... is overbroad given the articulated concern." 652 F. Supp. 3d at 213. Here, the order is even more overbroad because Defendants have articulated no concern.

2. Safety Claims Insufficient: "A school official's determination that an individual poses a threat to school safety is, without more, insufficient to justify such a broad ban." Id. at 214. Here, Defendants have not even claimed Plaintiff poses a safety threat.

3. Irreparable Harm: "[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Id. at 215 (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)). Here, Plaintiff also suffers the additional irreparable harm of interference with his IDEA rights and his ability to participate in his disabled daughter's education.

4. Speculative Harm: "[W]ithout more factual development that shows how [plaintiff] poses a safety risk to any students ... this harm remains illusory and does not outweigh [plaintiff's] demonstrated harm." Id. Here, Defendants have identified no risk whatsoever.

**APPLICATION TO THIS CASE**

Plaintiff's case presents facts that are stronger than Worthley:

• No Stated Reason: In Worthley, the superintendent at least stated a reason—communications with a minor student. Here, the no-trespass order states no reason. It identifies no conduct, no incident, no policy violation.

• Retaliation Timeline: In Worthley, there was no retaliation claim. Here, Plaintiff filed an Attorney General Request for Review on October 20, 2025. Defendants issued the no-trespass order four days later, on October 24, 2025.

• Exceeds Policy Authority: District Policy KFA authorizes no-trespass orders only for conduct violating that policy. The order cites no violation of Policy KFA. Superintendent Anastasia exceeded her authority.

• IDEA Violation: In Worthley, there was no IDEA claim. Here, Plaintiff's daughter has a disability and receives services under an IEP. Defendants relocated IEP meetings 6 (six) miles away because of the order—an implicit admission that the order interferes with Plaintiff's federal rights.

• Unanswered Questions: Defendants have not explained how Plaintiff is to respond to emergencies, pick up his sick daughter, attend parent-teacher conferences, attend school events, or exercise normal parental involvement. No policy addresses these issues. The

relocation of IEP meetings does not address them.

The Worthley court distinguished cases where broad bans were upheld, noting those involved actual threatening conduct: references to "American Sniper" and "target rich environment" (Davison v. Rose); masturbation in school parking lot (Mejia v. Holt Public Schools); threats to disrupt school functions (Wood v. Arnold). Plaintiff has engaged in no such conduct. Plaintiff's only "conduct" was exercising his First Amendment rights to petition the government about crosswalk safety at his daughter's school.

## CONCLUSION

Worthley demonstrates that within this Circuit, a no-trespass order against a parent and elected official, issued by a school superintendent without narrow tailoring, violates the First Amendment and warrants preliminary injunctive relief. The facts here are stronger than Worthley:

• Defendants stated no reason for the order.

• The order was issued four days after Plaintiff's AG complaint.

• The order exceeds the authority granted by District Policy KFA.

• The order interferes with Plaintiff's IDEA rights, as demonstrated by Defendants' relocation of IEP meetings.

• The relocation does not cure the harm—it does not address emergencies, illness, school events, parent-teacher conferences, or normal parental involvement for a disabled child.

Plaintiff respectfully requests that the Court consider this supplemental authority in ruling on Plaintiff's Objection to the Report and Recommendation and grant the requested injunctive relief.

Respectfully submitted,

Dated: December 8, 2025

/s/ Joseph J. Barton

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Notice of Supplemental Authority was served via the Court's CM/ECF system upon all counsel of record.

Dated: December 8, 2025

/s/ Joseph J. Barton

JOSEPH J. BARTON, Pro Se