**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **JOSEPH J. BARTON,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WHITEFIELD, NEW HAMPSHIRE; WHITE MOUNTAINS REGIONAL SCHOOL DISTRICT (SAU 36); CHIEF MAXWELL HODGDON,** in his individual and official capacities; **MARION ANASTASIA,** in her individual and official capacities,<br><br>Defendants. | No. 1:25-cv-00451-LM-TSM<br><br>FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Joseph J. Barton, proceeding pro se, brings this First Amended Complaint against Defendants and alleges as follows:

## NATURE OF ACTION

1. This is a civil rights action under 42 U.S.C. § 1983.

2. Plaintiff incorporates by reference Exhibits A-F filed with the original Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff Joseph J. Barton resides in Littleton, New Hampshire.

6. Plaintiff is a member of the New Hampshire House of Representatives, Grafton District 1.

7. Plaintiff is the parent of a minor child enrolled at Whitefield Elementary School.

8. Plaintiff's daughter has a disability.

9. Plaintiff's daughter receives special education services under an Individualized Education Program (IEP).

10. Defendant Town of Whitefield is a New Hampshire municipality.

11. Defendant White Mountains Regional School District (SAU 36) is a New Hampshire school district.

12. Defendant Maxwell Hodgdon is Chief of Police of the Whitefield Police Department.

13. Defendant Marion Anastasia is Superintendent of SAU 36.

## FACTUAL ALLEGATIONS

### The May 5, 2025 Information Request

14. On May 5, 2025, Whitefield Elementary School sent an email titled "REMINDERS | Parent pick-up and drop-off."

15. On May 5, 2025, at 1:49 PM, Plaintiff emailed Principal Sharal Plumley.

16. Plaintiff asked: "For what reasons is the main crosswalk blockaded?"

17. Plaintiff asked: "What law rule or regulation authorizes the blockage?"

18. Principal Plumley did not respond.

**The September 10, 2025 Email Exchange**

19. On September 10, 2025, at 7:46 AM, Plaintiff emailed Superintendent Anastasia.

20. Plaintiff's email stated: "the unlawful practice of blocking/impeding a designated crosswalk is ongoing."

21. Plaintiff's email requested: "these activities cease."

22. Plaintiff's email was sent from Joseph.Barton@gc.nh.gov.

23. On September 10, 2025, at 1:44 PM, Superintendent Anastasia replied.

24. Anastasia's reply stated: "I would like you to provide me with the specific RSA(s)."

25. Anastasia's reply stated: "can you please use your personal email in any further correspondence?"

26. Anastasia's reply stated: "I feel that you are using your work email inappropriately."

27. Anastasia's reply stated: "we are out of your Grafton 01 jurisdiction."

28. Anastasia did not answer Plaintiff's questions about the crosswalk blockade.

29. Anastasia's September 10, 2025 reply demonstrates she received and read Plaintiff's email.

30. Anastasia was aware of Plaintiff's concerns about the crosswalk as of September 10, 2025.

**The September 14, 2025 Legislative Service Request**

31. On September 14, 2025, Plaintiff filed Legislative Service Request 26-2717.

32. LSR 26-2717 is titled "AN ACT relative to prohibiting all obstructions to public crosswalks."

**The October 17, 2025 Police Complaint**

33. On October 17, 2025, Plaintiff filed a complaint with the Whitefield Police Department.

34. The complaint concerned the crosswalk obstruction at Whitefield Elementary School.

35. A Whitefield Police Officer contacted Plaintiff regarding the complaint.

36. The officer stated that if Plaintiff removed a cone, he could be arrested under RSA 644:2 (Disorderly Conduct).

**The October 17, 2025 DOT Inquiry**

37. On October 17, 2025, at 6:37 PM, Plaintiff emailed the New Hampshire Department of Transportation.

38. The email was addressed to Commissioner William J. Cass.

39. The email was copied to manastasia@sau36.org.

40. The email referenced LSR 26-2717.

41. Anastasia received this email.

**The October 20, 2025 Attorney General Request**

42. On October 20, 2025, Plaintiff executed a notarized Sworn Statement of Facts and

Request for Review.

