UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| JOSEPH J. BARTON<br>Plaintiff | * | |
| | * | C.A. # 1:25-CV-00451-LM-TSM |
| v. | * | |
| TOWN OF WHITEFIELD, NH et al.<br>Defendants | * | |

**Defendant's Memorandum of Law in Support of Objection to Plaintiff's Motion to Compel Preservation**

Now come the Defendants, the Town of Whitefield, the Whitefield Police Department, and Chief of Police Maxwell Hodgdon (collectively the "Town defendants") by and through their attorneys, Friedman Feeney Getman, PLLC, and respectfully submit this memorandum of law in support of Plaintiff's "Motion to Compel Preservation," *Doc 9*:

This Federal civil rights complaint revolves around Plaintiff's objection to what he perceives as the Whitefield Elementary School unlawfully impeding a designated crosswalk. *See e.g. Plaintiff's Amended Complaint* ¶ 20*, Doc 11.* The School issued a no-trespass order against Plaintiff on October 24, 2025. *Plaintiff's Amended Complaint* ¶ 48*, Doc 11.* With respect to the Town defendants, the Plaintiff asserts that on October 17, 2025 he filed a complaint about the Elementary School with the Whitefield Police Department. *Plaintiff's Amended Complaint* ¶ 33*, Doc 11.* In response to his complaint,

an officer from the PD spoke with Plaintiff and explained that if he removed a traffic cone from the crosswalk he could potentially be arrested for disorderly conduct. *Plaintiff's Amended Complaint* ¶ 36*, Doc 11.* On October 24, the same date that Plaintiff received the no trespass notice, he mailed a demand for recission of the order to the Superintendent of the school district and Chief of Police Maxwell Hodgdon. *Plaintiff's Amended Complaint* ¶ ¶ 104-106*, Doc 11.* Plaintiff does not allege any other contact with the police department or Town officials.

On November 25, 2025 Plaintiff sent a preservation letter, to which defense counsel replied that "to the extent that [the Town defendants] possess any information covered by your request, it will be preserved" but because the information would be preserved that the Town "did not see the need for a suspension of routine deletion practices." *Exhibit A, attached.* In response, Plaintiff asserted that anticipation of litigation creates a "mandatory duty" to "suspend all routine deletion or automated purge processes" and requested that the Town immediately implement the hold. *Exh A; Plaintiff's Motion to Compel*, *Doc 9.*

The Plaintiff is incorrect as a matter of law. There isa narrow temporal window with respect to the operative facts and any relevant ESI in this matter would be limited to material created during this timeframe. The "duty to preserve is not meant to impose an unreasonable or disproportional burden in that a party need not preserve every paper, electronic document, backup tape or cloud-storage repository that conceivably might later be deemed to be relevant." *Boudreau v. Petit* 2025 U.S. Dist. LEXIS 29274 at *3 (D. R.I. 2025). As the *Boudreau* court noted, "open-ended suspension of the operation of retention policies is rarely required." *Id, citing Zubulake v. UBS Warburg*

*LLC* 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (entities would be crippled if law imposes duty to "preserve every shred of paper, every e-mail or electronic document, and every backup tape" upon receipt of notice of litigation or threat of litigation). "In that regard, the committee notes to *Fed R. Civ. P. 37 (e)* are clear: aggressive preservation efforts can be extremely costly, and parties (including governmental parties) may have limited staff and resources to devote to those efforts. The failure to implement an over-inclusive and disproportionate suspension of retention policies resulting in the loss of a small amount of information that is relevant only in hindsight is not actionable spoliation." *Boudreau* at *4-5 (internal quotations omitted), citing *Bistrian v. Levi* 448 F. Supp. 3d. 454, 474-75 (E.D. Pa. 2020).

The Town has agreed to preserve all information in its possession covered by the Plaintiff's preservation request letter (and the Town is in the process of responding to three separate 91A requests from Plaintiff); that is sufficient to satisfy the Town's discovery obligations and the Plaintiff's demand for an immediate cessation of *all* Town deletion processes is over-inclusive and disproportionate to the needs of the case. The Plaintiff's motion should therefore be denied.

Respectfully Submitted,
TOWN OF WHITEFIELD
WHITEFIELD POLICE DEPARTMENT
CHIEF MAXWELL HOGDGON

By and through his attorneys
Friedman Feeney Getman, PLLC

/s/ David Betancourt, NH Bar No. 15299
David Betancourt
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5
Concord, NH 03301
dbetancourt@friedmanfeeney.com

603-688-9994

**CERTIFICATE OF SERVICE**

A copy of this pleading was served via the CM/ECF portal to all parties of record and emailed on this day to all parties of record.

/s/ David Betancourt