# EXHIBIT A

**David Betancourt**

| | |
|---|---|
| **From:** | Christine Friedman |
| **Sent:** | Thursday, December 4, 2025 9:26 AM |
| **To:** | 'Joseph Barton' |
| **Subject:** | RE: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM |

We'll have to agree to disagree on this. I have requested that my clients preserve any information that it has which you have requested.

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Wednesday, November 26, 2025 5:07 PM
**To:** Christine Friedman <chris@friedmanfeeney.com>
**Subject:** Re: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

Ms. Friedman,

Regarding your recent response to Sections IV and V of the litigation-hold notice. I must respectfully disagree.

Once litigation is reasonably anticipated, the Town of Whitefield and its departments have a **mandatory duty to preserve relevant evidence** and to **suspend all routine deletion or automated purge processes**. Courts consistently enforce this duty.

- Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003)
- Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251 (D. Md. 2008)
- Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001)
- Borum v. Brentwood Vill., LLC, 332 F.R.D. 245 (E.D. Tenn. 2019)
- Smith v. City of New Orleans, 2020 WL 5570296 (E.D. La. 2020)

Additionally, the duty to preserve includes **communication and oversight**: confirming that deletion has been suspended, identifying custodians, and ensuring preservation steps are implemented. See, e.g., Elgamil v. Syracuse Univ., 48 F.4th 416 (2d Cir. 2022), Johnson v. Gordon, 391 F. Supp. 3d 349 (S.D.N.Y. 2019), and Yu v. Est. of LaChance, 2019 WL 7420857 (D. Colo. 2019).

To comply, please provide written confirmation that the Town, the Whitefield Police Department and relevant custodians have:

1. Suspended all routine deletion and purge processes for emails, messages, logs, and recordings;
2. Identified custodians and data repositories;
3. Issued litigation-hold notices;
4. Reported any data lost prior to the hold or otherwise irretrievable.

Please provide confirmation by December 5th, 2025. I remain available to meet and confer on a reasonable, proportionate preservation plan.

Happy Thanksgiving

Sincerely,
Joseph J. Barton
Plaintiff, Pro Se

---

**From:** Christine Friedman <chris@friedmanfeeney.com>
**Sent:** Wednesday, November 26, 2025 7:58 AM
**To:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** RE: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

Caution! This message was sent from outside your organization.

Mr. Barton

I have received and will discuss with my clients. To the extent that they possess any information covered by your request, it will be preserved.

With regard to Section IV, because the information sought will be preserved, I do not see the need for a suspension of routine deletion practices. If you disagree, please explain. If you think there is some legal precedent for this particular request, please provide it to me for review.

Similarly, with regard to Section V, I do not believe there is a duty to communicate with you on this issue beyond acknowledging receipt. If you have some authority to support your request, please likewise provide that to me.

______________________________
**Chris Friedman, Esq.**
FRIEDMAN
FEENEY
GETMAN
PLLC

***CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure.***

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Tuesday, November 25, 2025 5:25 PM
**To:** Christine Friedman <chris@friedmanfeeney.com>
**Subject:** Re: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

Christine,

Please find the attached litigation hold for your clients:

- Town of Whitefield
- Whitefield, NH Police Department
- Maxwell Hodgdon

Dated this November 25, 2025. Thank you for your prompt attention and compliance in this matter.

Very Respectfully Acknowledged,

-Hon. Joseph J Barton