UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOSEPH J. BARTON<br>Plaintiff | |
| | C.A. # 1:25-CV-00451-LM-TSM |
| v. | |
| TOWN OF WHITEFIELD, NH et al.<br>Defendants | |

## **Defendant's Memorandum of Law in support of Motion to Dismiss Plaintiff's Complaint**

Now Come defendants the Town of Whitefield, the Whitefield Police Department, and Chief of Police Maxwell Hodgdon (collectively the "Town defendants") by and through their attorneys, Friedman Feeney Getman, PLLC, and pursuant to Fed. Rule Civ. Pro. 12 (b) (6) respectfully submit this memorandum of law in support of the attached motion to dismiss:

*Standard of Review*

In deciding a motion to dismiss under Fed. Rule Civ. Pro. 12 (b) (6), the Court evaluates the pleading to determine if there are sufficient allegations as to render the claim for relief plausible. *Manning v. Boston Med. Ctr. Corp.* 725 F.3d 34, 43 (1st. Cir. 2013). The Court should disregard "conclusory allegations that merely parrot the relevant legal standard" but accept the "remaining factual allegations as true and decide if, drawing all reasonable inferences in the Plaintiff's favor, they are sufficient to show an

entitlement to relief." *Id.* The allegations must be sufficient to render the claim plausible; "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between [mere] possibility and plausibility of entitlement to relief." *Id,* citing *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). The relevant test is whether the complaint "warrants dismissal because it failed in toto to render plaintiff's entitlement to relief plausible." *Id,* citing *Rodriguez-Reyes v. Molina-Rodriguez* 711 F.3d 49, 55 (1st. Cir. 2013).

*Factual Allegations of the Complaint*

The complaint in this case included a number of attachments. When evaluating a motion to dismiss"[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." *R.G. Fin. Corp v. Vergara-Nunez*, 446 F.3d 178, 182 (1st. Cir. 2006). The court may also consider "documents the authenticity of which are not disputed by the parties," official public records, documents central to the plaintiff's claim, and documents sufficiently referenced in the complaint. *Watterson v. Page,* 987 F.2d 1, 3-4 (1st. Cir. 1993). The facts asserted in the amended complaint are as follows:

1. Plaintiff is a parent of a minor child enrolled at Whitefield Elementary School. *Plaintiff's Amended Complaint* ¶ 7.
2. Defendant Maxwell Hodgdon is Chief of Police of the Whitefield Police Department. *Plaintiff's Amended Complaint* ¶ 12.

3. The Town of Whitefield is a New Hampshire municipality. *Plaintiff's Amended Complaint* ¶ 10.
4. On October 17, 2025 Plaintiff filed a complaint with the Whitefield Police Department. *Plaintiff's Amended Complaint* ¶ 33.
5. The complaint centered on Plaintiff's assertion that there was a crosswalk obstructed at the Whitefield Elementary School. *Plaintiff's Amended Complaint* ¶ 34.
6. A Whitefield Police Department officer spoke with Plaintiff and told him that if he removed a traffic cone from the elementary school crosswalk, he could be charged with disorderly conduct under RSA 644:2. *Plaintiff's Amended Complaint* ¶ ¶ 35, 36.
7. On October 24, 2025 Superintendent of SAU 36 Marion Anastasia signed a no trespass order prohibiting Plaintiff from entering the Whitefield Elementary School. *Doc 8.5, No Trespass Order.*
8. Plaintiff sent a written demand for recission or justification of the no-trespass order to multiple individuals, including Chief Hodgdon. *Plaintiff's Amended Complaint* ¶ ¶ 104-107.

## ARGUMENT

### Count I – First Amendment Retaliation

In Count I, Plaintiff alleges a claim of unlawful retaliation by the defendants in violation of the First Amendment. To establish a retaliation claim, Plaintiff must show that "(1) he or she engaged in constitutionally protected conduct, (2) he or she was

subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action." *D.B. ex rel. Elizabeth B. v. Esposito* 675 F.3d 26, 43 (1st. Cir. 2012). The complaint asserts that Superintendent Anastasia signed a no-trespass order on October 24, 2025 after Plaintiff had introduced a bill in the legislature relating to crosswalks, filed a police complaint, sent a request to the DOT, and filed a request for review with the Attorney-General's office. *Plaintiff's Amended Complaint* ¶ 179-184. In viewing the complaint in the light most favorable to the Plaintiff, there is an allegation that an officer in the Whitefield Police Department explained to Plaintiff that he could be arrested for disorderly conduct if he removed the traffic cone that he believed was obstructing the crosswalk at issue. *Plaintiff's Amended Complaint* ¶ ¶ 35, 36. '"[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights."' *Baker v. McCollan* 443 U.S. 137, 142 (1979). There is no actual deprivation of a right by any individual in the police department; at most Plaintiff was warned that he would be arrested if he committed a crime, and there is no evidence plead of the Town defendants inflcting any actual concrete constitutional harm. The Plaintiff did not plead any theory of *respondeat superior* and on the facts alleged would have no basis to do so. "[T]he doctrine of respondeat superior does not apply to claims under section 1983." *Gaureault v. Mun. of Salem* 923 F. 2d 203, 209 (1st. Cir. 1990

