**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**JOSEPH J. BARTON,**

Plaintiff,

v.

**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,

Defendants.

No. 1:25-cv-00451-LM-TSM

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRESERVATION OF EVIDENCE

Plaintiff Joseph J. Barton respectfully submits this Reply in Support of his Motion to Compel Preservation of Evidence.

# TABLE OF EXHIBITS

*(Filed in Support of Plaintiff's Supplemental Brief in Support of Preliminary Injunction)*

| Exhibit | Description | Bates Range | Date | Notes |
|---|---|---|---|---|
| **Exhibit T** | SAU 36 Response to RSA 91-A Request | **T0001–T0121** | various | Consolidated partial production including internal emails, no-trespass documents, staff statements, and comms with state agencies |
| — | Email: Chief Maxwell Hodgdon | **T0094–T0098** | Nov. 5, 2025 | Post-hoc response to Plaintiff's DOT inquiry |
| — | Internal Email Thread (Cronin, Lemoine, **Officer Laska**) | **T0029–T0035** | Oct. 23, 2025 | Includes reference to unproduced "*I provided my own*" statement |
| — | Email: Officer Laska to Marion Anastasia | **T0036–T0042** | Oct. 23, 2025 | Coordination regarding issuance and service |
| — | Email: Officer Laska | **T0059–T0060** | Oct. 17, 2025 | Internal communication |
| — | Email: Officer Laska referencing "statements" | **T0085–T0088** | Oct. 23, 2025 | References unproduced statement |
| **Exhibit U** | Plaintiff's RSA 91-A Requests | **U0001-U0004** | Dec. 5, 2025 | Requests to Town of Whitefield, & Whitefield Police Department. |
| **Exhibit V** | Whitefield PD's Response to Plaintiff's RSA 91-A Requests | **V0001-V0007** | Dec. 15, 2025 | Response of 91A conveyed through Defense Counsel for Whitefield PD et-al |

## INTRODUCTION

Defendants do not dispute that litigation is pending, that electronically stored information ("ESI") relevant to this case exists, or that automated deletion systems operate within their control. Instead, Defendants argue that merely "requesting" preservation—while refusing to suspend routine deletion practices, declining to identify custodians or systems, and declining to confirm preservation steps—is sufficient.

That position is inconsistent with the Federal Rules of Civil Procedure and with the authorities Defendants themselves cite. Plaintiff does not seek an open-ended or global preservation freeze. He seeks narrowly tailored relief designed to prevent the loss of known relevant evidence while this litigation proceeds.

Plaintiff's concerns are not speculative. Defendants' own correspondence already in the record acknowledges the existence of internal communications that were not produced in response to Plaintiff's Right-to-Know request, underscoring the risk that relevant evidence may be lost absent court-ordered preservation. Plaintiff's Right-to-Know request and Defendants' written response are attached for context to illustrate the scope of records sought and the nature of Defendants' production; Plaintiff does not ask the Court to adjudicate compliance with RSA 91-A in this motion.

## LEGAL STANDARD

Federal courts possess inherent authority to issue preservation orders to prevent the loss of relevant evidence once litigation is reasonably anticipated. Such orders are not automatic, but they are appropriate where a party refuses to suspend automated deletion processes or to meaningfully engage in preservation planning, and where there is a credible risk that relevant evidence may be lost.

Courts need not find spoliation or bad faith to act. A showing of **risk of loss** is sufficient to justify narrowly tailored preservation relief.

## ARGUMENT

### I. Defendants Misstate the Law Governing Preservation Obligations

Defendants correctly observe that courts do not require parties to "*freeze everything forever.*" Plaintiff does not seek that relief. Plaintiff seeks a **targeted suspension of routine deletion** for systems and custodians Defendants know exist and know are relevant to the claims and defenses in this case.

Even the authorities Defendants rely upon recognize that, once litigation is pending or reasonably anticipated, parties must suspend routine document retention or destruction policies **for relevant evidence sources**. Defendants' position that they may continue automated deletion while merely requesting preservation and declining to confirm what actions were taken would permit relevant ESI to be destroyed during active litigation. That is precisely what preservation obligations are designed to prevent.

