**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **JOSEPH J. BARTON,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,<br><br>Defendants. | No. 1:25-cv-00451-LM-TSM |

**EXHIBIT T**
**SAU 36 RESPONSE TO RSA 91-A REQUEST**

Plaintiff Joseph J. Barton respectfully submits this Exhibit in Support of Plaintiff's Supplemental Brief.

**Sharal Plumley <splumley@sau36.org>**

# Fwd: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

25 messages

**Marion Anastasia** <manastasia@sau36.org> Fri, Oct 17, 2025 at 7:15 PM
To: Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

---------- Forwarded message ---------
From: **Joseph Barton** <Joseph.Barton@gc.nh.gov>
Date: Fri, Oct 17, 2025 at 6:37 PM
Subject: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Stephen.G.Labonte@dot.nh.gov <Stephen.G.Labonte@dot.nh.gov>, William.J.Cass@dot.nh.gov <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1
Elementary School Staff do not have authority to direct traffic under RSA 265:23
Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

---

**Marion Anastasia** <manastasia@sau36.org> Mon, Oct 20, 2025 at 8:49 AM
To: Rob Scott <robscott@sau36.org>, "Mike L." <mlaska@sau36.org>, Sharal Plumley <splumley@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>

Just so that you have this for our google meet at 9:45 -
[Quoted text hidden]
--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

[Quoted text hidden]

---

**Mike L.** <mlaska@sau36.org> Mon, Oct 20, 2025 at 9:29 AM
To: Marion Anastasia <manastasia@sau36.org>
Cc: Rob Scott <robscott@sau36.org>, Sharal Plumley <splumley@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>

I will be 5 minutes late for this because I am meeting with my student cohort.
[Quoted text hidden]
--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

Exhibit T – Bates T0004

[Quoted text hidden]

---

**Marion Anastasia** <manastasia@sau36.org> Mon, Oct 20, 2025 at 9:59 AM
To: "Mike L." <mlaska@sau36.org>
Cc: Rob Scott <robscott@sau36.org>, Sharal Plumley <splumley@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>

I changed it to 10:05!
[Quoted text hidden]
[Quoted text hidden]

---

**Mike L.** <mlaska@sau36.org> Mon, Oct 20, 2025 at 10:03 AM
To: Marion Anastasia <manastasia@sau36.org>
Cc: Rob Scott <robscott@sau36.org>, Sharal Plumley <splumley@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>

Perfect, thanks!
[Quoted text hidden]

---

**Marion Anastasia** <manastasia@sau36.org> Tue, Oct 21, 2025 at 12:30 PM
To: "Mike L." <mlaska@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

FYI

---------- Forwarded message ---------
From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
Date: Tue, Oct 21, 2025 at 11:55 AM
Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

* Addendum attached *

# Whitefield Police Department

56 Littleton Road Whitefield, NH 03598
(603) 837-9086

## NOTICE AGAINST TRESPASS

THIS WILL SERVE AS NOTICE AGAINST TRESPASS, UNDER NEW HAMPSHIR LAW, RSA 635:2, A SUBJECT IS GUILTY OF TRESPASS, (CLASS A MISDEMEANOR), IF HE/SHE KNOWINLY ENTERS OR REMAINS;

1. IN ANY SECURE PREMISES
2. IN ANY PLACE IN DEFIANCE OF AN ORDER TO LEAVE OR NOT TO ENTER WHICH WAS PRESONALLY COMMUNICATED TO HIM/HER BY THE OWNER OR OTHER AUTHORIZED PERSON
3. IN ANY PLACE IN DEFIANCE OF ANY COURT ORDER RESTRAINING HIM/HER FROM ENTERING SUCH PLACE SO LONG AS THEY HAVE BEEN PROPERTY NOTIFIED OF SUCH ORDER

THIS NOTICE WILL SERVE AS COMMUNICATION FROM SAID OWNER OR AUTHORIZED PERSON

(#1) marion anastasia

FOR SAID PROPERTY AT: Whitefield Elementary School 34 Twin Mountain Rd, Whitefield, NH. 03598

TO (NAME OF SUBJECT) (#2) Joseph Barton DOB: 11-11-75

I, understand that this notice against trespass will be served on the party (#2), per my request, and will remain in erect for one year or until such time that I personally appear at the Whitefield Police Department and withdraw the trespass order indicating I no longer desire to have this notice against the said party (#2).

Marion Anastasia
Signature of Requesting Party (#1)

10-24-2025
Date

White Mountains Regional School District SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, New Hampshire 03598
P: 603-837-9363
F: 603-837-2326
commentsandquestions@sau36.org

This letter is to serve as an addendum to the attached trespass notice issued to: **JOSEPH BARTON**

*Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school. Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*

*Mr. Barton shall, **at no time**, exit his vehicle while on school grounds.*

*Mr. Barton shall, **at no time**, enter the Whitefield Elementary School building.*

______________________________
Signature of acceptance

______________________________
Serving Officer witness

______________________________
Date and time of service

**Marion Anastasia <manastasia@sau36.org>**

# Re: FW: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Marion Anastasia** <manastasia@sau36.org> Wed, Nov 5, 2025 at 1:38 PM
To: "LaBonte, Stephen" <Stephen.G.LaBonte@dot.nh.gov>

Thank you, Stephen.
Marion

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

On Wed, Nov 5, 2025 at 11:43 AM LaBonte, Stephen <Stephen.G.LaBonte@dot.nh.gov> wrote:

> Representative Barton,
>
> In response to the question below, the commissioner of transportation is authorized under RSA 236:1, to regulate class I, class II, and class III highways and establish traffic control devices on such roadways. In the WES case, the roadway is the school's driveway which is under the authority of the municipality or delegated to the school district. The municipality (or its delegate) is responsible for maintaining traffic control devices. Traffic control devices are also regulated under the U.S. DOT Manual on Uniform Traffic Control Devices (MUTCD) which is referenced by Federal law and is applicable to all roadways open to public travel.
>
> A marked crosswalk is a traffic control device, and its purpose is to guide pedestrians to the preferred location for pedestrians to cross and to alert motorists that pedestrians may be present. Under NH statutes, motorists must yield to a pedestrian in a crosswalk, and pedestrians must yield to vehicles when not in a crosswalk. It is incumbent on the authority having jurisdiction (state, municipality, or private owner, as applicable) to establish crosswalks only at locations where there is a reasonable expectation that motorists can see pedestrians attempting to cross and vehicles are able to slow or stop to yield to the pedestrians. NHDOT practice is to not allow a marked crosswalk at a location that is unsafe for the pedestrian.
>
> In practice, traffic control devices can be found to be ineffective or not provide the intended result. In such cases, modifications may be made. In some cases, a modification may be an interim condition until a permanent change may be implemented. In other cases, a modification may be a transient condition based on short-term conditions. In either of these situations, temporary traffic control devices can be established to override a permanent traffic control device. In the WES case, it was determined that a crosswalk resulted in a potential unsafe condition when pedestrians were not clearly visible when vehicle queues extended across the crosswalk. In the interest of maintaining a safe condition, the authority or delegate appears to have placed temporary traffic control devices (cones and sign) indicating the crosswalk is closed and other crosswalk(s) are available for use. In the future the crosswalk markings may be removed if it is determined the crosswalk is not appropriate. The use of temporary traffic control devices in an attempt to address a potential unsafe condition appears to be prudent and is consistent with what NHDOT would do if it was the authority with jurisdiction.

In the WES case, the temporary traffic control devices are targeted to pedestrians to discourage the pedestrian use of the marked crosswalk. From the motorist perspective, the marked crosswalk is still visible, and any temporary devices targeted to pedestrians may not be visible or understood by a motorist. A motorist would still be expected to yield to a pedestrian in a marked crosswalk even if the pedestrian ignores temporary traffic control to the contrary. However, while a marked crosswalk establishes a regulatory basis for traffic control, it is not a physical barrier to a collision. Pedestrians must understand and should be educated that crossing in a marked crosswalk may grant a pedestrian the right-of-way, but in the interest of self-preservation, a pedestrian must recognize that a motorist failing to yield could result in serious injury or death to the pedestrian. When a crosswalk is closed, a pedestrian should recognize an increased risk of collision and injury if the crossing is used.

To the extent some of your questions call for legal conclusions we must respectfully decline to respond as the Department is not in a position opine on such matters and has legal counsel through the Department of Justice under RSA 21-M:2, II(a).

Steve LaBonte

Stephen G. LaBonte, Esq.

Chief of Legal & Legislative Affairs

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

**Marion Anastasia <manastasia@sau36.org>**

## Re: FORMAL DEMAND FOR RECISSION

1 message

**Joseph Barton** <Joseph.Barton@gc.nh.gov> Fri, Nov 7, 2025 at 9:29 PM
To: Marion Anastasia <manastasia@sau36.org>

Marion,

I appreciate the E-Mail, but the opportunity to respond is exhausted. 10 days was more than sufficient time to respond, especially considering you had time to speak with the AGs office. A request to extend should have been made within that 10 days. Given that you dismissed my two previous information requests I didn't expect a response. Further, you have an assistant Superintendent who was present at the last School Board meeting whom I hope would have been capable to respond or otherwise perform your duties and responsibilities in your absence.

I will be filing in federal court first thing Monday morning. You yourself, the town of Whitefield, SAU36/ the board and the Whitefield PD can respond to the three counts in the complaint once it's served. I'm also considering actions through state courts as it pertains to my legislative capacities, and as outlined in my previous communications. I will be moving for injunctive relief.

My most sincere respects,

Hon. Joseph J Barton

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Joseph J. Barton, )
Plaintiff, )
)
v. )
)
Town of Whitefield, NH, et al., )
Defendants. )
)
Civil Action No. ___________ )

## COMPLAINT UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF RIGHTS

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983** and the **First and Fourteenth Amendments**.
2. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343**.
3. Venue is proper in the **District of New Hampshire** under **28 U.S.C. § 1391(b)**.

## II. PARTIES

---

**From:** Marion Anastasia <manastasia@sau36.org>
**Sent:** Friday, November 7, 2025 8:43 PM
**To:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** Re: FORMAL DEMAND FOR RECISSION

Caution! This message was sent from outside your organization.

Dear Mr Barton,
I have been out of the state for National Superintendent work and will return to work on Monday. You can expect a response from me by Monday, November 10th.
Thank you,
Marion

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District

135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

On Fri, Oct 24, 2025 at 11:40 AM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:

Subject: Formal Demand for Rescission or Written Justification of No-Trespass Order – Whitefield Elementary School

Dear Superintendent Anastasia et-al;

Please find attached a **formal letter** *(attached)* regarding the no-trespass order *(attached)* issued against me on October 24, 2025. This order appears to have been made in **retaliation** for my protected submissions to the New Hampshire Attorney General *(attached)* and Legislative Service Request 26-2717, and was issued without explanation, due process, or policy authority.

I respectfully request written acknowledgment and a response no later than November 7, 2025. Attachments include:

• The no-trespass order (Attachment A),
• My request to the Attorney General (Attachment B), and
• Supporting correspondence (Attachment C).

Thank you for your prompt attention to this matter.

