# Exhibit D

# State of New Hampshire

HOUSE OF REPRESENTATIVES
REPRESENTATIVE JOSEPH BARTON

Sworn Statement of Facts and Request for Review

State of New Hampshire; County of Coös

To: Chief of Police, Whitefield Police Department

Cc: Attorney General of New Hampshire
Speaker of the House, NH House of Representatives

I, Joseph J. Barton, being duly sworn, hereby state as follows:

1. I am a duly elected member of the New Hampshire House of Representatives.
2. On October 17th, 2025, while on the public-school grounds of Whitefield Elementary School, I approached a public crosswalk connecting portions of the property used by the public.
3. Under RSA 259:2, a 'crosswalk' is defined as: "That part of a highway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway; or any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface." RSA 259 notes that crosswalks may be established and maintained under the authority of the New Hampshire Department of Transportation (DOT).
4. I observed that a traffic cone had been placed in the center of the crosswalk, effectively obstructing it and impeding public use. To my knowledge, and upon information provided by the Chief of Police, the cone placement was unauthorized and not sanctioned by the DOT under RSA 259 or any other statute.
5. Believing this obstruction to be unauthorized and acting under my understanding of RSA 265:35 (Pedestrian Right of Way in Crosswalks), I removed the cone to restore access to the crosswalk.
6. Following this incident, I filed a formal complaint with the Whitefield Police Department, citing the relevant provisions of New Hampshire law, including but not limited to RSA 236:9-10, RSA 265:3-4, RSA 265:35, and RSA 259:2.
7. In my complaint, I also noted that a school staff member appeared to be directing traffic without statutory authority and that, during one occurrence, a vehicle was directed to proceed while my daughter and I were still within the crosswalk, narrowly avoiding a collision.

8. A Whitefield Police Officer later contacted me regarding the complaint. During this conversation, the officer stated that if I removed a cone again, I could be arrested under RSA 644:2 (Disorderly Conduct), explaining that the act of removing the cone could be perceived as intimidating.
9. I perceived the officer's threats as an attempt to intimidate me in my official capacity as a State Representative, specifically in relation to LSR 26-2717, a constituent request I was handling. I expressed my disagreement with that interpretation, citing RSA 265:35 and RSA 259:2, emphasizing that removal of an unauthorized obstruction in a public crosswalk cannot constitute disorderly conduct.
10. I submit this statement to formally request an administrative and legal review of: the authority under which crosswalks on school property are being obstructed; the legal basis for civilians (school staff) directing public vehicular traffic; and the propriety of any threats of arrest or enforcement action arising from my lawful exercise of public right-of-way, including any actions that could be perceived as attempting to intimidate a state representative.
11. I also request clarification on the potential liability of the Town of Whitefield and the involved law enforcement officer, including under RSA 231:92, RSA 507-B:4, and RSA 31:104.
12. This statement is made in good faith to ensure uniform adherence to public safety statutes and public access rights.

Signed under the pains and penalties of perjury this 20th day of October, 2025.

Hon. Joseph J. Barton; State Representative, Grafton District 01
120 Cottage Street, Littleton, NH 03561
joseph.barton@gc.nh.gov

Subscribed and sworn before me this 20th day of October 2025.

Notary Public / Justice of the Peace
Notary Public / JP My commission expires: 3-22-31