UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

JOSEPH J. BARTON,

Plaintiff,

v. Docket No. 1:25-cv-00451-LM-TSM

TOWN OF WHITEFIELD, NH, ET AL.,

Defendants.

**DEFENDANTS MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISCTRICT (SAU 36)'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRESERVATION**

NOW COME Defendants Marion Anastasia ("Superintendent Anastasia") and White Mountains Regional School District (SAU 36) (the "District") (each a "Defendant," and collectively, the "Defendants"), by and through their attorneys Morrison Mahoney LLP, and submit the following memorandum of law in support of their objection to Plaintiff's "motion to compel preservation of evidence" (Doc. 9):

## Introduction and Background

This matter arises out of Plaintiff's refusal to abide by reasonable safety measures imposed by administrators at the Whitefield Elementary School to direct traffic on school grounds during student drop off. Based upon a pattern of escalating behavior by Plaintiff, including deliberately moving traffic cones and ignoring staff instructions, the District served Plaintiff with a no-trespass order dated October 24, 2025. Plaintiff thereafter initiated this litigation seeking various declarations about the situation and other forms of relief.

On November 25, the Plaintiff sent the District an overbroad preservation letter, to which the undersigned replied. *See* Def's Ex. A (email exchange with Plaintiff). In that reply,

counsel for the District confirmed that reasonable measures would be undertaken to preserve relevant and necessary material. *Id.* Counsel for the District also joined in the concerns expressed by co-Defendant about the scope and breadth of the preservation request, particularly as it sought to require the SAU to suspend "routine deletion or archival processes currently in place" concerning virtually all documentation or other material within the District. *Id.*

In his final response concerning this preservation demand sent on December 2, 2025, the Plaintiff demanded more information from the District by December 9, 2025 and invited a further dialog on the issue prior to that date. *Id.*

Rather than waiting for any further conversation about this issue or waiting for his own self-imposed December 9 deadline to expire, Plaintiff filed his "motion to compel preservation of evidence" on December 4, 2025. Plaintiff's motion was filed before the Defendants had or were even required to respond to his Complaint.

On December 8, 2025, the Plaintiff filed his First Amended Complaint.

On December 16, 2025, Defendants filed their motion to dismiss all of the Plaintiff's claims against them in this matter.

## <u>Argument</u>

The demands made by Plaintiff in his pending "motion to compel preservation" are premature, unnecessary, and not supported by law or the circumstances of this case. As a preliminary matter, the District has already confirmed that it intends to undertake reasonable measures to search for and preserve potentially relevant material within its possession. Locating and producing that material is already underway as Plaintiff has sent several "right to know" requests to the District under N.H. RSA 91-A, one of which has already

been addressed (several remain outstanding as of this date). Requiring that the District take the additional steps requested by Plaintiff – namely immediately halting any routine deletion practices – is overly broad and not practically feasible. The School has, for example, exterior surveillance cameras that record video and overwrite the storage drive as space is required. While the District has made efforts to preserve any videos showing the Plaintiff during the relevant October period in question, there is no need to halt that routine overwriting practice as well – particularly since the Plaintiff has not set foot on school grounds since his no trespass order was issued and there is consequently no relevant footage that needs to be saved from deletion at this point. Whatever relevant videos existed when the District was served with this lawsuit have been preserved, but even by then all video of the Plaintiff at the School had been overwritten unless specifically preserved. There is no need to prevent further deletion practices.

The same is true for all other storage systems in place at the District. A search is underway (and has been underway) to identify relevant material and safeguard it. If relevant material is found, the District has indicated it will take reasonable efforts to preserve it as it is already obligated to do under federal procedural law. The District should not also now be required to "suspend all routine deletion and purge processes" across the District as that has implications that go well beyond the needs of this case. There are only a few potential custodians and a very limited relevant time period, so imposing a complete ban on routine deletion would be unreasonably problematic in this case.

Moreover, the relief requested by Plaintiff is completely unnecessary given that the Defendant are already subject to the requirements imposed generally upon all litigants by

Federal Rule of Civil Procedure 37(e). Plaintiff's motion asks this Court to impose what amounts to duplicative obligations.

Plaintiff's rush to the courthouse is also premature as there is no indication that Defendants are refusing to comply with their preservation obligations and no indication that any relevant material is likely to be lost absent additional intervention from this Court. There would also potentially be relief available to Plaintiff if it later turns out that Defendants did not preserve material that should have been saved. *See Postle v. SilkRoad Tech., Inc.*, No. 18-CV-224-JL, 2019 WL 692944, at *1 (D.N.H. Feb. 19, 2019) (unreported) (discussing the potential sanctions that can be imposed under Rule 37(e) if the court finds prejudice from the loss of information). Plaintiff's motion essentially invites the Court to address a hypothetical, imagined discovery concern. The Court should refuse to take up that invitation and should deny the Plaintiff's motion. If an actual preservation dispute arises later and if the Defendants are still party to this case, Plaintiff could then bring such an issue to the Court.

As the Co-Defendants appropriately noted in their similar objection, "open-ended suspension of the operation of retention policies is rarely required." *Boudreau v. Petit*, No. CV 17-301MSM, 2025 WL 553975, at *2 (D.R.I. Feb. 19, 2025) (citing *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (noting that entities would be crippled if law imposes duty to "preserve every shred of paper, every e-mail or electronic document, and every backup tape" upon receipt of notice of litigation or threat of litigation)." The *Boudreau* court further observed that "aggressive preservation efforts can be extremely costly, and parties (including governmental parties) may have limited staff and resources to devote to those efforts." *Id.* That is exactly the situation here. The Plaintiff's request for

"open-ended suspension" of the District's routine business practices is not necessary and should not be required by this Court.

Plaintiff's "motion to compel preservation of evidence" should accordingly be denied.

Respectfully submitted,

MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISCTRICT (SAU 36)

MORRISON MAHONEY LLP

December 17, 2025 By */s/ Adam R. Mordecai*

Adam R. Mordecai, #17727
amordecai@morrisonmahoney.com
R.J. Meurin, #266219
rmeurin@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone: 603-622-3400
Fax: 603-622-3466

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all Parties and counsel via ECF.

/s/ Adam R. Mordecai
Adam R. Mordecai, #17727