**Mordecai, Adam**

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Tuesday, December 2, 2025 8:28 AM
**To:** Mordecai, Adam
**Subject:** Re: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

**External Email from Joseph Barton <joseph.barton@gc.nh.gov>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Mr. Mordecai,

Regarding your shared concerns to Sections IV and V of the litigation-hold notice. I must respectfully disagree.

Once litigation is reasonably anticipated, the school district and its departments have a **mandatory duty to preserve relevant evidence** and to **suspend all routine deletion or automated purge processes**. Courts consistently enforce this duty.

- Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003)
- Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251 (D. Md. 2008)
- Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001)
- Borum v. Brentwood Vill., LLC, 332 F.R.D. 245 (E.D. Tenn. 2019)
- Smith v. City of New Orleans, 2020 WL 5570296 (E.D. La. 2020)

Additionally, the duty to preserve includes **communication and oversight**: confirming that deletion has been suspended, identifying custodians, and ensuring preservation steps are implemented. See, e.g., Elgamil v. Syracuse Univ., 48 F.4th 416 (2d Cir. 2022), Johnson v. Gordon, 391 F. Supp. 3d 349 (S.D.N.Y. 2019), and Yu v. Est. of LaChance, 2019 WL 7420857 (D. Colo. 2019).

To comply, please provide written confirmation that the Superintendent, and the School Board/District and relevant custodians have:

1. Suspended all routine deletion and purge processes for emails, messages, logs, and recordings;
2. Identified custodians and data repositories;
3. Issued litigation-hold notices;
4. Reported any data lost prior to the hold or otherwise irretrievable.

Please provide confirmation by December 9th, 2025. I remain available to meet and confer on a reasonable, proportionate preservation plan.

Sincerely,
Joseph J. Barton
Plaintiff, Pro Se

---

**From:** Mordecai, Adam <AMordecai@morrisonmahoney.com>
**Sent:** Monday, December 1, 2025 4:49 PM
**To:** Christine Friedman <chris@friedmanfeeney.com>; Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** RE: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

Caution! This message was sent from outside your organization.

Mr. Barton,

As I believe you are by now aware, I've been retained to represent Superintendent Anastasia and the White Mountains Regional School District. Please forward any further communications regarding this matter to my attention rather than to the SAU.

I understand that you have sent a similar preservation letter to the SAU. To the extent the SAU possesses any information concerning the claims or defenses at issue in this matter, the SAU will likewise take reasonable measures to preserve that material. I join in Attorney Friedman's concerns about the scope your request, however, particularly as it concerns routine deletion practices. The SAU will endeavor to preserve relevant documentation, but I am not aware of any authority that would mandate it otherwise suspend "routine deletion or archival processes currently in place." I also am not aware of any obligation on our part to do any more than confirm receipt to you at this juncture. If you disagree, please let me know.

-Adam

**Adam Mordecai**
Partner
**MORRISON MAHONEY LLP**
650 Elm Street, Suite 201, Manchester, NH 03101
T (603) 518-1974 | F
AMordecai@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**From:** Christine Friedman <chris@friedmanfeeney.com>
**Sent:** Wednesday, November 26, 2025 7:58 AM
**To:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Subject:** RE: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

**External Email from Christine Friedman <chris@friedmanfeeney.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Mr. Barton

I have received and will discuss with my clients. To the extent that they possess any information covered by your request, it will be preserved.

With regard to Section IV, because the information sought will be preserved, I do not see the need for a suspension of routine deletion practices. If you disagree, please explain. If you think there is some legal precedent for this particular request, please provide it to me for review.

Similarly, with regard to Section V, I do not believe there is a duty to communicate with you on this issue beyond acknowledging receipt. If you have some authority to support your request, please likewise provide that to me.

___________________________

**Chris Friedman, Esq.**
FRIEDMAN FEENEY GETMAN PLLC

***CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure.***

---

**From:** Joseph Barton <Joseph.Barton@gc.nh.gov>
**Sent:** Tuesday, November 25, 2025 5:25 PM
**To:** Christine Friedman <chris@friedmanfeeney.com>
**Subject:** Re: Barton v. Town of Whitefield, et al. No. 1:25-cv-00451-LM-TSM

Christine,

Please find the attached litigation hold for your clients:

- Town of Whitefield
- Whitefield, NH Police Department
- Maxwell Hodgdon

Dated this November 25, 2025. Thank you for your prompt attention and compliance in this matter.

Very Respectfully Acknowledged,

-Hon. Joseph J Barton