**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**JOSEPH J. BARTON,**

Plaintiff,

v.

**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,

Defendants.

No. 1:25-cv-00451-LM-TSM

## PLAINTIFF'S CONSOLIDATED OBJECTION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Joseph J. Barton, proceeding pro se, respectfully submits this consolidated opposition to the motions to dismiss filed by Defendants SAU 36 and Superintendent Anastasia, and by the Town of Whitefield, the Whitefield Police Department, and Chief Hodgdon.

## PROCEDURAL POSTURE

Defendants move to dismiss under Rule 12(b)(6), arguing primarily that Plaintiff failed to plead a protected interest, failed to state a procedural due process claim, failed to plead municipal liability, and failed to state a claim for retaliation.

Plaintiff has now moved for leave to file a Second Amended Complaint that clarifies and streamlines the factual allegations and legal theories in light of the issues raised in Defendants' motions. The proposed Second Amended Complaint pleads the denial of mandatory state-created procedures, identifies final decisionmakers and ratification, and narrows the claims at issue.

Because Plaintiff has moved for leave to file a Second Amended Complaint that addresses the issues raised in Defendants' motions, those motions should be denied as moot or evaluated in light of the proposed operative pleading.

## APPLICABLE LEGAL STANDARD

At the pleading stage, the Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Dismissal is appropriate only where the complaint fails to state a plausible claim for relief. Rule 15 further provides that leave to amend should be freely given when justice so requires, particularly where amendment may cure or clarify issues raised by a motion to dismiss. To survive a motion to dismiss under Rule 12(b)(6), a complaint need only allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). At this stage, the Court may not resolve factual disputes, weigh evidence, or assess credibility.

## ARGUMENT

### I. Dismissal at This Stage Is Inappropriate

At minimum, Plaintiff has plausibly alleged:

- deprivation of protected interests,
- denial of required procedural safeguards,
- retaliatory adverse action following protected activity, and
- municipal liability through final decision-making and ratification.

These allegations are sufficient to proceed beyond the pleading stage.

## II. Plaintiff Plausibly Alleges a Procedural Due Process Violation

Defendants' primary error is conflating the absence of a freestanding right of access with the absence of a right to process. These are distinct questions.

### A. State Law and District Policy Create Mandatory Procedures

The SAC alleges that state law and district policy including Ed 204.01 require notice and an opportunity to be heard when a school district threatens or deprives a party of rights, duties, or privileges. Where the State creates mandatory procedural protections, the arbitrary denial of those protections gives rise to a procedural due process claim. See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428–33 (1982).

Plaintiff does not allege a generalized entitlement to school access; he alleges entitlement to the **process Defendants were required to provide**.

### B. Plaintiff Alleges Deprivation Without Required Process

The SAC alleges that Defendants issued and enforced a no-trespass order excluding Plaintiff from school property, threatened enforcement under RSA 635:2, and failed to provide any notice of governing standards, appeal rights, or a pre- or post-deprivation hearing. Plaintiff further alleges that he expressly invoked review under Ed 204.01 and related district procedures, and that Defendants refused to provide any meaningful opportunity to be heard.

The District's own subsequent written correspondence confirms the absence of any required process. On December 19, 2025, after Plaintiff had already been excluded from school property pursuant to the disputed no-trespass order and its purported addendum, the Assistant Superintendent issued a letter **(See Exhibit X)** acknowledging that Plaintiff

had advised the District that the addendum was not valid and that Plaintiff's legal counsel did not consider it legitimate. Despite that acknowledgment, the Assistant Superintendent asserted unilateral authority to "authorize" Plaintiff to enter school property for student pickup on a one-time basis.

The letter did not reference any court order, statute, or formally adopted policy governing parental exclusion from school property. Instead, it treated Plaintiff's access to a public elementary school as a matter of ad hoc administrative permission, granted after the deprivation had already occurred. The District provided no notice, no standards, and no opportunity to be heard prior to excluding Plaintiff, and no meaningful post-deprivation process thereafter.

Accepting these allegations as true, Plaintiff has plausibly alleged a deprivation followed by the denial of mandatory state-created procedures. That is sufficient to state a procedural due process claim.

C. <u>Defendants' "No Right of Access" Argument Misses the Point</u>

Defendants argue at length that there is no constitutional right to unfettered access to school property. Plaintiff agrees—and expressly disclaims such a right in the SAC. But the absence of a substantive access right does not permit Defendants to ignore state created procedural requirements. The Constitution protects the right to due process when the State acts pursuant to its own rules. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Plaintiff does not assert a substantive due process claim and relies solely on the denial of mandatory procedural protections.

III. Defendants' Factual Narrative Cannot Be Resolved at Rule 12

Defendants' motions depend on a factual narrative that Plaintiff continued misconduct after being warned. The SAC alleges the opposite: that Plaintiff complied with instructions and did not disturb any cones thereafter. At the pleading stage, the Court must accept Plaintiff's version of events. *Ocasio-Hernández*, 640 F.3d at 12.