43. The statement was addressed to the Chief of Police, Whitefield Police Department.

44. The statement was copied to the Attorney General of New Hampshire.

45. The statement requested review of "the authority under which crosswalks on school property are being obstructed."

46. The statement requested review of "the legal basis for civilians (school staff) directing public vehicular traffic."

47. The statement requested review of "any threats of arrest or enforcement action."

**The October 24, 2025 No-Trespass Order**

48. On October 24, 2025, Superintendent Anastasia signed a no-trespass order against Plaintiff.

49. October 24, 2025 is four days after October 20, 2025.

50. The no-trespass order is on a Whitefield Police Department form titled "NOTICE AGAINST TRESPASS."

51. The form identifies the "owner or authorized person" as Marion Anastasia.

52. The form identifies the property as Whitefield Elementary School.

53. The form cites RSA 635:2.

54. The form states trespass is a "CLASS A MISDEMEANOR."

**What the No-Trespass Order Does Not Contain**

55. The no-trespass order does not state a reason for issuance.

56. The no-trespass order does not identify any conduct by Plaintiff.

57. The no-trespass order does not identify any incident.

58. The no-trespass order does not identify any threat.

59. The no-trespass order does not identify any policy violation.

60. The no-trespass order does not cite any school district policy.

61. The no-trespass order does not provide notice of a hearing.

62. The no-trespass order does not provide an opportunity to respond.

63. The no-trespass order does not provide an appeal process.

**The Addendum**

64. An addendum on SAU 36 letterhead is attached to the no-trespass order.

65. The addendum states: "Mr. Barton shall, at no time, exit his vehicle while on school grounds."

66. The addendum states: "Mr. Barton shall, at no time, enter the Whitefield Elementary School building."

67. The addendum does not state a reason for these restrictions.

68. The addendum does not cite any policy.

69. The addendum does not cite any conduct.

**District Policy on No-Trespass Orders**

70. White Mountains Regional School District Policy KFA governs public conduct on school property.

71. Policy KFA Section D states: "The Board authorizes the Superintendent or his/her designee to issue 'no trespass' letters to any person whose conduct violates this policy."

72. Policy KFA Section C lists the conduct that violates the policy.

73. Policy KFA Section C prohibits: injuring, threatening, bullying, harassing, or intimidating any person.

74. Policy KFA Section C prohibits: engaging in discriminatory behavior.

75. Policy KFA Section C prohibits: impeding, delaying, disrupting, or interfering with any school function.

76. Policy KFA Section C prohibits: damaging property.

77. Policy KFA Section C prohibits: smoking or using tobacco products.

78. Policy KFA Section C prohibits: consuming, possessing, or being under the influence of alcohol or drugs.

79. Policy KFA Section C prohibits: using any device to injure, threaten, or coerce another person.

80. Policy KFA Section C prohibits: entering school property for unlawful purposes.

81. Policy KFA Section C prohibits: violating state or federal law.

82. Policy KFA Section C prohibits: refusing to comply with directives of authorized personnel.

83. The no-trespass order does not allege Plaintiff violated any provision of Policy KFA Section C.

84. Plaintiff has not injured, threatened, bullied, harassed, or intimidated any person.

85. Plaintiff has not engaged in discriminatory behavior.

86. Plaintiff has not impeded, delayed, disrupted, or interfered with any school function.

87. Plaintiff has not damaged any property.

88. Plaintiff has not used tobacco products on school property.

89. Plaintiff has not consumed, possessed, or been under the influence of alcohol or drugs on school property.

90. Plaintiff has not used any device to injure, threaten, or coerce any person.

91. Plaintiff has not violated any state or federal law.

92. Plaintiff has not refused to comply with any directive of authorized personnel.

93. Superintendent Anastasia issued the no-trespass order without identifying any violation of Policy KFA.

94. The no-trespass order was issued in excess of the authority granted by Policy KFA.

**District Policy on Board Ratification**

95. White Mountains Regional School District Policy CHD governs administration in the absence of policy.

96. Policy CHD states: "In situations which arise within the Schools where the Board has provided no guides for administrative action, the Superintendent shall have power to act but his/her decisions shall be subject to review and ratification by action of the Board at a regular meeting."