**Count II – Procedural Due Process**

In Count II, Plaintiff alleges a violation of procedural due process relating to the no-trespass order. As the Town defendants did not issue the no trespass order, there is

no basis to support this cause of action with respect to these defendants. Plaintiff appears to believe he is entitled to a hearing and appeal prior to issuance of a no trespass notice. *Plaintiff's Amended Complaint* ¶ ¶ 197-203. However, the Plaintiff cites no authority for that proposition and the caselaw actually indicates the opposite; there is no constitutionally protected procedural due process rights violated by issuing the trespass notice. *Pitta v. Medeiros,* 90 F.4th 11, 21 (1st. Cir. 2024); *Lovern v. Edwards* 190 F.3d 648, 655 (4th. Cir. 1999) ("School officials have the authority to control students and school personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property."); *Ware v. Cranston Public Schools* 2025 U.S. DIST LEXIS 103504 (D. R.I. 2025) at *18 (holding no procedural due process rights affected by school's issuance of a no-trespass order and collecting cases on point); *Richie v. Coldwater Cnty Sch.* 2012 U.S. Dist. LEXIS 95566 (W.D. Mich 2012) ("[i]n the context of due process claims . . . every court that has considered the issue has concluded that citizens, including parents, do not have a liberty or property interest in accessing school property"). This Count must therefore be dismissed with respect to the Town defendants.

**Count III – First Amendment**

In Count III, Plaintiff asserts his First Amendment rights have been violated because the no-trespass order has not been rescinded. The Plaintiff does not plead with any specificity a theory of liability as to how the Town defendants are responsible for Superintendent Anastasia's decision not to rescind the no trespass order.

Furthermore, the no trespass order at issue did not violate any First Amendment rights. A school is "generally considered a non-public forum, as it is a place in which the government does no more than reserve eligibility for access to the forum to a particular class of speakers, whose members must then, as individuals, obtain permission to use it…Thus, a parent does not have a general and unlimited First Amendment right of access to school property…. Accordingly, courts routinely find no First Amendment violation where individuals have been banned from school property." *Ware v. Cranston Public Schools* 2025 U.S. DIST LEXIS 103504 (D. R.I. 2025) at *22 (internal citations omitted); *Lovern v. Edwards* 190 F.3d 648, 656 (4th. Cir. 1999) (no First Amendment issue implicated by no-trespass notice because parent is free to speak outside of school grounds). This Count should therefore be dismissed as well.

**Count IV - Equal Protection**

In Count IV, Plaintiff alleges a violation of Equal Protection because he accessed school grounds without restriction prior to the issuance of the no-trespass order. To establish a violation of the Equal Protection clause, a Plaintiff is required to show both that he was treated differently than other similarly situated individuals and that such difference was based on an impermissible consideration, such as race. *Macone v. Town of Wakefield* 277 F.3d 1, 10 (1st. Cir. 2002). The pleadings must establish a basis to support a finding of actual disparate treatment as a "threshold requirement." *Estate of Bennett v. Wainwright* 548 F.3d 155, 166 (1st. Cir. 2008). Plaintiff's complaint fails to identify any similarly situated individuals or articulate how those individuals received preferential treatment by the Town defendants. Therefore

there is no basis to support an Equal Protection claim against the Town defendants and this Count should be dismissed.

**Count V – Monell Claims**

In Count V, Plaintiff alleges *Monell* liability against the Town of Whitefield. To establish a *Monell* claim, the Plaintiff must show that the municipality proximately caused the injury to Plaintiff through the promulgation of a municipal policy or custom; the burden is on the Plaintiff to demonstrate that "the municipal action was taken with the requisite degree of culpability and must demonstrate a casual link between the municipal action and the deprivation of Federal rights." *Bd. Of City Comm'rs v. Brown,* 520 U.S. 397, 404 (1997). *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). As referenced in the objection to Counts I-IV, the Plaintiff cannot establish a violation of his Federal constitutional rights by the Town defendants. Nor does Plaintiff plead with any specificity facts which show how the Town's promulgation of what he describes in his complaint as "Policy KFA" – which appears to be a reference to a School Board policy, rather than a Town one – has proximately caused injury to him. According to Plaintiff, Policy KFA is constitutionally defective because it does not mandate a due process hearing and appeal process prior to issuance of a no trespass order. *Plaintiff's Amended Complaint* ¶ 245-247. As specified in the objection to Count II, there is no constitutional requirement that the Town provide such process, so the Policy does not injure any Federal rights of the Plaintiff.

**Count VII – Request for Declaratory and Injunctive Relief**

Count VII is a request for declaratory and injunctive relief. If the causes of action against the Town are dismissed, there is no basis for such remedies and this count should therefore be dismissed as well.

WHEREFORE, defendant requests that this Honorable Court:

A. Grant this Motion and dismiss the complaint with respect to the Town defendants; and

B. Grant all such other relief as this Court deems just and equitable.

Respectfully Submitted,
TOWN OF WHITEFIELD
WHITEFIELD POLICE DEPARTMENT
CHIEF MAXWELL HODGDON

By and through his attorneys
Friedman Feeney Getman, PLLC

/s/ David Betancourt, NH Bar No. 15299
David Betancourt
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5
Concord, NH 03301
dbetancourt@friedmanfeeney.com
603-688-9994

**CERTIFICATE OF SERVICE**

A copy of this pleading was served via the CM/ECF portal to all parties of record and emailed on this day to all parties of record.

/s/ David Betancourt