## II. Defendants Misapply *Boudreau v. Petit*

Defendants rely on *Boudreau v. Petit*, 2025 U.S. Dist. LEXIS 29274 (D. R.I. 2025), for the proposition that "open-ended suspension" is rarely required. That is correct but irrelevant. *Boudreau* involved a plaintiff seeking preservation of marginally relevant data across an entire organization without identifying specific systems or custodians. The court held that such sweeping demands were disproportionate. *Id.* at *3-4.

Here, Plaintiff has done precisely what *Boudreau* requires: identified **specific systems** (CAD logs, body-cameras, CCTV, email), a **narrow temporal window** (October 17-24, 2025), and **identified custodians** (Chief Hodgdon, Officer Laska, Superintendent Anastasia, school staff). Defendants' reliance on *Boudreau* to avoid *any* suspension is therefore misplaced. The case stands for **proportionality**, not for permission to continue routine deletion during active litigation. Indeed, *Boudreau* itself recognized that parties must preserve "relevant" information—precisely what Plaintiff requests here.

## III. Defendants' Position Is Internally Contradictory

Defendants simultaneously assert:

1. The relevant timeframe is narrow (October 17-24, 2025), suggesting minimal relevant data; and
2. Suspending deletion would impose unreasonable burden.

These positions cannot both be true. If the temporal window is as narrow as Defendants claim, then preserving communications, logs, and video from that **seven-day period** imposes trivial burden. Modern email systems allow targeted preservation by date range and custodian with

minimal administrative effort.

Defendants' resistance despite acknowledging the narrow scope suggests either:

- The timeframe is not actually narrow and extensive relevant communications exist, or
- Relevant evidence may already be unavailable, underscoring the need for immediate preservation.

Either scenario warrants Court intervention.

IV. The Missing Laska Statement Demonstrates a Concrete Risk That Evidence is Not Being Preserved

Plaintiff's concerns are not speculative. Defendants' own production establishes that relevant evidence already cannot be located.

On October 23, 2025, Officer Michael Laska wrote: ***"I saw the statements and provided my own."*** (Ex. T at T0030.) This statement was created during the critical timeframe, by an identified custodian, concerning the central factual dispute in this case: whether any legitimate safety basis existed for the no-trespass order.

Officer Laska's statement was **not produced** in response to Plaintiff's Right-to-Know request. (Ex. V.) Defendants cite no exemption and offer no explanation for its absence.

Similarly, multiple internal emails reference "attached documentation" that was never produced. (Ex. T at T0013, T0016, T0022-T0023, T0030, T0054-T0055, T0060-T0061.)

These are not marginally relevant documents—they are **central to the constitutional claims** in this case. Their absence, despite being referenced in communications Defendants *did* produce,

demonstrates that Defendants' assertion that they have "requested preservation" is insufficient to prevent loss.

If Defendants cannot locate documents from October 2025 when responding to a December 2025 records request, how can the Court have confidence that evidence is being preserved for trial that may occur months or years from now?

V. Responding to Right-to-Know Requests Does Not Satisfy Preservation Obligations

Defendants assert they are responding to "three separate 91-A requests" as if this satisfies their preservation duty. (Def. Mem. at 3.) It does not.

A Right-to-Know request produces **existing records at a point in time**. Preservation prevents **future deletion** of evidence. These are distinct obligations.

A party that produces documents in December 2025 while allowing automated deletion to continue will not have those same documents to produce in discovery months later. Email archives purge, CAD logs roll off, body-camera footage overwrites, and CCTV loops reset—all on automated schedules that do not pause for litigation.

Defendants' suggestion that 91-A compliance obviates the need to suspend deletion reflects a fundamental misunderstanding of preservation law.

VI. Defendants Cite No Authority Permitting Continued Deletion During Active Litigation

Defendants cite *Boudreau* and *Bistrian* for the proposition that preservation need not be "over-

inclusive." True—but neither case holds that a party may **continue routine deletion** of relevant ESI once litigation is pending.