Sincerely,
Hon. Representative Joseph J. Barton
120 Cottage Street
Littleton, NH 03561
joseph.barton@gc.nh.gov
(603) 969-2706

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Marion Anastasia <manastasia@sau36.org>

# Re: FORMAL DEMAND FOR RECISSION

1 message

**Marion Anastasia** <manastasia@sau36.org> Fri, Nov 7, 2025 at 8:43 PM
To: Joseph Barton <Joseph.Barton@gc.nh.gov>
Bcc: Rob Scott <robscott@sau36.org>, Robert Loiacono <rloiacono@sau36.org>

Dear Mr Barton,
I have been out of the state for National Superintendent work and will return to work on Monday. You can expect a response from me by Monday, November 10th.
Thank you,
Marion

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

On Fri, Oct 24, 2025 at 11:40 AM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:

> Subject: Formal Demand for Rescission or Written Justification of No-Trespass Order – Whitefield Elementary School
>
> Dear Superintendent Anastasia et-al;
>
> Please find attached a **formal letter** *(attached)* regarding the no-trespass order *(attached)* issued against me on October 24, 2025. This order appears to have been made in **retaliation** for my protected submissions to the New Hampshire Attorney General *(attached)* and Legislative Service Request 26-2717, and was issued without explanation, due process, or policy authority.
>
> I respectfully request written acknowledgment and a response no later than November 7, 2025.
> Attachments include:
>
> • The no-trespass order (Attachment A),
> • My request to the Attorney General (Attachment B), and
> • Supporting correspondence (Attachment C).
>
> Thank you for your prompt attention to this matter.
>
> Sincerely,
> Hon. Representative Joseph J. Barton

120 Cottage Street
Littleton, NH 03561
joseph.barton@gc.nh.gov
(603) 969-2706

**Marion Anastasia <manastasia@sau36.org>**

# Fwd: Barton

1 message

**Sharal Plumley** <splumley@sau36.org> Mon, Nov 10, 2025 at 10:35 AM
To: Marion Anastasia <manastasia@sau36.org>, Rob Scott <robscott@sau36.org>

---------- Forwarded message ---------
From: **Sharal Plumley** <splumley@sau36.org>
Date: Fri, Nov 7, 2025 at 5:16 PM
Subject: Re: Barton
To: Ostrowski, Cristina <Cristina.P.Ostrowski@doj.nh.gov>

Hi Christina,

Thank you for your time today. I need to correct a couple of pieces of information from our conversation today. First, the statement about IEP meetings being held at Central Office is NOT in the No Trespass Order. There was language proposed among our team that went back and forth through an email exchange, but the final decision was not to include the term IEP, and that if Mr. Barton was not allowed in the building, it would be presumed that meetings would take place elsewhere. Second, apparently, I did not respond to Mr. Barton back in September. I've included the email that was forwarded to Dr. Anastasia regarding my lack of response. I asked for legal counsel before responding because of the RSA language he wanted me to respond to. It was later that week that I tried to speak with him in person to explain the reason for limiting the crosswalk usage, but he didn't want to engage in a conversation; instead, he just kept interjecting RSA language.

I've attached the documentation I have for this year. Much of it was directed above me to the Superintendent and then forwarded on to me. If there is anything else I can provide, please let me know.

Thank you,

Sharal Plumley
Principal

On Fri, Nov 7, 2025 at 2:25 PM Ostrowski, Cristina <Cristina.P.Ostrowski@doj.nh.gov> wrote:

> Cristina P. Ostrowski, Investigator
>
> Election Law Unit
>
> Civil Rights Unit
>
> Attorney General's Office
>
> 1 Granite Place South
>
> Concord, NH 03301-6397
>
> (603) 271-1980
>
> (603) 271-2110 (FAX)
>
> cristina.p.ostrowski@doj.nh.gov

STATEMENT OF CONFIDENTIALITY

The information contained in this electronic message and any attachments to this message may contain confidential or privileged information and is intended for the exclusive use of the intended recipient. Please notify the Attorney General's Office immediately at (603) 271-3650 or reply to justice@doj.nh.gov if you are not the intended recipient and destroy all copies of this electronic message and any attachments. Thank you.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

---

**7 attachments**

**Formal_Demand_for_Rescission_No_Trespass_Order_JBarton 2.docx**
118K

**NO TRESSPASS ORDER (1).pdf**
1540K

**Request for AG Review signed (2).pdf**
2146K

**DOT Request.pdf**
220K

**DOT Response (1).pdf**
118K

**Violation of Law.pdf**
189K

**Recission email.pdf**
95K

October 22nd, 2025

To Whom it may concern,

My name is Nicole D'Agnese. I work as a Paraprofessional at Whitefield Elementary School. At the end of every school day I assist with parent pick up duty by the front entrance of the school. Before we start calling students to be picked up I put traffic cones on the crosswalk and sidewalk to direct kids. We ask students to stop at the cones and wait for an adult before crossing and going to a vehicle. We use the traffic cones to block the first sidewalk and direct our older students to use the crosswalk by the playground during dismissal to prevent any students from potentially walking out in front of cars.

On several occasions Joseph Barton has moved the traffic cones and proceeded to use the crosswalk we have blocked during dismissal. I have asked him several times to use the other crosswalk during our dismissal times, and he has ignored me, continued to move the cones and walk by us while telling us it is against the law to block the crosswalks. After he picks up his daughter he continues to use the same crosswalk, disregarding our direction and the person trying to direct traffic. Once he gets to his car he always stares back at us smiling and waiting for a reaction.

Joseph has made it uncomfortable to interact with him and he continues to move the traffic cones and ignore the staff outside and the school's dismissal policy.

Thank you for your time,

Nicole D'Agnese

Nicole D'Agnese

**Written Statement Regarding Parent Behavior – Joe Barton**
**Submitted to:** Sharal Plumley
**Date:** October 20, 2025
**From:** Brooke Dubreuil, Specialized Paraprofessional, RBT, Whitefield Elementary School

---

I am submitting this written statement to document ongoing concerning behaviors from a parent, **Joe Barton**, that have made me feel uncomfortable and unsafe during **Monday morning parent drop-off**.

On several Monday mornings, I have observed Mr. Barton engaging in behavior that feels intimidating and inappropriate. He has **stared me down while moving cones from the crosswalk area**, often maintaining prolonged eye contact in a way that feels confrontational. On multiple occasions, he **will walk directly in front of me even if cars are moving, while continuing to stare**, which appears deliberate and unsettling.

In addition, this morning October 20, 2025, **Mr. Barton recorded me and others, including students, on his personal cell phone** as he entered and exited the building. The act of video recording staff and students without consent is concerning and contributes to a sense of discomfort and lack of safety during arrival.

This morning, however, Mr. Barton did not move the cones. Instead, he **walked his daughter around them and up the stairs while he climbed the hill holding her hand**. While this interaction was not directly confrontational, his behaviors and ongoing actions continue to cause concern for staff safety and student privacy.

I wanted to ensure these incidents are documented and brought to your attention for any follow-up or next steps you feel are appropriate.

**Marion Anastasia <manastasia@sau36.org>**

## Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Mike L.** <mlaska@sau36.org> Fri, Oct 17, 2025 at 8:53 PM
To: Marion Anastasia <manastasia@sau36.org>

Wow he did not waste anytime I guess

On Friday, October 17, 2025, Marion Anastasia <manastasia@sau36.org> wrote:

> Marion Anastasia, Ed.D.
> Superintendent, SAU #36
> White Mountains Regional School District
> 135 Regional Road
> Whitefield, NH 03598
> (603) 837-9363
> www.sau36.org
>
> ---------- Forwarded message ---------
> From: **Joseph Barton** <Joseph.Barton@gc.nh.gov>
> Date: Fri, Oct 17, 2025 at 6:37 PM
> Subject: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
> To: Stephen.G.Labonte@dot.nh.gov <Stephen.G.Labonte@dot.nh.gov>, William.J.Cass@dot.nh.gov <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>
>
> William J. Cass, P.E.
> Commissioner
> New Hampshire Department of Transportation
> 7 Hazen Drive
> P.O. Box 483
> Concord, NH 03302-0483
>
> Dear Commissioner Cass,
>
> I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.
>
> I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1
Elementary School Staff do not have authority to direct traffic under RSA 265:23
Elementary School Staff do not have authority to direct traffic under RSA 265:3
Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Marion Anastasia <manastasia@sau36.org>

# Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Marion Anastasia** <manastasia@sau36.org> Thu, Oct 23, 2025 at 2:30 PM
To: "Mike L." <mlaska@sau36.org>
Cc: Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>, Michael Cronin <mcronin@sau36.org>

So, what exactly do you want our attorney to draft? The entire trespass notice that includes:

- Can drop off and pick up daughter, but cannot enter the building
- Can attend IEP meetings held at the central office ( I added Mike Cronin to this)

anything else?

On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:

> I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?
>
> On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:
>
>> As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.
>>
>> On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>>
>>> Hello all,
>>> Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
>>> Thanks,
>>> Jen
>>>
>>> On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:
>>>
>>>> FYI
>>>>
>>>> ---------- Forwarded message ---------
>>>> From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
>>>> Date: Tue, Oct 21, 2025 at 11:55 AM
>>>> Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
>>>> To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>
>>>>
>>>> Representative Barton,
>>>>
>>>> Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

__Confidentiality Notice__

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure,

printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

Marion Anastasia <manastasia@sau36.org>

# Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Michael Cronin** <mcronin@sau36.org> Thu, Oct 23, 2025 at 3:31 PM
To: Jennifer Lemoine <jlemoine@sau36.org>
Cc: Marion Anastasia <manastasia@sau36.org>, "Mike L." <mlaska@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

> I'm inclined to leave the IEP wording out of it completely. If he's not allowed in the building, it's presumed that any meetings with him will be held elsewhere and can be arranged at the time of the respective meeting.

Correct

Michael J Cronin
Director of Student Supports
White Mountains Regional School District, SAU #36
135 Regional Road
Whitefield, NH 03598
(603) 696-3003 (Direct Line)
District Internal Extension 9010
(603) 837-2326 (Fax)

On Thu, Oct 23, 2025 at 3:28 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:

> The language should be as clear and concise as possible.
>
> My thoughts:
> *Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school. Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*
> *Mr. Barton shall, at no time, exit his vehicle while on school grounds.*
> *Mr. Barton shall, at no time, enter the Whitefield Elementary School building.*
>
> I'm inclined to leave the IEP wording out of it completely. If he's not allowed in the building, it's presumed that any meetings with him will be held elsewhere and can be arranged at the time of the respective meeting.
> Thanks!
> Jen
>
> On Thu, Oct 23, 2025 at 2:30 PM Marion Anastasia <manastasia@sau36.org> wrote:
>
>> So, what exactly do you want our attorney to draft? The entire trespass notice that includes:
>>
>> - Can drop off and pick up daughter, but cannot enter the building
>> - Can attend IEP meetings held at the central office ( I added Mike Cronin to this)
>>
>> anything else?
>>
>> On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:

I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?

On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:

As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.

On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:

Hello all,
Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
Thanks,
Jen

On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:

FYI

---------- Forwarded message ---------
From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
Date: Tue, Oct 21, 2025 at 11:55 AM
Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is

strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Marion Anastasia <manastasia@sau36.org>

## Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Mike L.** <mlaska@sau36.org> Thu, Oct 23, 2025 at 4:38 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: Michael Cronin <mcronin@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

Sorry folks I was off today and with my kiddos! Yes, I really like Jen's verbiage. Ok, let's get it going. Dr. Anastasia, I'll see you tomorrow so you can sign the notice?

At the conclusion of the drill tomorrow I'll be sure to be at the Elementary school.