Whether Defendants' asserted safety justification is credible is a question for discovery, not dismissal.

IV. Plaintiff Plausibly Alleges First Amendment Retaliation

The SAC alleges protected activity (public comment, complaints, and 91-A requests), adverse action (exclusion and threat of arrest), and facts supporting causation, including temporal proximity and departure from ordinary procedures. Plaintiff is not required at this stage to disprove alternative explanations or establish but-for causation. He need only plead plausibility. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). He has done so.

V. Qualified Immunity Does Not Warrant Dismissal

Qualified immunity does not apply where a plaintiff plausibly alleges violation of a clearly established right. The right to notice and an opportunity to be heard when the State imposes a deprivation pursuant to mandatory procedures is clearly established. At minimum, factual disputes regarding compliance with required process preclude dismissal on qualified immunity grounds at Rule 12.

The Assistant Superintendent's December 19, 2025 letter further undermines Defendants' claim to qualified immunity. By acknowledging that Plaintiff disputed the validity of the no-trespass

addendum and that legal counsel had raised concerns regarding its legitimacy, Defendants demonstrated actual awareness that their authority to exclude Plaintiff was legally questionable. Nevertheless, Defendants continued to enforce Plaintiff's exclusion until an administrator personally intervened and purported to grant discretionary permission.

A reasonable official would have understood that excluding a parent from a public elementary school without notice or a hearing, while conceding uncertainty as to the validity of the underlying order, violated clearly established procedural due process rights. Qualified immunity therefore cannot be resolved at the pleading stage.

Where the applicability of qualified immunity depends on disputed facts, dismissal under Rule 12(b)(6) is inappropriate.

## VI. Plaintiff Plausibly Alleges Municipal Liability

The SAC alleges that the Superintendent acted as a final policymaker or, alternatively, that the School Board ratified the exclusion by denying mandatory post-deprivation process after being placed on notice. These allegations are sufficient at the pleading stage to state a claim under *Monell*.

The Assistant Superintendent's written assertion of authority to grant or deny access to school property on a discretionary basis further supports Plaintiff's allegations that the exclusion resulted from final decision-making or ratification by senior district officials, rather than from neutral enforcement of a valid policy.

At the pleading stage, allegations of final policymaker action or knowing ratification are independently sufficient to state a claim for municipal liability.

VII. Defendants' Motions Are Premised on a Mischaracterization of Plaintiff's Claims

Defendants' motions repeatedly frame Plaintiff's claims as asserting a generalized right to unfettered access to school property. That is not the claim Plaintiff brings. Plaintiff alleges that Defendants issued and enforced a no-trespass order and then **refused to provide the mandatory procedures required by New Hampshire law**, including notice, a hearing, and findings, despite Plaintiff's invocation of those procedures.

The denial of required process constitutes an independent procedural due process violation regardless of the justification for the exclusion. Where a state creates mandatory procedures governing exclusion from public property, and those procedures are invoked and denied, dismissal at the pleading stage is improper.

VIII. IDEA Exhaustion Does Not Apply

Plaintiff does not challenge the adequacy of special education services or seek relief available under the IDEA. He challenges denial of constitutional process and retaliation. IDEA exhaustion therefore does not apply. *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154 (2017).

IX. Leave to Amend Is Proper

Even if the Court were to find deficiencies in prior pleadings, the SAC cures any such issues. Rule 15 embodies a liberal amendment policy, and Defendants cannot show undue delay, bad faith, or prejudice.

X. The Proposed Second Amended Complaint Cures Any Asserted Pleading Deficiencies

Because Plaintiff has moved for leave to file the Second Amended Complaint, the arguments above apply with equal force to the proposed operative pleading. The proposed Second Amended

Complaint:

- Explicitly pleads the existence and denial of mandatory state-created procedures, including **Ed 204.01**;
- Clarifies the roles of the Superintendent, School Board, Town, and Police Defendants as final decisionmakers, ratifiers, and joint actors;
- Narrows the causes of action to procedural due process, First Amendment retaliation, and municipal liability; and
- Pleads facts sufficient to state plausible claims for relief under Rule 12.

Accordingly, if leave to amend is granted, Defendants' pending motions to dismiss should be denied as moot or evaluated in light of the operative Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss should be denied. In the alternative, because Plaintiff has moved for leave to file a Second Amended Complaint that cures any asserted deficiencies, the motions should be denied as moot or deferred pending amendment.

Respectfully submitted,

Dated: December 27, 2025

/s/ Joseph J. Barton

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss was served via the Court's CM/ECF system upon all counsel of record.

Dated: December 27, 2025

/s/ Joseph J. Barton

___________________________________
JOSEPH J. BARTON, Pro Se