97. Policy CHD states: "It shall be the duty of the Superintendent to inform the Board promptly of such action."

98. No District policy provides specific procedures for issuing no-trespass orders against parents.

99. The School Board held a regular meeting on November 6, 2025.

100. Plaintiff addressed the School Board on November 6, 2025 regarding the no-trespass order.

101. The School Board took no vote to ratify the no-trespass order.

102. The School Board took no action to review the no-trespass order.

103. The no-trespass order has not been ratified by the School Board as required by Policy CHD.

**The October 24, 2025 Demand for Rescission**

104. On October 24, 2025, Plaintiff sent a written demand titled "Demand for Rescission or Written Justification of No-Trespass Order."

105. The demand was addressed to Superintendent Anastasia.

106. The demand was addressed to Chief Hodgdon.

107. The demand was copied to the SAU 36 School Board.

108. The demand requested rescission or written justification within ten business days.

109. The demand requested the statutory or policy authority for the order.

110. The demand requested the factual basis for the order.

111. The demand requested the process for appeal.

**Defendants' Response to the Demand**

112. Ten business days from October 24, 2025 is November 7, 2025.

113. As of November 10, 2025, Defendants had not rescinded the order.

114. As of November 10, 2025, Defendants had not provided written justification.

115. As of November 10, 2025, Defendants had not identified statutory or policy authority.

116. As of November 10, 2025, Defendants had not identified a factual basis.

117. As of November 10, 2025, Defendants had not identified an appeal process.

118. As of the date of this filing, Defendants have not provided any response to the demand.

**The November 6, 2025 School Board Meeting**

119. On November 6, 2025, Plaintiff addressed the SAU 36 School Board during public session.

120. Plaintiff raised the matter of the no-trespass order.

121. The School Board did not rescind the order.

122. The School Board did not direct any review of the order.

**The November 6, 2025 Winter Wednesday Email**

123. On November 6, 2025, Whitefield Elementary School sent an email regarding Winter Wednesday activities.

124. The email stated signups were to be made "in person at the elementary school."

125. The no-trespass order prohibits Plaintiff from entering the school building.

**Plaintiff's Prior Access**

126. From September 2022 through October 23, 2025, Plaintiff accessed Whitefield Elementary School as a parent.

127. From September 2022 through October 23, 2025, Plaintiff was not issued any warning by Defendants.

128. From September 2022 through October 23, 2025, Plaintiff was not issued any no-trespass order.

129. From September 2022 through October 23, 2025, Defendants did not claim Plaintiff posed a safety risk.

**IDEA Parental Participation Rights**

130. The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., governs special education services.

131. IDEA requires schools to provide a free appropriate public education to children with disabilities.

132. 20 U.S.C. § 1415(b)(1) requires schools to provide parents the opportunity to participate in meetings with respect to the identification, evaluation, and educational placement of the child.

133. 34 C.F.R. § 300.322 requires schools to ensure that parents are afforded the opportunity to participate in IEP meetings.

134. 34 C.F.R. § 300.501(b) provides that parents must be afforded an opportunity to participate in meetings with respect to the identification, evaluation, and educational placement of the child.

135. Plaintiff's daughter receives special education services under an IEP.

136. Prior to October 24, 2025, IEP meetings for Plaintiff's daughter were held at Whitefield Elementary School.

**IEP Meeting Relocation**

137. On October 19, 2025, Plaintiff requested an IEP meeting for his daughter.

138. On October 24, 2025, Defendants issued the no-trespass order.

139. On October 30, 2025, Defendants sent notice of an IEP meeting scheduled for November 13, 2025.

140. The November 13, 2025 IEP meeting was held at White Mountains Regional High School.

141. White Mountains Regional High School is located in Whitefield, New Hampshire.

142. White Mountains Regional High School is approximately 6 miles from Whitefield Elementary School.

143. The IEP meeting was relocated from Whitefield Elementary School to White Mountains Regional High School.

144. The IEP meeting was relocated because the no-trespass order bars Plaintiff from Whitefield Elementary School.

145. Defendants did not hold IEP meetings at White Mountains Regional High School prior to the no-trespass order.

146. The relocation of the IEP meeting imposed additional travel burden on Plaintiff.

147. The relocation of the IEP meeting would not have occurred but for the no-trespass order.

148. The relocation of the IEP meeting is an implicit admission that the no-trespass order

interferes with Plaintiff's IDEA rights.