To the contrary, controlling authority establishes that parties must "suspend [their] routine document retention/destruction policy" once litigation is reasonably anticipated. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). "A party's failure to suspend its routine document destruction policies after it has notice of a potential claim has been held to be grossly negligent, if not willful." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 259-60 (D. Md. 2008).

Defendants offer no case—because none exists—permitting continued automated deletion simply because counsel "requested" preservation without taking affirmative system-level action.

## VII. Defendants' Own Admissions Establish the Need for Court Intervention

Defendants concede that they have not suspended routine deletion practices and that counsel merely “requested” preservation. They further assert that they have no obligation to communicate what preservation steps were taken, to identify custodians, or to identify systems subject to deletion.

Preservation requires affirmative, system-level action—not reliance on informal assurances. Where a party refuses to suspend automated deletion or provide transparency regarding preservation measures, courts routinely intervene with narrowly tailored orders to prevent foreseeable loss.

VIII. Plaintiff's 91-A Nonproduction Demonstrates a Concrete Risk of Loss

Plaintiff's preservation concerns are not speculative. Defendants' own communications confirm that responsive records exist and were not produced in response to Plaintiff's Right-to-Know request.

As reflected in (**Exhibit T T0094-T0098**, **T0029-T0035, T0036-T0042, T0059-T0060,T0085-T0088)** Plaintiff received documentation of emails from **Chief Maxwell Hodgdon** and **Officer Laska** referencing internal emails, communications, and coordination concerning the no-trespass order and related enforcement decisions.

Those referenced communications were **NOT** included in Defendants' 91-A production, notwithstanding that they fall squarely within the scope of Plaintiff's request and were created by identified custodians during the relevant time period. (See Exs. T, U, and V.)

Plaintiff does not ask the Court to adjudicate the adequacy of Defendants' Right-to-Know response in this motion. Rather, Exhibits T, U, and V establish three facts directly relevant to preservation:

1. Responsive records exist;
2. Those records are maintained within Defendants' internal communication systems; and
3. Absent suspension of routine deletion, those records are at risk of loss while litigation is pending.

Where a party's own correspondence confirms the existence of unproduced responsive communications and the party refuses to suspend automated deletion or identify custodians and

systems, courts need not wait for evidence to be destroyed before issuing narrowly tailored preservation relief.

IX. Requested Relief Is Narrow and Proportionate

Plaintiff seeks limited, proportionate relief:

1. Suspension of routine or automated deletion for systems reasonably likely to contain relevant ESI;
2. Identification of custodians and repositories subject to preservation; and
3. Written confirmation that preservation steps have been implemented.

This relief is narrowly tailored to preservation only. It does not authorize discovery, does not expand the scope of the case, and imposes minimal burden on public-entity defendants. It is far less disruptive than later Rule 37(e) motion practice if relevant evidence is lost.

## CONCLUSION

Defendants ask this Court to accept on faith that evidence is being preserved despite:

- Refusing to suspend automated deletion processes;
- Declining to identify custodians or systems;
- Declining to confirm what preservation steps were taken;
- Already failing to produce referenced documents in their own 91-A response.

Federal law does not permit such unmonitored, unconfirmed "preservation." *Zubulake*, 220 F.R.D. at 218. Where, as here, a party refuses to take affirmative steps to prevent deletion, and

where the record already shows gaps in production, the Court should intervene with narrowly tailored preservation relief.

The relief Plaintiff seeks is minimal: suspension of deletion for a seven-day window, identification of custodians, and written confirmation of steps taken. This is precisely the "proportionate" preservation *Boudreau* contemplates, and it is far less burdensome than later Rule 37(e) litigation if critical evidence is lost.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Compel Preservation of Evidence.

Respectfully submitted,

Dated: December 16, 2025

/s/ Joseph J. Barton

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Plaintiff's Reply in Support of Motion to Compel Preservation of the Evidence was served via the Court's CM/ECF system upon all counsel of record.

Dated: December 16, 2025

/s/ Joseph J. Barton
____________________________________
JOSEPH J. BARTON, Pro Se