On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:

> I liked Jen's writing: I don't think we need our attorney to write this - Sharal, if there are parent conferences, you will have to have to schedule them at the central office- (or elsewhere) the same for IEPs' - but that won;t be in the no trespass notice -
> Mike Laska, are you good with this?
> M
>
> *Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school.*
> *Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*
> *Mr. Barton shall, at no time, exit his vehicle while on school grounds.*
> *Mr. Barton shall, at no time, enter the Whitefield Elementary School building.*
>
> On Thu, Oct 23, 2025 at 3:43 PM Michael Cronin <mcronin@sau36.org> wrote:
>
>> Central office would be the likely location if he is not allowed to in WES. I will leave it up to our SROs as to whether that needs to go in.
>>
>> M
>>
>> Michael J Cronin
>> Director of Student Supports
>> White Mountains Regional School District, SAU #36
>> 135 Regional Road
>> Whitefield, NH 03598
>> (603) 696-3003 (Direct Line)
>> District Internal Extension 9010
>> (603) 837-2326 (Fax)
>>
>> On Thu, Oct 23, 2025 at 3:39 PM Marion Anastasia <manastasia@sau36.org> wrote:
>>
>>> This sounds good, but Mike Croin requested that the IEP meetings be at central office and it be included in the no trespass. We don'thave to say "IEP" we could say "educational meetings"
>>> M
>>>
>>> On Thu, Oct 23, 2025 at 3:28 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>>>
>>>> The language should be as clear and concise as possible.
>>>>
>>>> My thoughts:

*Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school. Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*
*Mr. Barton shall, at no time, exit his vehicle while on school grounds.*
*Mr. Barton shall, at no time, enter the Whitefield Elementary School building.*

I'm inclined to leave the IEP wording out of it completely. If he's not allowed in the building, it's presumed that any meetings with him will be held elsewhere and can be arranged at the time of the respective meeting.
Thanks!
Jen

On Thu, Oct 23, 2025 at 2:30 PM Marion Anastasia <manastasia@sau36.org> wrote:

So, what exactly do you want our attorney to draft? The entire trespass notice that includes:

- Can drop off and pick up daughter, but cannot enter the building
- Can attend IEP meetings held at the central office ( I added Mike Cronin to this)

anything else?

On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:

I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?

On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:

As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.

On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:

Hello all,
Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
Thanks,
Jen

On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:

FYI

---------- Forwarded message ---------
From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
Date: Tue, Oct 21, 2025 at 11:55 AM
Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is

intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Marion Anastasia <manastasia@sau36.org>**

## Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Jennifer Lemoine** <jlemoine@sau36.org> Thu, Oct 23, 2025 at 3:27 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: "Mike L." <mlaska@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>, Michael Cronin <mcronin@sau36.org>

The language should be as clear and concise as possible.

My thoughts:
*Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school. Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*
*Mr. Barton shall, at no time, exit his vehicle while on school grounds.*
*Mr. Barton shall, at no time, enter the Whitefield Elementary School building.*

I'm inclined to leave the IEP wording out of it completely. If he's not allowed in the building, it's presumed that any meetings with him will be held elsewhere and can be arranged at the time of the respective meeting.
Thanks!
Jen

On Thu, Oct 23, 2025 at 2:30 PM Marion Anastasia <manastasia@sau36.org> wrote:

> So, what exactly do you want our attorney to draft? The entire trespass notice that includes:
>
> - Can drop off and pick up daughter, but cannot enter the building
> - Can attend IEP meetings held at the central office ( I added Mike Cronin to this)
>
> anything else?
>
> On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:
>
>> I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?
>>
>> On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:
>>
>>> As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.
>>>
>>> On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>>>
>>>> Hello all,
>>>> Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
>>>> Thanks,

Jen

On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:

FYI

---------- Forwarded message ---------
From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
Date: Tue, Oct 21, 2025 at 11:55 AM
Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Marion Anastasia <manastasia@sau36.org>

# Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Jennifer Lemoine** <jlemoine@sau36.org> Thu, Oct 23, 2025 at 1:30 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: "Mike L." <mlaska@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

Hello all,
Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
Thanks,
Jen

On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:

> FYI
>
> ---------- Forwarded message ---------
> From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
> Date: Tue, Oct 21, 2025 at 11:55 AM
> Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
> To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>
>
> Representative Barton,
>
> Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.
>
> Steve LaBonte
>
> Stephen G. LaBonte, Esq.
>
> Legislative Liaison &
>
> Senior Hearings Examiner
>
> New Hampshire Department of Transportation
>
> 7 Hazen Drive – PO Box 483
>
> Concord, NH 03302-0483
>
> (603) 271-1484

New Hampshire DOT Department of Transportation

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

*Jennifer L. Lemoine*
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Exhibit T – Bates T0054

Marion Anastasia <manastasia@sau36.org>

# Fwd: FORMAL DEMAND FOR RECISSION

1 message

**Marion Anastasia** <manastasia@sau36.org> Fri, Oct 24, 2025 at 11:43 AM
To: Robert Loiacono <rloiacono@sau36.org>

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

---------- Forwarded message ---------
From: **Joseph Barton** <Joseph.Barton@gc.nh.gov>
Date: Fri, Oct 24, 2025 at 11:40 AM
Subject: FORMAL DEMAND FOR RECISSION
To: manastasia@sau36.org <manastasia@sau36.org>, Lori Korzen <Lori.Korzen@gc.nh.gov>, Susan DeLemus <Susan.DeLemus@gc.nh.gov>, James Tierney <James.Tierney@gc.nh.gov>, Samuel Farrington <Samuel.Farrington@gc.nh.gov>, James Thibault <James.Thibault@gc.nh.gov>, Seth King <Seth.King@gc.nh.gov>, Sean Durkin <sean.durkin@gc.nh.gov>, Kristin Noble <Kristin.Noble@gc.nh.gov>, Glenn Cordelli <Glenn.Cordelli@gc.nh.gov>, Valerie McDonnell <Valerie.McDonnell@gc.nh.gov>, Melissa Litchfield <Melissa.Litchfield@gc.nh.gov>
CC: eflynn@sau36.org <eflynn@sau36.org>, jakerman@sau36.org <jakerman@sau36.org>, tgiles@sau36.org <tgiles@sau36.org>, rloiacono@sau36.org <rloiacono@sau36.org>, kvanbergen@sau36.org <kvanbergen@sau36.org>, hrandall@sau36.org <hrandall@sau36.org>

Subject: Formal Demand for Rescission or Written Justification of No-Trespass Order – Whitefield Elementary School

Dear Superintendent Anastasia et-al;

Please find attached a **formal letter** *(attached)* regarding the no-trespass order *(attached)* issued against me on October 24, 2025. This order appears to have been made in **retaliation** for my protected submissions to the New Hampshire Attorney General *(attached)* and Legislative Service Request 26-2717, and was issued without explanation, due process, or policy authority.

I respectfully request written acknowledgment and a response no later than November 7, 2025.
Attachments include:

• The no-trespass order (Attachment A),

• My request to the Attorney General (Attachment B), and

• Supporting correspondence (Attachment C).

Thank you for your prompt attention to this matter.

Sincerely,

Hon. Representative Joseph J. Barton
120 Cottage Street
Littleton, NH 03561
joseph.barton@gc.nh.gov
(603) 969-2706

---

**3 attachments**

**Request for AG Review signed.pdf**
2146K

**NO TRESSPASS ORDER.pdf**
1540K

**Formal_Demand_for_Rescission_No_Trespass_Order_JBarton 2.docx**
118K

# State of New Hampshire

HOUSE OF REPRESENTATIVES
REPRESENTATIVE JOSEPH BARTON

Sworn Statement of Facts and Request for Review

State of New Hampshire; County of Coös

To: Chief of Police, Whitefield Police Department

Cc: Attorney General of New Hampshire

Speaker of the House, NH House of Representatives

I, Joseph J. Barton, being duly sworn, hereby state as follows:

1. I am a duly elected member of the New Hampshire House of Representatives.
2. On October 17th, 2025, while on the public-school grounds of Whitefield Elementary School, I approached a public crosswalk connecting portions of the property used by the public.
3. Under RSA 259:2, a 'crosswalk' is defined as: "That part of a highway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway; or any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface." RSA 259 notes that crosswalks may be established and maintained under the authority of the New Hampshire Department of Transportation (DOT).
4. I observed that a traffic cone had been placed in the center of the crosswalk, effectively obstructing it and impeding public use. To my knowledge, and upon information provided by the Chief of Police, the cone placement was unauthorized and not sanctioned by the DOT under RSA 259 or any other statute.
5. Believing this obstruction to be unauthorized and acting under my understanding of RSA 265:35 (Pedestrian Right of Way in Crosswalks), I removed the cone to restore access to the crosswalk.
6. Following this incident, I filed a formal complaint with the Whitefield Police Department, citing the relevant provisions of New Hampshire law, including but not limited to RSA 236:9-10, RSA 265:3-4, RSA 265:35, and RSA 259:2.
7. In my complaint, I also noted that a school staff member appeared to be directing traffic without statutory authority and that, during one occurrence, a vehicle was directed to proceed while my daughter and I were still within the crosswalk, narrowly avoiding a collision.

8. A Whitefield Police Officer later contacted me regarding the complaint. During this conversation, the officer stated that if I removed a cone again, I could be arrested under RSA 644:2 (Disorderly Conduct), explaining that the act of removing the cone could be perceived as intimidating.
9. I perceived the officer's threats as an attempt to intimidate me in my official capacity as a State Representative, specifically in relation to LSR 26-2717, a constituent request I was handling. I expressed my disagreement with that interpretation, citing RSA 265:35 and RSA 259:2, emphasizing that removal of an unauthorized obstruction in a public crosswalk cannot constitute disorderly conduct.
10. I submit this statement to formally request an administrative and legal review of: the authority under which crosswalks on school property are being obstructed; the legal basis for civilians (school staff) directing public vehicular traffic; and the propriety of any threats of arrest or enforcement action arising from my lawful exercise of public right-of-way, including any actions that could be perceived as attempting to intimidate a state representative.
11. I also request clarification on the potential liability of the Town of Whitefield and the involved law enforcement officer, including under RSA 231:92, RSA 507-B:4, and RSA 31:104.
12. This statement is made in good faith to ensure uniform adherence to public safety statutes and public access rights.

Signed under the pains and penalties of perjury this 20th day of October, 2025.

____________________________________

Hon. Joseph J. Barton; State Representative, Grafton District 01
120 Cottage Street, Littleton, NH 03561
joseph.barton@gc.nh.gov

Subscribed and sworn before me this 20th day of October 2025.

____________________________________

Notary Public / Justice of the Peace
Notary Public / JP My commission expires: 3-22-30

# RSA 91-A REQUEST — SAU 36 / WHITE MOUNTAINS REGIONAL SCHOOL DISTRICT

RECEIVED
DEC 03 2025
SAU # 36
Whitefield , NH

Date: **12/3/2025**

To:

Superintendent Marion Anastasia
White Mountains Regional School District (SAU 36)
34 Twin Mountain Road
Whitefield, NH 03598

Re: Right-to-Know Request Under RSA 91-A (Records Relating to No-Trespass Order, IEP Relocation, and Communications Regarding Joseph J. Barton)

Superintendent Anastasia,

Pursuant to **RSA 91-A**, I respectfully request the following public records maintained by SAU 36, White Mountains Regional School District, and Whitefield Elementary School:

## I. COMMUNICATIONS REGARDING JOSEPH J. BARTON

1. All emails, memoranda, messages, notes, or written communications sent or received by any SAU 36 employee or administrator referencing "Joseph Barton," "Barton," or any matter involving me, dated September 1, 2025 to present.

2. All communications between SAU 36 and the Whitefield Police Department referencing:
   – the no-trespass order issued October 24, 2025,
   – enforcement inquiries,
   – safety or behavioral concerns (if any),
   – my protected activity including crosswalk complaints, LSR 26-2717, or Attorney General contacts.