**Unanswered Questions Regarding Parental Involvement**

149. Defendants have not stated how Plaintiff is to respond if his daughter has a medical emergency at school.

150. Defendants have not stated how Plaintiff is to pick up his daughter if she becomes ill at school.

151. Defendants have not stated how Plaintiff is to attend parent-teacher conferences.

152. Defendants have not stated how Plaintiff is to attend school plays, concerts, or performances in which his daughter participates.

153. Defendants have not stated how Plaintiff is to attend school events such as Winter Wednesday activities.

154. Defendants have not stated how Plaintiff is to participate in his daughter's education as contemplated by IDEA.

155. Defendants have not stated how Plaintiff is to exercise normal parental involvement at his daughter's school.

156. No District policy provides guidance for parental involvement when a parent has been issued a no-trespass order.

157. No District policy provides procedures for a parent of a disabled child to exercise IDEA rights when subject to a no-trespass order.

158. The relocation of IEP meetings does not address these concerns.

159. The relocation of IEP meetings does not address emergency situations.

160. The relocation of IEP meetings does not address normal parental involvement.

**The Filing of This Action**

161. On November 10, 2025, Plaintiff filed the original Complaint in this action.

162. On November 12, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.

163. On November 25, 2025, Attorney Christine Friedman entered an appearance for Town Defendants.

164. On November 25, 2025, Attorney Adam Mordecai entered an appearance for SAU 36 Defendants.

**Post-Filing Conduct**

165. On November 25, 2025, Plaintiff sent a litigation hold letter to Attorney Friedman.

166. On November 26, 2025, Attorney Friedman responded to the litigation hold.

167. On December 1, 2025, Attorney Mordecai responded to the litigation hold.

168. As of December 8, 2025, Defendants have not rescinded the no-trespass order.

169. As of December 8, 2025, Defendants have not provided any justification for the no-trespass order.

170. As of December 8, 2025, Defendants continue to enforce the no-trespass order.

**Ongoing Enforcement**

171. The no-trespass order states it "will remain in effect for one year."

172. Chief Hodgdon and the Whitefield Police Department enforce the no-trespass order.

173. Violation of the order is charged as a Class A Misdemeanor under RSA 635:2.

## CAUSES OF ACTION

### COUNT I
First Amendment Retaliation (42 U.S.C. § 1983)
(Against All Defendants)

174. Plaintiff incorporates all prior paragraphs.

175. The First Amendment prohibits government retaliation for protected speech.

176. On September 10, 2025, Plaintiff emailed Superintendent Anastasia regarding the crosswalk.

177. On September 10, 2025, Anastasia replied to Plaintiff's email.

178. Anastasia was aware of Plaintiff's complaints as of September 10, 2025.

179. On September 14, 2025, Plaintiff filed LSR 26-2717.

180. On October 17, 2025, Plaintiff filed a police complaint.

181. On October 17, 2025, Plaintiff sent the DOT inquiry, copying Anastasia.

182. Anastasia received the October 17, 2025 DOT inquiry.

183. On October 20, 2025, Plaintiff filed the Attorney General Request for Review.

184. On October 24, 2025, Anastasia signed the no-trespass order.

185. Four days elapsed between October 20, 2025 and October 24, 2025.

186. The no-trespass order does not state a reason.

187. The no-trespass order does not identify any conduct by Plaintiff.

188. The no-trespass order does not cite any violation of Policy KFA.

189. The no-trespass order bars Plaintiff from entering the school building.

190. The no-trespass order bars Plaintiff from exiting his vehicle on school grounds.

191. Defendants continue to enforce the no-trespass order.

192. This violated the First Amendment.

**COUNT II**

Procedural Due Process (42 U.S.C. § 1983)
(Against All Defendants)