3. All communications between SAU 36 personnel and Whitefield Elementary School staff referencing me, the crosswalk issue, or any complaints I submitted.

## II. RECORDS RELATED TO THE OCTOBER 24, 2025 NO-TRESPASS ORDER

4. Any documents, internal emails, drafts, notes, or communications referencing:
   – the decision to issue the no-trespass order,
   – the reasons for issuing it,
   – any supporting documentation,
   – individuals involved in making the decision; including but not limited to Whitfield Police Department Personnel.

5. All SAU 36 policies, procedures, or guidelines governing:
– issuance of no-trespass orders (if any exist),
– parental access to school buildings (if any exist),
– notice or due process requirements (if any exist).

**III. RECORDS RELATED TO IEP MEETING RELOCATION**

6. All internal or external communications regarding the decision to relocate my child's IEP meeting to 135 Regional Road, Whitefield, NH.

7. Any documents or notes identifying:
– who authorized the relocation,
– the reason for relocation,
– whether the no-trespass order was a factor in the decision.

**IV. RECORDS RELATING TO SAFETY, INCIDENTS, OR CONCERNS**

8. Any record claiming I posed a "safety concern," "threat," "disruption," or similar—if such record exists.

9. Any incident reports, notes, correspondence, or communications referencing my conduct as a parent at school events or on school grounds.

**REQUEST FORMAT**

Please produce these records electronically if possible, via email to:
joseph.barton@gc.nh.gov

****Under RSA 91-A:4, the District must respond within 5 business days, either producing the records or citing a specific statutory exemption.**

Respectfully,

Hon. Joseph J. Barton
120 Cottage Street
Littleton, NH 03561
(603) 969-2706

**Marion Anastasia <manastasia@sau36.org>**

# Crosswalk/Barton issue

1 message

**Mike L.** <mlaska@sau36.org> Fri, Oct 17, 2025 at 5:49 PM
To: Marion Anastasia <manastasia@sau36.org>, Rob Scott <robscott@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>

Greetings,

We received a complaint here at the PD from Joseph Barton. He claims the following:

1. WES employees are directing traffic without authorization
2. Blocking a crosswalk

For clarification, Mr. Barton is NOT a judge, however, he is a legislator from what I discovered. Mr. Barton and I went back and forth and we ended the conversation by him telling me that he will go to the New Hampshire D.O.T as he is not getting the remedy he thinks that he warrants. I told him explicitly several times that he is NOT to move the cone and told him that we (police) will intervene the next time that takes place. I also put him on notice concerning the way he is making employees feel. In return, he had an argument for that.

Moving forward, Ms. Plumley, could you tell me the days he is there? Jenn and I could work together to make sure he is not causing a scene, especially after our conversation. We can talk more on Monday. Have a good weekend!

Thanks!

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Exhibit T – Bates T0061

Marion Anastasia <manastasia@sau36.org>

## Crosswalk/Barton issue

1 message

**Mike L.** <mlaska@sau36.org> Fri, Oct 17, 2025 at 5:49 PM
To: Marion Anastasia <manastasia@sau36.org>, Rob Scott <robscott@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>

Greetings,

We received a complaint here at the PD from Joseph Barton. He claims the following:

1. WES employees are directing traffic without authorization
2. Blocking a crosswalk

For clarification, Mr. Barton is NOT a judge, however, he is a legislator from what I discovered. Mr. Barton and I went back and forth and we ended the conversation by him telling me that he will go to the New Hampshire D.O.T as he is not getting the remedy he thinks that he warrants. I told him explicitly several times that he is NOT to move the cone and told him that we (police) will intervene the next time that takes place. I also put him on notice concerning the way he is making employees feel. In return, he had an argument for that.

Moving forward, Ms. Plumley, could you tell me the days he is there? Jenn and I could work together to make sure he is not causing a scene, especially after our conversation. We can talk more on Monday. Have a good weekend!

Thanks!

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Marion Anastasia <manastasia@sau36.org>

# FW: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**LaBonte, Stephen** <Stephen.G.LaBonte@dot.nh.gov> Wed, Nov 5, 2025 at 11:43 AM
To: "Joseph.Barton@gc.nh.gov" <joseph.barton@gc.nh.gov>
Cc: "Cass, William" <William.J.Cass@dot.nh.gov>, "Lori.Korzen@gc.nh.gov" <lori.korzen@gc.nh.gov>, "John.Sellers@gc.nh.gov" <john.sellers@gc.nh.gov>, "manastasia@sau36.org" <manastasia@sau36.org>, "Baronas, Lee" <Lee.J.Baronas@dot.nh.gov>

Representative Barton,

In response to the question below, the commissioner of transportation is authorized under RSA 236:1, to regulate class I, class II, and class III highways and establish traffic control devices on such roadways. In the WES case, the roadway is the school's driveway which is under the authority of the municipality or delegated to the school district. The municipality (or its delegate) is responsible for maintaining traffic control devices. Traffic control devices are also regulated under the U.S. DOT Manual on Uniform Traffic Control Devices (MUTCD) which is referenced by Federal law and is applicable to all roadways open to public travel.

A marked crosswalk is a traffic control device, and its purpose is to guide pedestrians to the preferred location for pedestrians to cross and to alert motorists that pedestrians may be present. Under NH statutes, motorists must yield to a pedestrian in a crosswalk, and pedestrians must yield to vehicles when not in a crosswalk. It is incumbent on the authority having jurisdiction (state, municipality, or private owner, as applicable) to establish crosswalks only at locations where there is a reasonable expectation that motorists can see pedestrians attempting to cross and vehicles are able to slow or stop to yield to the pedestrians. NHDOT practice is to not allow a marked crosswalk at a location that is unsafe for the pedestrian.

In practice, traffic control devices can be found to be ineffective or not provide the intended result. In such cases, modifications may be made. In some cases, a modification may be an interim condition until a permanent change may be implemented. In other cases, a modification may be a transient condition based on short-term conditions. In either of these situations, temporary traffic control devices can be established to override a permanent traffic control device. In the WES case, it was determined that a crosswalk resulted in a potential unsafe condition when pedestrians were not clearly visible when vehicle queues extended across the crosswalk. In the interest of maintaining a safe condition, the authority or delegate appears to have placed temporary traffic control devices (cones and sign) indicating the crosswalk is closed and other crosswalk(s) are available for use. In the future the crosswalk markings may be removed if it is determined the crosswalk is not appropriate. The use of temporary traffic control devices in an attempt to address a potential unsafe condition appears to be prudent and is consistent with what NHDOT would do if it was the authority with jurisdiction.

In the WES case, the temporary traffic control devices are targeted to pedestrians to discourage the pedestrian use of the marked crosswalk. From the motorist perspective, the marked crosswalk is still visible, and any temporary devices targeted to pedestrians may not be visible or understood by a motorist. A motorist would still be expected to yield to a pedestrian in a marked crosswalk even if the pedestrian ignores temporary traffic control to the contrary. However, while a marked crosswalk establishes a regulatory basis for traffic control, it is not a physical barrier to a collision. Pedestrians must understand and should be educated that crossing in a marked crosswalk may grant a pedestrian the right-of-way, but in the interest of self-preservation, a pedestrian must recognize that a motorist failing to yield could result in serious injury or death to the pedestrian. When a crosswalk is closed, a pedestrian should recognize an increased risk of collision and injury if the crossing is used.

To the extent some of your questions call for legal conclusions we must respectfully decline to respond as the Department is not in a position opine on such matters and has legal counsel through the Department of Justice under RSA 21-M:2, II(a).

Steve LaBonte

Stephen G. LaBonte, Esq.

Chief of Legal & Legislative Affairs

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

Marion Anastasia <manastasia@sau36.org>

## Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Michael Cronin** <mcronin@sau36.org> Thu, Oct 23, 2025 at 3:31 PM
To: Jennifer Lemoine <jlemoine@sau36.org>
Cc: Marion Anastasia <manastasia@sau36.org>, "Mike L." <mlaska@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

> I'm inclined to leave the IEP wording out of it completely. If he's not allowed in the building, it's presumed that any meetings with him will be held elsewhere and can be arranged at the time of the respective meeting.

Correct

Michael J Cronin
Director of Student Supports
White Mountains Regional School District, SAU #36
135 Regional Road
Whitefield, NH 03598
(603) 696-3003 (Direct Line)
District Internal Extension 9010
(603) 837-2326 (Fax)

On Thu, Oct 23, 2025 at 3:28 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:

> The language should be as clear and concise as possible.
>
> My thoughts:
> *Mr. Barton is allowed on Whitefield Elementary School grounds for the sole purpose of transporting his child to/from school. Mr. Barton shall follow the WES pick-up and drop-off procedures as outlined by the Whitefield Elementary School administration.*
> *Mr. Barton shall, at no time, exit his vehicle while on school grounds.*
> *Mr. Barton shall, at no time, enter the Whitefield Elementary School building.*
>
> I'm inclined to leave the IEP wording out of it completely. If he's not allowed in the building, it's presumed that any meetings with him will be held elsewhere and can be arranged at the time of the respective meeting.
> Thanks!
> Jen
>
> On Thu, Oct 23, 2025 at 2:30 PM Marion Anastasia <manastasia@sau36.org> wrote:
>
>> So, what exactly do you want our attorney to draft? The entire trespass notice that includes:
>>
>> - Can drop off and pick up daughter, but cannot enter the building
>> - Can attend IEP meetings held at the central office ( I added Mike Cronin to this)
>>
>> anything else?
>>
>> On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:

I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?

On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:

> As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.
>
> On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>
>> Hello all,
>> Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
>> Thanks,
>> Jen
>>
>> On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:
>>
>>> FYI
>>>
>>> ---------- Forwarded message ---------
>>> From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
>>> Date: Tue, Oct 21, 2025 at 11:55 AM
>>> Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
>>> To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>
>>>
>>> Representative Barton,
>>>
>>> Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.
>>>
>>> Steve LaBonte
>>>
>>> Stephen G. LaBonte, Esq.
>>>
>>> Legislative Liaison &
>>>
>>> Senior Hearings Examiner
>>>
>>> New Hampshire Department of Transportation
>>>
>>> 7 Hazen Drive – PO Box 483
>>>
>>> Concord, NH 03302-0483
>>>
>>> (603) 271-1484

New Hampshire DOT Department of Transportation

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is

strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Marion Anastasia <manastasia@sau36.org>**

## Re: Crosswalk/Barton issue

1 message

**Sharal Plumley** <splumley@sau36.org> Mon, Oct 20, 2025 at 8:16 AM
To: Marion Anastasia <manastasia@sau36.org>
Cc: "Mike L." <mlaska@sau36.org>, Rob Scott <robscott@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>

Hi All,

Just an update on Mr. Barton. This morning he arrived sporting his legislative badge on his blazer and videotaped his arrival and departure. He did not move the cones this morning instead just walked through them and made sure to point his phone in the direction of all of us on duty for his video.