193. Plaintiff incorporates all prior paragraphs.

194. The Fourteenth Amendment requires notice and an opportunity to be heard before deprivation of a liberty interest.

195. Plaintiff is the parent of a child enrolled at Whitefield Elementary School.

196. The no-trespass order bars Plaintiff from entering the school building.

197. The no-trespass order does not provide notice of any hearing.

198. The no-trespass order does not provide an opportunity to respond.

199. The no-trespass order does not provide an appeal process.

200. Defendants did not provide notice before issuing the order.

201. Defendants did not provide a hearing before issuing the order.

202. Defendants have not provided any process after issuing the order.

203. This violated the Fourteenth Amendment.

**COUNT III**

Post-Filing Retaliation (42 U.S.C. § 1983)
(Against All Defendants)

204. Plaintiff incorporates all prior paragraphs.

205. The First Amendment protects the right to access the courts.

206. On November 10, 2025, Plaintiff filed the original Complaint in this action.

207. On November 12, 2025, Plaintiff filed the Motion for Preliminary Injunction and Temporary Restraining Order.

208. On November 25, 2025, Defendants' counsel entered appearances.

209. As of November 25, 2025, Defendants were represented by counsel.

210. As of the date of this filing, Defendants have not rescinded the no-trespass order.

211. As of the date of this filing, Defendants have not provided any justification for the order.

212. As of the date of this filing, Defendants continue to enforce the order.

213. Defendants have had the no-trespass order in their possession since October 24, 2025.

214. Defendants have had the Demand for Rescission in their possession since October 24, 2025.

215. Defendants have had the Complaint in their possession since November 10, 2025.

216. Defendants have had counsel since November 25, 2025.

217. Defendants have not acted to rescind, justify, or modify the order.

218. This violated the First Amendment.

**COUNT IV**

Equal Protection — Class of One (42 U.S.C. § 1983)
(Against All Defendants)

219. Plaintiff incorporates all prior paragraphs.

220. The Fourteenth Amendment prohibits intentional differential treatment without

rational basis.

221. From September 2022 through October 23, 2025, Plaintiff accessed school property without restriction.

222. From September 2022 through October 23, 2025, Defendants issued no warning to Plaintiff.

223. From September 2022 through October 23, 2025, Defendants did not claim Plaintiff posed a safety risk.

224. On September 14, 2025, Plaintiff filed LSR 26-2717.

225. On October 20, 2025, Plaintiff filed the Attorney General Request for Review.

226. On October 24, 2025, Defendants issued the no-trespass order.

227. The no-trespass order does not identify any change in Plaintiff's conduct.

228. The no-trespass order does not identify any incident.

229. Defendants have not identified any conduct justifying the order.

230. This violated the Fourteenth Amendment.

## COUNT V

Municipal Liability — Monell (42 U.S.C. § 1983)
(Against Town of Whitefield and SAU 36)

231. Plaintiff incorporates all prior paragraphs.

232. A municipality is liable under Section 1983 when a final policymaker's decision causes a constitutional violation.

233. Superintendent Anastasia signed the no-trespass order.

234. Superintendent Anastasia is the chief administrative officer of SAU 36.

235. Chief Hodgdon enforces the no-trespass order.

236. Chief Hodgdon is the chief law enforcement officer of the Town of Whitefield.

237. On November 6, 2025, Plaintiff addressed the School Board regarding the order.

238. The School Board did not rescind the order.

239. The School Board did not direct review of the order.

240. Policy CHD requires the Board to ratify Superintendent decisions made in the absence of policy.

241. The School Board did not ratify the no-trespass order as required by Policy CHD.

242. The School Board's inaction constitutes ratification of the no-trespass order.

243. Policy KFA authorizes no-trespass orders only for conduct violating that policy.

244. The no-trespass order does not cite any violation of Policy KFA.

245. No written policy provides notice before issuance of no-trespass orders against parents.

246. No written policy provides a hearing before issuance of no-trespass orders against parents.

247. No written policy provides an appeal process for no-trespass orders against parents.

248. The constitutional violations were caused by final policymakers acting in their official capacities.

**COUNT VI**
Violation of IDEA Parental Participation Rights
(Against SAU 36)

249. Plaintiff incorporates all prior paragraphs.

250. The Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., requires schools to ensure parental participation in the IEP process.