Sharal

On Fri, Oct 17, 2025 at 7:46 PM Marion Anastasia <manastasia@sau36.org> wrote:

> I forwarded the complaint he made.
> Have a great weekend!
> Marion
>
> Marion Anastasia, Ed.D.
> Superintendent, SAU #36
> White Mountains Regional School District
> 135 Regional Road
> Whitefield, NH 03598
> (603) 837-9363
> www.sau36.org
>
> On Fri, Oct 17, 2025 at 7:02 PM Sharal Plumley <splumley@sau36.org> wrote:
>
>> Hi Mike,
>>
>> Thank you for the information. Mr. Barton drops off on Monday mornings between 7:20 and 7:45 and then picks up on Friday afternoons and arrives around 2:15.
>>
>> Thank you for your assistance with Mr. Barton.
>>
>> Sharal
>>
>> On Fri, Oct 17, 2025 at 5:50 PM Mike L. <mlaska@sau36.org> wrote:
>>
>>> Greetings,
>>>
>>> We received a complaint here at the PD from Joseph Barton. He claims the following:
>>>
>>> 1. WES employees are directing traffic without authorization
>>> 2. Blocking a crosswalk
>>>
>>> For clarification, Mr. Barton is NOT a judge, however, he is a legislator from what I discovered. Mr. Barton and I went back and forth and we ended the conversation by him telling me that he will go to the New Hampshire D.O.T as he is not getting the remedy he thinks that he warrants. I told him explicitly several times that he is NOT to move the cone and told him that we (police) will intervene the next time that takes place. I also put him on notice concerning the way he is making employees feel. In return, he had an argument for that.

Moving forward, Ms. Plumley, could you tell me the days he is there? Jenn and I could work together to make sure he is not causing a scene, especially after our conversation. We can talk more on Monday. Have a good weekend!

Thanks!

--

**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Marion Anastasia <manastasia@sau36.org>**

## Re: Crosswalk/Barton issue

1 message

**Sharal Plumley** <splumley@sau36.org> Mon, Oct 20, 2025 at 8:16 AM
To: Marion Anastasia <manastasia@sau36.org>
Cc: "Mike L." <mlaska@sau36.org>, Rob Scott <robscott@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>

Hi All,

Just an update on Mr. Barton. This morning he arrived sporting his legislative badge on his blazer and videotaped his arrival and departure. He did not move the cones this morning instead just walked through them and made sure to point his phone in the direction of all of us on duty for his video.

Sharal

On Fri, Oct 17, 2025 at 7:46 PM Marion Anastasia <manastasia@sau36.org> wrote:

> I forwarded the complaint he made.
> Have a great weekend!
> Marion
>
> Marion Anastasia, Ed.D.
> Superintendent, SAU #36
> White Mountains Regional School District
> 135 Regional Road
> Whitefield, NH 03598
> (603) 837-9363
> www.sau36.org
>
> On Fri, Oct 17, 2025 at 7:02 PM Sharal Plumley <splumley@sau36.org> wrote:
>
>> Hi Mike,
>>
>> Thank you for the information. Mr. Barton drops off on Monday mornings between 7:20 and 7:45 and then picks up on Friday afternoons and arrives around 2:15.
>>
>> Thank you for your assistance with Mr. Barton.
>>
>> Sharal
>>
>> On Fri, Oct 17, 2025 at 5:50 PM Mike L. <mlaska@sau36.org> wrote:
>>
>>> Greetings,
>>>
>>> We received a complaint here at the PD from Joseph Barton. He claims the following:
>>>
>>> 1. WES employees are directing traffic without authorization
>>> 2. Blocking a crosswalk
>>>
>>> For clarification, Mr. Barton is NOT a judge, however, he is a legislator from what I discovered. Mr. Barton and I went back and forth and we ended the conversation by him telling me that he will go to the New Hampshire D.O.T as he is not getting the remedy he thinks that he warrants. I told him explicitly several times that he is NOT to move the cone and told him that we (police) will intervene the next time that takes place. I also put him on notice concerning the way he is making employees feel. In return, he had an argument for that.

Moving forward, Ms. Plumley, could you tell me the days he is there? Jenn and I could work together to make sure he is not causing a scene, especially after our conversation. We can talk more on Monday. Have a good weekend!

Thanks!

--

**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Marion Anastasia <manastasia@sau36.org>**

# RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov> Tue, Oct 21, 2025 at 11:55 AM
To: Joseph Barton <Joseph.Barton@gc.nh.gov>, "Cass, William" <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, "manastasia@sau36.org" <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter

your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

**Marion Anastasia <manastasia@sau36.org>**

## Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Sharal Plumley** <splumley@sau36.org> Thu, Oct 23, 2025 at 3:11 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: "Mike L." <mlaska@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Rob Scott <robscott@sau36.org>, Michael Cronin <mcronin@sau36.org>

I believe we also discussed setting parameters for drop-off and pick-up, limiting him to only getting out of his car to help his daughter exit/enter the vehicle and receive/hand her off to a school staff member. I'd like him to use the drop-off and pick-up line so he doesn't need to walk past staff members.

Sharal

On Thu, Oct 23, 2025 at 2:30 PM Marion Anastasia <manastasia@sau36.org> wrote:

> So, what exactly do you want our attorney to draft? The entire trespass notice that includes:
>
> - Can drop off and pick up daughter, but cannot enter the building
> - Can attend IEP meetings held at the central office ( I added Mike Cronin to this)
>
> anything else?
>
> On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:
>
>> I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?
>>
>> On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:
>>
>>> As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.
>>>
>>> On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>>>
>>>> Hello all,
>>>> Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
>>>> Thanks,
>>>> Jen
>>>>
>>>> On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:
>>>>
>>>>> FYI
>>>>>
>>>>> ---------- Forwarded message ---------
>>>>> From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
>>>>> Date: Tue, Oct 21, 2025 at 11:55 AM
>>>>> Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
>>>>> To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Exhibit T – Bates T0086**

**Marion Anastasia <manastasia@sau36.org>**

## Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Mike L.** <mlaska@sau36.org> Thu, Oct 23, 2025 at 1:54 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?

On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:

> As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.
>
> On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>
>> Hello all,
>> Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
>> Thanks,
>> Jen
>>
>> On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:
>>
>>> FYI
>>>
>>> ---------- Forwarded message ---------
>>> From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
>>> Date: Tue, Oct 21, 2025 at 11:55 AM
>>> Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
>>> To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>
>>>
>>> Representative Barton,
>>>
>>> Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.
>>>
>>> Steve LaBonte
>>>
>>> Stephen G. LaBonte, Esq.
>>>
>>> Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

> > The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

> --
>
> Marion Anastasia, Ed.D.
> Superintendent, SAU #36
> White Mountains Regional School District
> 135 Regional Road
> Whitefield, NH 03598
> (603) 837-9363
> www.sau36.org
>
> **Confidentiality Notice**
>
> The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Marion Anastasia <manastasia@sau36.org>

# Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Michael Cronin** <mcronin@sau36.org> Thu, Oct 23, 2025 at 2:38 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: "Mike L." <mlaska@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

I can flex the location of an IEP meeting to meet a parent's needs or circumstances in a number of ways so do not let that interfere in the larger process.

M

Michael J Cronin
Director of Student Supports
White Mountains Regional School District, SAU #36
135 Regional Road
Whitefield, NH 03598
(603) 696-3003 (Direct Line)
District Internal Extension 9010
(603) 837-2326 (Fax)

On Thu, Oct 23, 2025 at 2:30 PM Marion Anastasia <manastasia@sau36.org> wrote:

> So, what exactly do you want our attorney to draft? The entire trespass notice that includes:
>
> - Can drop off and pick up daughter, but cannot enter the building
> - Can attend IEP meetings held at the central office ( I added Mike Cronin to this)
>
> anything else?
>
> On Thu, Oct 23, 2025 at 1:54 PM Mike L. <mlaska@sau36.org> wrote:
>
>> I saw the statements and provided my own. I think we are good to go. I do think the attorney should draft an addendum to the trespass stating his parameters when he does drop off unless we want to trespass him entirely off the premises and in that case, statements and a Whitefield PD trespass would suffice. Once drafted and signed I will send it off to Littleton PD to be served. What do you all think?
>>
>> On Thursday, October 23, 2025, Marion Anastasia <manastasia@sau36.org> wrote:
>>
>>> As I remember, Mike was going to ask Littleton to serve the no trespass. Sharal provided some feedback from teachers- Mike, what else do you need? I was told that he (Joe) was coming to the board meeting tonight- but, right now we don't have a quorum, so the meeting may be cancelled.
>>>
>>> On Thu, Oct 23, 2025 at 1:30 PM Jennifer Lemoine <jlemoine@sau36.org> wrote:
>>>
>>>> Hello all,
>>>> Just circling back around to see if we've been able to finalize any paperwork to serve Mr. Barton? He should be here at dismissal tomorrow between 2-2:20. I'm working nights tomorrow but can come in early to be here if necessary.
>>>> Thanks,
>>>> Jen
>>>>
>>>> On Tue, Oct 21, 2025 at 12:32 PM Marion Anastasia <manastasia@sau36.org> wrote:
>>>>
>>>>> FYI

---------- Forwarded message ---------
From: **LaBonte, Stephen** <Stephen.G.Labonte@dot.nh.gov>
Date: Tue, Oct 21, 2025 at 11:55 AM
Subject: RE: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Joseph Barton <Joseph.Barton@gc.nh.gov>, Cass, William <William.J.Cass@dot.nh.gov>, Lori Korzen <Lori.Korzen@gc.nh.gov>, John Sellers <John.Sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>

Representative Barton,

Commissioner Cass has asked me to reach out to you to acknowledge receipt of your email and to inform you that we are working on a response.

Steve LaBonte

Stephen G. LaBonte, Esq.

Legislative Liaison &

Senior Hearings Examiner

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

***Jennifer L. Lemoine***
School Resource Officer
Whitefield Elementary School
603-837-3088

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Marion Anastasia <manastasia@sau36.org>**

# Re: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

1 message

**Maxwell Hodgdon** <mhodgdon@whitefieldnhpd.gov> Wed, Nov 5, 2025 at 2:26 PM
To: Marion Anastasia <manastasia@sau36.org>

Thank you for the update.

Get Outlook for iOS

**From:** Marion Anastasia <manastasia@sau36.org>
**Sent:** Wednesday, November 5, 2025 1:11:35 PM
**To:** Maxwell Hodgdon <mhodgdon@whitefieldnhpd.gov>
**Subject:** Fwd: FW: Information Request Regarding DOT Rules; the status or removal of a public crosswalk

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

---------- Forwarded message ---------
From: **LaBonte, Stephen** <Stephen.G.LaBonte@dot.nh.gov>
Date: Wed, Nov 5, 2025 at 11:43 AM
Subject: FW: Information Request Regarding DOT Rules; the status or removal of a public crosswalk
To: Joseph.Barton@gc.nh.gov <joseph.barton@gc.nh.gov>
CC: Cass, William <William.J.Cass@dot.nh.gov>, Lori.Korzen@gc.nh.gov <lori.korzen@gc.nh.gov>, John.Sellers@gc.nh.gov <john.sellers@gc.nh.gov>, manastasia@sau36.org <manastasia@sau36.org>, Baronas, Lee <Lee.J.Baronas@dot.nh.gov>

Representative Barton,

In response to the question below, the commissioner of transportation is authorized under RSA 236:1, to regulate class I, class II, and class III highways and establish traffic control devices on such roadways. In the WES case, the roadway is the school's driveway which is under the authority of the municipality or delegated to the school district. The municipality (or its delegate) is responsible for maintaining traffic control devices. Traffic control devices are also regulated under the U.S. DOT Manual on Uniform Traffic Control Devices (MUTCD) which is referenced by Federal law and is applicable to all roadways open to public travel.