251. 20 U.S.C. § 1415(b)(1) requires that parents be afforded the opportunity to participate in meetings regarding their child's identification, evaluation, and educational placement.

252. 34 C.F.R. § 300.322 requires schools to take steps to ensure that parents are afforded the opportunity to participate in IEP meetings.

253. 34 C.F.R. § 300.501(b) requires that parents be afforded an opportunity to participate in meetings with respect to the identification, evaluation, and educational placement of the child.

254. Plaintiff's daughter is a child with a disability who receives special education services under an IEP.

255. Prior to October 24, 2025, IEP meetings for Plaintiff's daughter were held at Whitefield Elementary School.

256. Plaintiff requested an IEP meeting on October 19, 2025.

257. Defendants issued the no-trespass order on October 24, 2025.

258. Defendants relocated the IEP meeting to White Mountains Regional High School, approximately 6 miles away.

259. The relocation was caused by the no-trespass order.

260. The relocation is an implicit admission that the no-trespass order interferes with Plaintiff's IDEA rights.

261. The relocation does not cure the IDEA violation because it imposes additional burden on Plaintiff.

262. The relocation does not address Plaintiff's ability to respond to emergencies at his daughter's school.

263. The relocation does not address Plaintiff's ability to pick up his daughter if she becomes ill.

264. The relocation does not address Plaintiff's ability to attend parent-teacher conferences.

265. The relocation does not address Plaintiff's ability to attend school events in which his daughter participates.

266. The relocation does not address Plaintiff's ability to exercise normal parental involvement.

267. IDEA contemplates meaningful parental participation at the child's school.

268. Defendants have violated IDEA's parental participation requirements.

**COUNT VII**
Declaratory and Injunctive Relief (28 U.S.C. § 2201)
(Against All Defendants)

269. Plaintiff incorporates all prior paragraphs.

270. An actual controversy exists between the parties.

271. The no-trespass order remains in effect.

272. The no-trespass order bars Plaintiff from entering the school building.

273. The no-trespass order bars Plaintiff from attending events requiring in-person signup.

274. Defendants continue to enforce the order.

275. Violation of the order subjects Plaintiff to arrest for a Class A Misdemeanor.

## PRAYER FOR RELIEF

Plaintiff requests:

A. Judgment in Plaintiff's favor on all counts;

B. A declaration that the no-trespass order violates the First Amendment;

C. A declaration that the no-trespass order violates the Fourteenth Amendment;

D. A declaration that Defendants violated IDEA's parental participation requirements;

E. A declaration that the no-trespass order exceeds the authority granted by District Policy KFA;

F. A declaration that the no-trespass order was not ratified as required by District Policy CHD;

G. An order requiring Defendants to rescind the no-trespass order;

H. An order prohibiting Defendants from enforcing the no-trespass order;

I. Compensatory damages;

J. Nominal damages;

K. Punitive damages against individual Defendants;

L. Attorney's fees and costs under 42 U.S.C. § 1988;

M. Such other relief as this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: December 8, 2025

/s/ Joseph J. Barton

___________________________________

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**VERIFICATION**

I, Joseph J. Barton, declare under penalty of perjury that the factual allegations in this First Amended Complaint are true and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2025

/s/ Joseph J. Barton
___________________________________
JOSEPH J. BARTON

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Plaintiff's First Amended Complaint was served via the Court's CM/ECF system upon all counsel of record.

Dated: December 8, 2025

/s/ Joseph J. Barton
___________________________________
JOSEPH J. BARTON, Pro Se