A marked crosswalk is a traffic control device, and its purpose is to guide pedestrians to the preferred location for pedestrians to cross and to alert motorists that pedestrians may be present. Under NH statutes, motorists must yield to a pedestrian in a crosswalk, and pedestrians must yield to vehicles when not in a crosswalk. It is incumbent on the authority having jurisdiction (state,

municipality, or private owner, as applicable) to establish crosswalks only at locations where there is a reasonable expectation that motorists can see pedestrians attempting to cross and vehicles are able to slow or stop to yield to the pedestrians. NHDOT practice is to not allow a marked crosswalk at a location that is unsafe for the pedestrian.

In practice, traffic control devices can be found to be ineffective or not provide the intended result. In such cases, modifications may be made. In some cases, a modification may be an interim condition until a permanent change may be implemented. In other cases, a modification may be a transient condition based on short-term conditions. In either of these situations, temporary traffic control devices can be established to override a permanent traffic control device. In the WES case, it was determined that a crosswalk resulted in a potential unsafe condition when pedestrians were not clearly visible when vehicle queues extended across the crosswalk. In the interest of maintaining a safe condition, the authority or delegate appears to have placed temporary traffic control devices (cones and sign) indicating the crosswalk is closed and other crosswalk(s) are available for use. In the future the crosswalk markings may be removed if it is determined the crosswalk is not appropriate. The use of temporary traffic control devices in an attempt to address a potential unsafe condition appears to be prudent and is consistent with what NHDOT would do if it was the authority with jurisdiction.

In the WES case, the temporary traffic control devices are targeted to pedestrians to discourage the pedestrian use of the marked crosswalk. From the motorist perspective, the marked crosswalk is still visible, and any temporary devices targeted to pedestrians may not be visible or understood by a motorist. A motorist would still be expected to yield to a pedestrian in a marked crosswalk even if the pedestrian ignores temporary traffic control to the contrary. However, while a marked crosswalk establishes a regulatory basis for traffic control, it is not a physical barrier to a collision. Pedestrians must understand and should be educated that crossing in a marked crosswalk may grant a pedestrian the right-of-way, but in the interest of self-preservation, a pedestrian must recognize that a motorist failing to yield could result in serious injury or death to the pedestrian. When a crosswalk is closed, a pedestrian should recognize an increased risk of collision and injury if the crossing is used.

To the extent some of your questions call for legal conclusions we must respectfully decline to respond as the Department is not in a position opine on such matters and has legal counsel through the Department of Justice under RSA 21-M:2, II(a).

Steve LaBonte

Stephen G. LaBonte, Esq.

Chief of Legal & Legislative Affairs

New Hampshire Department of Transportation

7 Hazen Drive – PO Box 483

Concord, NH 03302-0483

(603) 271-1484

New Hampshire DOT Department of Transportation

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Friday, October 17, 2025 6:38 PM
**To:** LaBonte, Stephen <Stephen.G.Labonte@dot.nh.gov>; Cass, William <William.J.Cass@dot.nh.gov>; Lori Korzen <Lori.Korzen@gc.nh.gov>; John Sellers <John.Sellers@gc.nh.gov>; manastasia@sau36.org
**Subject:** Information Request Regarding DOT Rules; the status or removal of a public crosswalk
**Importance:** High

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

---

William J. Cass, P.E.
Commissioner
New Hampshire Department of Transportation
7 Hazen Drive
P.O. Box 483
Concord, NH 03302-0483

Dear Commissioner Cass,

I'm writing to report an issue and a concern I have regarding the (what I believe to be) unauthorized closure of a public crosswalk (Specifically a written unsigned request not to use it) at Whitefield Elementary School (WES); and unauthorized traffic control and traffic control devices at that crosswalk by WES staff.

I've raised this issue to the Principle, as well as the Superintendent of SAU36 (carbon copied for informational purposes) who asked for the specific statutes I believe to be violated by the school; and I've filed a written complaint with the local police department concerning the following; and I ask for the Department of Transportations opinion and confirmation that:

Elementary School Staff do not have authority to direct traffic under RSA 236:1

Elementary School Staff do not have authority to direct traffic under RSA 265:23

Elementary School Staff do not have authority to direct traffic under RSA 265:3

Elementary School Staff do not have authority to direct traffic under RSA 154:7

RSA 265:35 concerns the right of way of pedestrians in a crosswalk (Pedestrians have the right of way)

RSA 265:36 (I) Requires pedestrians to yield the right of way when NOT using a crosswalk or in this case if the crosswalk use is being improperly interfered with.

As you know, crosswalks play a vital role in ensuring pedestrian safety, with respect to the aforementioned, and with specific consideration regarding LSR 26-2717 I would like to understand the following:

1. Do elementary school staff, principals, superintendents have the authority to create laws rules or regulation, or does that power rest with the Legislature and those granted power by the Legislature?

2. Could the elementary school staff incur Civil Liabilities for such obstructions under RSA 236:39 as the placed impedance cause a defect in the normal operation of the crosswalk?

3. Who has the authority to remove such obstructions under RSA 236:29?

4. Could the removal or closure of the crosswalk constitute an insufficiency that would expose the municipality to liability under NH RSA 231:90-92?

5. Does the closure of a crosswalk violate any due process clause or procedure such as those outlined in US Constitution

6. Is there anything within the Manual on Uniform Traffic Control Devices that provides consistent guidance with the actions taken by Whitefield Elementary School?

7. Has the NH DoT authorized Whitefield Elementary School or its agents to make any such changes as described above?

8. Has the NH DoT itself made any such changes to the crosswalk(s) at Whitefield Elementary School?

9. Is the NH DoT aware of any documented process reflecting the changes to the crosswalk as described above?

10. Does the NH DoT have an opinion on LSR 26-2717?

11. If the local municipality refuses to enforce the provisions of the aforementioned statutes, outside a lawsuit seeking a writ of mandamus and/or declaratory judgment, what other remedies exist to compel compliance?

12. Does the Department have any concerns or any examples of protestors that have improperly blocked Traffic and/or pedestrian access to crosswalks?

I would appreciate receiving any relevant documentation, guidelines, or instructions that provide answers to the aforementioned questions as soon as reasonably possible.

Thank you for your attention to this matter. I look forward to your response and guidance regarding pedestrian safety standards and crosswalk regulations in New Hampshire.

Sincerely,

Hon. Joseph J Barton

Grafton District 1

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

Good evening. My name is Representative Joseph Barton, and I am here tonight because the district and the Whitefield Police Department jointly issued a no-trespass order against me on October 24th without notice, without cause, and without lawful authority. What happened to me is not just improper—it is constitutionally impermissible.

I. Retaliation for Protected Speech

First, retaliation for protected speech is unlawful.

The U.S. Supreme Court has repeatedly held that government officials may not punish a person for petitioning the government or speaking on matters of public concern.

In Pickering v. Board of Education (1968), the Court made clear that public bodies may not retaliate against individuals for protected speech.

In Nieves v. Bartlett (2019) and Hartman v. Moore (2006), the Court reaffirmed that retaliatory government action violates the First Amendment when protected activity is a substantial motivating factor.

The First Circuit is explicit. In Barton v. Clancy, 632 F.3d 9 (1st Cir. 2011), the Court held that government officials violate 42 U.S.C. § 1983 when they retaliate against an individual for engaging in First Amendment-protected activity, and that such retaliation is actionable even if masked as administrative measures.

The timing here is not subtle. I submitted a Request for Review to the Attorney General's Office and filed Legislative Service Request—LSR 26-2717—concerning conduct inside this district. Within days, the district and police issued a no-trespass order with no reason given at all. That meets the definition of unconstitutional retaliation under Mt. Healthy City Board of Ed. v. Doyle (1977).

II. Due Process Violations

Second, the order violates due process under the Fourteenth Amendment.

Under Mathews v. Eldridge (1976) and Cleveland Board of Education v. Loudermill (1985), before the government deprives someone of a protected interest, it must provide notice and an opportunity to be heard.

Courts specifically addressing school-based trespass orders have held that they implicate parental liberty interests and require process.

See Catron v. City of St. Petersburg (11th Cir. 2011) and Johnson v. Perry (6th Cir. 2017).

I received no notice, no allegation, no hearing, and no explanation—a textbook due-process violation.

### III. Interference with Parental Rights

Third, the order unconstitutionally interferes with my fundamental parental rights.

The Supreme Court has long recognized that parents have a fundamental right to direct the upbringing and education of their children—from Pierce v. Society of Sisters (1925) to Troxel v. Granville (2000).

This order blocks me from attending IEP meetings, coordinating special education services, picking up my child safely, and participating in school functions and events.

IDEA and FERPA codify many of these rights and do not permit exclusion without cause. **Interference with these rights will have consequences.**

### IV. Lack of Statutory or Policy Authority

Fourth, the district cannot cite any statute, regulation, or policy authorizing unilateral no-trespass orders under these circumstances.

In State v. Lilley (N.H. 2017), the New Hampshire Supreme Court made clear that restrictions on access to public property—including schools—must be reasonable, content-neutral, and grounded in lawful authority.

This order was none of those things.

### V. Potential Emoluments Issue

Fifth, I must raise an additional concern: possible violation of New Hampshire's constitutional prohibition on unauthorized emoluments.

Part II, Article 15 bars public officials from conferring any benefit, privilege, or advantage not authorized by law. A retaliatory no-trespass order that shields district officials from scrutiny by a legislator performing official duties could constitute an unconstitutional "emolument".

In Opinion of the Justices, 118 N.H. 582 (1978), the Court emphasized that any advantage created through misuse of official authority violates Article 15.

I raise this not to accuse but to highlight the severity of the legal danger created by this action.

### VI. Conclusion

I have already submitted a formal written demand for rescission or written justification. I expect compliance.

Tonight, I ask the School Board—the body actually responsible—to intervene, review this action, and restore the rule of law in this district. Thank you.

**Marion Anastasia <manastasia@sau36.org>**

---

# Fwd: SAU36 VIOLATION OF LAW

1 message

---

**Marion Anastasia** <manastasia@sau36.org> Wed, Sep 10, 2025 at 7:50 AM
To: Sharal Plumley <splumley@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Rob Scott <robscott@sau36.org>

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

---------- Forwarded message ---------
From: **Joseph Barton** <Joseph.Barton@gc.nh.gov>
Date: Wed, Sep 10, 2025 at 7:46 AM
Subject: SAU36 VIOLATION OF LAW
To: manastasia@sau36.org <manastasia@sau36.org>

Marion,

Back in May I sent an information request to Principal Plumley that went unanswered. As the new school year commenced I'm informed that the unlawful practice of blocking/impeding a designated crosswalk is ongoing which violates the RSAs. Additionally, untrained and unauthorized individuals are conducting traffic.

The intermittent daily closing of the crosswalk does not satisfy any of the emergency criterion in the statute. The individuals conducting traffic appear to be employees of the school; no handheld stop signs or High Visibility vests.

I'm requesting that these activities cease, and that a more lawful approach be employed.

1. Have the Local PD direct Traffic during high pedestrian use of the crosswalk.
2. Do NOT close or impede the crosswalk

Although I fully support increased safety during times of high traffic, there's a lawful way to do things, and there's Principal Plumley's way of doing things (which need to be corrected)

In Littleton they have a Police Presence and dedicated Traffic Control at two crosswalks to the elementary school. Traffic yields to pedestrians not the other way around. At the WES, pedestrians are forced to yield to traffic, and you have individuals directing traffic that are untrained, lack the sufficient tools, and finally lack the authority to do.

Please advise me of the course of actions no later than 9/12/25 2:20 PM.

v/r

Hon. Joseph J Barton
Grafton District 1

---

**From:** joebarton <joebarton@comcast.net>
**Sent:** Monday, May 5, 2025 1:49 PM
**To:** Sharal Plumley <splumley@sau36.org>; Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** Re: REMINDERS | Parent pick-up and drop-off

Caution! This message was sent from outside your organization.

Principal Plumley,

I Initially believed the blockage of the crosswalk had something to do with wonter weather from an earlier publication, but now it seems to have become a permanent policy

I request the following information:

1. For what reasons is the main crosswalk blockaded?

2. What law rule or regulation authorizes the blockage, be it permanent or temporary, of the main crosswalk and/or steps?

3. Have any signs been posted indicating the blockages?

4. Please identify any exceptions made regarding bypassing the crosswalk impediments. If none, so state.

V/R

Hon. Joseph J Barton
Grafton 01
.

On May 5, 2025 at 1:40 PM, Whitefield Elementary School <noreply@sau36.org> wrote:

Good afternoon WES families,

With the start of a new quarter, there will also be staff changes during our dismissal procedure. For parent pick-ups, please display your child's name in the windshield of your vehicle (large enough to read). It appears the warmer weather is here to stay so we ask that you continue to follow the pick-up line procedure and remain in your vehicles. Please avoid parking and walking up to the main entrance at dismissal time. We kindly ask that you pass this message on to family and friends who regularly pick-up your child.

Thank you in advance for your cooperation,

Mrs. Plumley

**Marion Anastasia <manastasia@sau36.org>**

# Re: SAU36 VIOLATION OF LAW

1 message

**Joseph Barton** <Joseph.Barton@gc.nh.gov> Wed, Sep 10, 2025 at 9:22 PM
To: Marion Anastasia <manastasia@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, "Mike L." <mlaska@sau36.org>, Rob Scott <robscott@sau36.org>, Lori Korzen <Lori.Korzen@gc.nh.gov>

Marion et-al,

Whitefield Police was NOT site last friday. Or last monday morning.

I'm a STATE Representative, there is no "jurisdictional" restriction.

I very clearly identified the two unlawful acts,

1. Directing traffic without authorization
2. Impeding a public crosswalk.

I invite you to talk to Chief Samson about he pertinent RSAs.

I am writing in my capacity as a State Legislator, and therefore I am using my legislative E-Mail your request is respectfully denied.

I would like to attend you safety committee meeting. Please provide the time and place of that meeting.

v/r

Hon. Joseph J Barton

---

**From:** Marion Anastasia <manastasia@sau36.org>
**Sent:** Wednesday, September 10, 2025 1:43 PM
**To:** Joseph Barton <Joseph.Barton@gc.nh.gov>; Jennifer Lemoine <jlemoine@sau36.org>; Mike L. <mlaska@sau36.org>; Rob Scott <robscott@sau36.org>
**Subject:** Re: SAU36 VIOLATION OF LAW

Caution! This message was sent from outside your organization.

Dear Joseph,
I would like you to provide me with the specific **RSA**(s) that you are referring to - the school is not on a town highway- We have the Whitefield Police present on campus who are aware of the traffic; so I am confused about "unlawful practices".
We have a safety committee meeting next week where this will be brought up and addressed.
Also, can you please use your personal email in any further correspondence? I feel that you are using your work email inappropriately- we are out of your **Grafton 01 jurisdiction**.
Thank you!

Best,
Marion

On Wed, Sep 10, 2025 at 7:46 AM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:

Marion,

Back in May I sent an information request to Principal Plumley that went unanswered. As the new school year commenced I'm informed that the unlawful practice of blocking/impeding a designated crosswalk is ongoing which violates the RSAs. Additionally, untrained and unauthorized individuals are conducting traffic.

The intermittent daily closing of the crosswalk does not satisfy any of the emergency criterion in the statute. The individuals conducting traffic appear to be employees of the school; no handheld stop signs or High Visibility vests.

I'm requesting that these activities cease, and that a more lawful approach be employed.

1. Have the Local PD direct Traffic during high pedestrian use of the crosswalk.
2. Do NOT close or impede the crosswalk

Although I fully support increased safety during times of high traffic, there's a lawful way to do things, and there's Principal Plumley's way of doing things (which need to be corrected)

In Littleton they have a Police Presence and dedicated Traffic Control at two crosswalks to the elementary school. Traffic yields to pedestrians not the other way around. At the WES, pedestrians are forced to yield to traffic, and you have individuals directing traffic that are untrained, lack the sufficient tools, and finally lack the authority to do.

Please advise me of the course of actions no later than 9/12/25 2:20 PM.

v/r

Hon. Joseph J Barton
Grafton District 1

---

**From:** joebarton <joebarton@comcast.net>
**Sent:** Monday, May 5, 2025 1:49 PM
**To:** Sharal Plumley <splumley@sau36.org>; Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** Re: REMINDERS | Parent pick-up and drop-off

Caution! This message was sent from outside your organization.

Principal Plumley,

I Initially believed the blockage of the crosswalk had something to do with wonter weather from an earlier publication, but now it seems to have become a permanent policy

I request the following information:

1. For what reasons is the main crosswalk blockaded?

2. What law rule or regulation authorizes the blockage, be it permanent or temporary, of the main crosswalk and/or steps?

3. Have any signs been posted indicating the blockages?

4. Please identify any exceptions made regarding bypassing the crosswalk impediments. If none, so state.

V/R

Hon. Joseph J Barton
Grafton 01
.

> On May 5, 2025 at 1:40 PM, Whitefield Elementary School <noreply@sau36.org> wrote:
>
> Good afternoon WES families,
>
> With the start of a new quarter, there will also be staff changes during our dismissal procedure. For parent pick-ups, please display your child's name in the windshield of your vehicle (large enough to read). It appears the warmer weather is here to stay so we ask that you continue to follow the pick-up line procedure and remain in your vehicles. Please avoid parking and walking up to the main entrance at dismissal time. We kindly ask that you pass this message on to family and friends who regularly pick-up your child.
>
> Thank you in advance for your cooperation,
>
> Mrs. Plumley

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Exhibit T – Bates T0109**

**Marion Anastasia <manastasia@sau36.org>**

# Re: SAU36 VIOLATION OF LAW

1 message

**Mike L.** <mlaska@sau36.org> Wed, Sep 10, 2025 at 3:07 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: Jennifer Lemoine <jlemoine@sau36.org>, Rob Scott <robscott@sau36.org>

Excellent response to that email.

If this continues, I would recommend reaching out to the Judicial Conduct Committee. Judicial Conduct Committee | New Hampshire Judicial Branch

On Wed, Sep 10, 2025 at 1:44 PM Marion Anastasia <manastasia@sau36.org> wrote:

> Dear Joseph,
> I would like you to provide me with the specific **RSA**(s) that you are referring to - the school is not on a town highway-
> We have the Whitefield Police present on campus who are aware of the traffic; so I am confused about "unlawful practices".
> We have a safety committee meeting next week where this will be brought up and addressed.
> Also, can you please use your personal email in any further correspondence? I feel that you are using your work email inappropriately- we are out of your **Grafton 01 jurisdiction**.
> Thank you!
> Best,
> Marion
>
> On Wed, Sep 10, 2025 at 7:46 AM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:
>
>> Marion,
>>
>> Back in May I sent an information request to Principal Plumley that went unanswered. As the new school year commenced I'm informed that the unlawful practice of blocking/impeding a designated crosswalk is ongoing which violates the RSAs. Additionally, untrained and unauthorized individuals are conducting traffic.
>>
>> The intermittent daily closing of the crosswalk does not satisfy any of the emergency criterion in the statute. The individuals conducting traffic appear to be employees of the school; no handheld stop signs or High Visibility vests.
>>
>> I'm requesting that these activities cease, and that a more lawful approach be employed.
>>
>> 1. Have the Local PD direct Traffic during high pedestrian use of the crosswalk.
>> 2. Do NOT close or impede the crosswalk
>>
>> Although I fully support increased safety during times of high traffic, there's a lawful way to do things, and there's Principal Plumley's way of doing things (which need to be corrected)
>>
>> In Littleton they have a Police Presence and dedicated Traffic Control at two crosswalks to the elementary school. Traffic yields to pedestrians not the other way around. At the WES, pedestrians are forced to yield to traffic, and you have individuals directing traffic that are untrained, lack the sufficient tools, and finally lack the authority to do.
>>
>> Please advise me of the course of actions no later than 9/12/25 2:20 PM.

v/r

Hon. Joseph J Barton
Grafton District 1

---

**From:** joebarton <joebarton@comcast.net>
**Sent:** Monday, May 5, 2025 1:49 PM
**To:** Sharal Plumley <splumley@sau36.org>; Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** Re: REMINDERS | Parent pick-up and drop-off

Caution! This message was sent from outside your organization.

Principal Plumley,

I Initially believed the blockage of the crosswalk had something to do with wonter weather from an earlier publication, but now it seems to have become a permanent policy

I request the following information:

1. For what reasons is the main crosswalk blockaded?

2. What law rule or regulation authorizes the blockage, be it permanent or temporary, of the main crosswalk and/or steps?

3. Have any signs been posted indicating the blockages?

4. Please identify any exceptions made regarding bypassing the crosswalk impediments. If none, so state.

V/R

Hon. Joseph J Barton
Grafton 01
.

On May 5, 2025 at 1:40 PM, Whitefield Elementary School <noreply@sau36.org> wrote:

Good afternoon WES families,

With the start of a new quarter, there will also be staff changes during our dismissal procedure. For parent pick-ups, please display your child's name in the windshield of your vehicle (large enough to read). It appears the warmer weather is here to stay so we ask that you continue to follow the pick-up line procedure and remain in your vehicles. Please avoid parking and walking up to the main entrance at dismissal time. We kindly ask that you pass this message on to family and friends who regularly pick-up your child.

Thank you in advance for your cooperation,

Mrs. Plumley

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--
**Officer M. Laska**
WMRHS Resource Officer
*Certified Social Media Intelligence Analyst*
Whitefield Police Department
Ph. 603-837-9086

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

**Marion Anastasia <manastasia@sau36.org>**

---

# Re: SAU36 VIOLATION OF LAW

1 message

---

**Marion Anastasia** <manastasia@sau36.org> Thu, Sep 11, 2025 at 12:51 PM
To: Joseph Barton <Joseph.Barton@gc.nh.gov>
Cc: Jennifer Lemoine <jlemoine@sau36.org>, "Mike L." <mlaska@sau36.org>, Rob Scott <robscott@sau36.org>, Lori Korzen <Lori.Korzen@gc.nh.gov>

The next safeety committee (of the board) is on Oct 1, 2025 at 7:00 AM. I am unseure of the location- Mr. Scott will inform you of the location when the time gets closer.
Marion

On Wed, Sep 10, 2025 at 9:22 PM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:

> Marion et-al,
>
> Whitefield Police was NOT site last friday. Or last monday morning.
>
> I'm a STATE Representative, there is no "jurisdictional" restriction.
>
> I very clearly identified the two unlawful acts,
>
> 1. Directing traffic without authorization
> 2. Impeding a public crosswalk.
>
> I invite you to talk to Chief Samson about he pertinent RSAs.
>
> I am writing in my capacity as a State Legislator, and therefore I am using my legislative E-Mail your request is respectfully denied.
>
> I would like to attend you safety committee meeting. Please provide the time and place of that meeting.
>
> v/r
>
> Hon. Joseph J Barton
>
> ---
>
> **From:** Marion Anastasia <manastasia@sau36.org>
> **Sent:** Wednesday, September 10, 2025 1:43 PM
> **To:** Joseph Barton <Joseph.Barton@gc.nh.gov>; Jennifer Lemoine <jlemoine@sau36.org>; Mike L. <mlaska@sau36.org>; Rob Scott <robscott@sau36.org>
> **Subject:** Re: SAU36 VIOLATION OF LAW
>
> Caution! This message was sent from outside your organization.
>
> Dear Joseph,

I would like you to provide me with the specific **RSA**(s) that you are referring to - the school is not on a town highway-
We have the Whitefield Police present on campus who are aware of the traffic; so I am confused about "unlawful practices".
We have a safety committee meeting next week where this will be brought up and addressed.
Also, can you please use your personal email in any further correspondence? I feel that you are using your work email inappropriately- we are out of your **Grafton 01 jurisdiction**.
Thank you!
Best,
Marion

On Wed, Sep 10, 2025 at 7:46 AM Joseph Barton <Joseph.Barton@gc.nh.gov> wrote:

> Marion,
>
> Back in May I sent an information request to Principal Plumley that went unanswered. As the new school year commenced I'm informed that the unlawful practice of blocking/impeding a designated crosswalk is ongoing which violates the RSAs. Additionally, untrained and unauthorized individuals are conducting traffic.
>
> The intermittent daily closing of the crosswalk does not satisfy any of the emergency criterion in the statute. The individuals conducting traffic appear to be employees of the school; no handheld stop signs or High Visibility vests.
>
> I'm requesting that these activities cease, and that a more lawful approach be employed.
>
> 1. Have the Local PD direct Traffic during high pedestrian use of the crosswalk.
> 2. Do NOT close or impede the crosswalk
>
> Although I fully support increased safety during times of high traffic, there's a lawful way to do things, and there's Principal Plumley's way of doing things (which need to be corrected)
>
> In Littleton they have a Police Presence and dedicated Traffic Control at two crosswalks to the elementary school. Traffic yields to pedestrians not the other way around. At the WES, pedestrians are forced to yield to traffic, and you have individuals directing traffic that are untrained, lack the sufficient tools, and finally lack the authority to do.
>
> Please advise me of the course of actions no later than 9/12/25 2:20 PM.
>
> v/r
>
> Hon. Joseph J Barton
> Grafton District 1
>
> ---
>
> **From:** joebarton <joebarton@comcast.net>
> **Sent:** Monday, May 5, 2025 1:49 PM
> **To:** Sharal Plumley <splumley@sau36.org>; Joseph Barton <Joseph.Barton@gc.nh.gov>
> **Subject:** Re: REMINDERS | Parent pick-up and drop-off
>
> Caution! This message was sent from outside your organization.
>
> Principal Plumley,

I initially believed the blockage of the crosswalk had something to do with wonter weather from an earlier publication, but now it seems to have become a permanent policy

I request the following information:

1. For what reasons is the main crosswalk blockaded?

2. What law rule or regulation authorizes the blockage, be it permanent or temporary, of the main crosswalk and/or steps?

3. Have any signs been posted indicating the blockages?

4. Please identify any exceptions made regarding bypassing the crosswalk impediments. If none, so state.

V/R

Hon. Joseph J Barton
Grafton 01
.

On May 5, 2025 at 1:40 PM, Whitefield Elementary School <noreply@sau36.org> wrote:

Good afternoon WES families,

With the start of a new quarter, there will also be staff changes during our dismissal procedure. For parent pick-ups, please display your child's name in the windshield of your vehicle (large enough to read). It appears the warmer weather is here to stay so we ask that you continue to follow the pick-up line procedure and remain in your vehicles. Please avoid parking and walking up to the main entrance at dismissal time. We kindly ask that you pass this message on to family and friends who regularly pick-up your child.

Thank you in advance for your cooperation,

Mrs. Plumley

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Confidentiality Notice**

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly

> prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

**Sharal Plumley <splumley@sau36.org>**

# Fwd: SAU36 VIOLATION OF LAW

4 messages

**Marion Anastasia** <manastasia@sau36.org> Wed, Sep 10, 2025 at 7:50 AM
To: Sharal Plumley <splumley@sau36.org>, Jennifer Lemoine <jlemoine@sau36.org>, Rob Scott <robscott@sau36.org>

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

---------- Forwarded message ---------
From: **Joseph Barton** <Joseph.Barton@gc.nh.gov>
Date: Wed, Sep 10, 2025 at 7:46 AM
Subject: SAU36 VIOLATION OF LAW
To: manastasia@sau36.org <manastasia@sau36.org>

Marion,

Back in May I sent an information request to Principal Plumley that went unanswered. As the new school year commenced I'm informed that the unlawful practice of blocking/impeding a designated crosswalk is ongoing which violates the RSAs. Additionally, untrained and unauthorized individuals are conducting traffic.

The intermittent daily closing of the crosswalk does not satisfy any of the emergency criterion in the statute. The individuals conducting traffic appear to be employees of the school; no handheld stop signs or High Visibility vests.

I'm requesting that these activities cease, and that a more lawful approach be employed.

1. Have the Local PD direct Traffic during high pedestrian use of the crosswalk.
2. Do NOT close or impede the crosswalk

Although I fully support increased safety during times of high traffic, there's a lawful way to do things, and there's Principal Plumley's way of doing things (which need to be corrected)

In Littleton they have a Police Presence and dedicated Traffic Control at two crosswalks to the elementary school. Traffic yields to pedestrians not the other way around. At the WES, pedestrians are forced to yield to traffic, and you have individuals directing traffic that are untrained, lack the sufficient tools, and finally lack the authority to do.

Please advise me of the course of actions no later than 9/12/25 2:20 PM.

v/r

Hon. Joseph J Barton
Grafton District 1

---

**From:** joebarton <joebarton@comcast.net>
**Sent:** Monday, May 5, 2025 1:49 PM
**To:** Sharal Plumley <splumley@sau36.org>; Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** Re: REMINDERS | Parent pick-up and drop-off

Caution! This message was sent from outside your organization.

Principal Plumley,

I Initially believed the blockage of the crosswalk had something to do with wonter weather from an earlier publication, but now it seems to have become a permanent policy

I request the following information:

1. For what reasons is the main crosswalk blockaded?

2. What law rule or regulation authorizes the blockage, be it permanent or temporary, of the main crosswalk and/or steps?

3. Have any signs been posted indicating the blockages?

4. Please identify any exceptions made regarding bypassing the crosswalk impediments. If none, so state.

V/R

Hon. Joseph J Barton
Grafton 01

On May 5, 2025 at 1:40 PM, Whitefield Elementary School <noreply@sau36.org> wrote:

Good afternoon WES families,

With the start of a new quarter, there will also be staff changes during our dismissal procedure. For parent pick-ups, please display your child's name in the windshield of your vehicle (large enough to read). It appears the warmer weather is here to stay so we ask that you continue to follow the pick-up line procedure and remain in your vehicles. Please avoid parking and walking up to the main entrance at dismissal time. We kindly ask that you pass this message on to family and friends who regularly pick-up your child.

Thank you in advance for your cooperation,

Mrs. Plumley

Confidentiality Notice

The information contained in this communication, including any attachments, is confidential, constitutes privileged communication, and is intended only for the use of the addressee. The information in this e-mail is also protected by the rights afforded under Family Educational Rights and Privacy Act (FERPA) and school district policies. Any unauthorized use, forwarding, distribution, disclosure, printing or copying is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately via return e-mail, and delete any copies of this message immediately.

---

**Marion Anastasia** <manastasia@sau36.org> Wed, Sep 10, 2025 at 1:20 PM
To: Jennifer Lemoine <jlemoine@sau36.org>, Sharal Plumley <splumley@sau36.org>, Rob Scott <robscott@sau36.org>

Any ideas on how to respond to this? Thanks! Marion
[Quoted text hidden]
--

Marion Anastasia, Ed.D.
Superintendent, SAU #36
White Mountains Regional School District
135 Regional Road
Whitefield, NH 03598
(603) 837-9363
www.sau36.org

[Quoted text hidden]

---

**Sharal Plumley** <splumley@sau36.org> Wed, Sep 10, 2025 at 4:47 PM
To: Marion Anastasia <manastasia@sau36.org>
Cc: Jennifer Lemoine <jlemoine@sau36.org>, Rob Scott <robscott@sau36.org>, Kelly Smith <kfuller@sau36.org>

Could we get some guidance from Barbara? The RSA Joe is citing is through Motor Vehicle Rules of the Road. Are there school safety laws that address this?

We block the stairs and crosswalk right in front of the building only during arrival and dismissal times because we've had some close calls with kids darting out and drivers not paying attention. Parents are focused on watching their student walk into the building and may not be paying adequate attention to the crosswalk. We've requested that families, students, and staff use the crosswalk near the playground, as it is away from the congestion and beyond the main entrance, where the lack of focus is most prevalent. Joe did not like the explanation I gave him on Monday morning and stated he shouldn't have to carry his daughter all the way to the other crosswalk.

Joe drops off on Monday morning and picks up on Friday afternoon. Those are the only times there is an issue. When his daughter arrives with her mom in the morning, they walk to the other crosswalk and she picks up through the pick-up lane at the end of the day. The first week or two, Joe dropped off in the drop-off lane like everyone else, which seemed to go fine. Alternatively, Joe could go through the drop-off and pick-up line like the other parents.

I will add that last Friday, he was rude and disrespectful to the staff outside at dismissal, causing a scene in front of students. On Monday, he kicked the cones out of the way in front of the vehicles in the drop-off lane, creating another scene. No other parents have made an issue. Perhaps if he followed the protocol that we've outlined for drop-off and pick-up this wouldn't be an issue for him.

Sharal

[Quoted text hidden]

---

**Marion Anastasia** <manastasia@sau36.org> Wed, Sep 10, 2025 at 6:01 PM
To: Sharal Plumley <splumley@sau36.org>
Cc: Jennifer Lemoine <jlemoine@sau36.org>, Rob Scott <robscott@sau36.org>, Kelly Smith <kfuller@sau36.org>

We can talk tomorrow afternoon - Tob and I are in Colebrook for the morning
M
[Quoted text hidden]
[Quoted text hidden]

An incident occurred during afternoon student pickup involving Joe (a parent). Who displayed a disregard for established safety protocols and led to reckless driving behavior.

Joe has been a consistent issue regarding pickup procedures. He frequently bypasses staff members who remind parents to use the designated crosswalk and not interfere with the safety cones. His actions repeatedly suggest he believes established safety rules do not apply to him.

On this particular Friday, the situation escalated. Joe again approached the building via the steps and, upon seeing the safety cones already set up to delineate the crosswalk, he deliberately pushed one cone out of its proper position. In response to this clear violation of safety procedures, the child's Paraprofessional, adhering strictly to safety rules, completely bypassed Joe and escorted the child to an alternative, safe crosswalk for pickup.

This action visibly angered Joe. He hurried to his vehicle, leaving his tailgate unsecured, and immediately acted with recklessness. He reversed the car at excessive speed and then abruptly shifted into drive, accelerating rapidly. This reckless operation of the vehicle caused several of his personal belongings to be ejected from the unsecured tailgate and scattered across the pavement. Joe then stopped and parked the car, obstructing the flow of traffic by positioning the vehicle directly in the middle of the driveway.

While the Paraprofessional calmly and slowly assisted the child into the car, Joe was observed frantically attempting to retrieve his scattered belongings. This action further exacerbated the situation by briefly blocking the bottom parking lot entrance for a short period of time.

This statement is provided to formally document a pattern of unsafe behavior and the specific display of recklessness.