**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **JOSEPH J. BARTON,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,<br><br>Defendants. | No. 1:25-cv-00451-LM-TSM |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) by reframing the case as one involving a generalized right to unfettered access to school property and discretionary safety decisions. That framing is incorrect.

Plaintiff alleges that Defendants issued and enforced a no-trespass order and then **refused to provide the mandatory procedural protections required by New Hampshire law**, despite Plaintiff's invocation of those procedures. Where a state creates mandatory procedures governing exclusion from public property, and a party invokes those procedures, the refusal to provide them constitutes an independent procedural due process violation under the Fourteenth Amendment.

At the pleading stage, Plaintiff has plausibly alleged constitutional violations sufficient to proceed. Moreover, Plaintiff has moved for leave to file a Second Amended Complaint that

clarifies and streamlines the claims in light of Defendants' motions. Dismissal at this stage is therefore inappropriate. Plaintiff has moved for leave to file a Second Amended Complaint, and the arguments herein apply both to the existing complaint and, independently, to the proposed amended pleading.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Dismissal is inappropriate where the complaint contains sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. A plaintiff is not required to prove his case at the pleading stage; he need only allege facts permitting a reasonable inference of liability.

Rule 15(a)(2) further provides that leave to amend should be freely given when justice so requires. Where a proposed amendment may cure or clarify issues raised in a motion to dismiss, courts routinely deny dismissal or defer ruling pending amendment.

## III. PLAINTIFF PLAUSIBLY ALLEGES STATE ACTION AND PERSONAL INVOLVEMENT BY THE TOWN DEFENDANTS

Plaintiff does not assert a substantive due process claim and relies solely on the denial of mandatory procedural protections. Defendants' primary argument that the Town defendants cannot be liable because they did not "issue" the no-trespass order rests on an unduly narrow

view of § 1983 liability.

Section 1983 liability extends to officials who **enforce, participate in, ratify, or knowingly acquiesce** in unconstitutional conduct. *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009). Formal authorship of an order is not required.

Plaintiff alleges that Town police officers coordinated with school officials, threatened enforcement under RSA 635:2, and maintained an enforcement posture after receiving notice that the exclusion was imposed without process. Plaintiff further alleges that Town defendants declined to intervene or clarify enforcement despite having authority to do so. These allegations plausibly establish joint action and personal involvement sufficient to state a § 1983 claim.

## IV. PLAINTIFF STATES A PROCEDURAL DUE PROCESS CLAIM BASED ON DENIAL OF STATE-CREATED PROCEDURES

Defendants mischaracterize Plaintiff's due process claim. Plaintiff does not allege a generalized constitutional right to access school property. Rather, he alleges **ongoing exclusion combined with the denial of mandatory, state-created review procedures**.

### A. Denial of State-Created Process Is Actionable Under the Due Process Clause

When a state establishes adjudicatory procedures and then denies access to those procedures while maintaining a deprivation, a procedural due process claim lies. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428–33 (1982). Once a state creates a protected interest and prescribes procedures to safeguard it, those procedures must be followed. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

The First Circuit has repeatedly recognized that procedural due process protects access to state-created mechanisms designed to guard against erroneous deprivation. *See González-Droz v. González-Colón*, 660 F.3d 1, 14 (1st Cir. 2011); *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 999–1000 (1st Cir. 1992).

Plaintiff alleges that New Hampshire regulations require a hearing when legal rights, duties, or privileges are threatened; that he formally requested such a hearing; and that the School Board expressly denied the request without findings, explanation, or review. Those allegations plausibly state a procedural due process claim.

B. Defendants' Discretionary-Exclusion Cases Are Inapposite

The cases relied upon by Defendants involve discretionary exclusions where no mandatory review procedure existed or where no denial of process was alleged. They do not apply where, as here, the state has created a **non-discretionary hearing requirement** and the plaintiff was affirmatively denied access to it while the deprivation continued.

C. Defendant's Reliance on "Access" Cases is Misplaced

Defendants rely heavily on cases holding that parents do not possess a generalized constitutional right to unfettered access to school property. Those cases address substantive access rights and discretionary exclusions.

Plaintiff does not allege a right to unrestricted access. Plaintiff alleges that Defendants **denied the mandatory procedures governing exclusion**, after Plaintiff invoked them.

Courts have repeatedly recognized that where state-created procedures exist, the failure to provide them states a procedural due process claim regardless of the merits of the underlying decision. Accordingly, Defendants' access-based arguments do not warrant dismissal.

## V. PLAINTIFF PLAUSIBLY ALLEGES FIRST AMENDMENT RETALIATION

To state a First Amendment retaliation claim, a plaintiff must allege that:

**(1)** he engaged in protected activity;

**(2)** defendants took adverse action against him; and

**(3)** the adverse action was motivated, at least in part, by the protected activity.

*Dávila v. Corp. of P.R. for Pub. Broad.*, 498 F.3d 9, 13 (1st Cir. 2007).

At the pleading stage, the question is whether the alleged conduct "would chill a person of ordinary firmness from continuing to engage in protected activity." ***Barton*** *v. Clancy*, 632 F.3d 9, 29 (1st Cir. 2011).

### A. Plaintiff Engaged in Protected Activity

Parents engage in core First Amendment activity when they advocate for their children, raise concerns with school officials, and petition school boards regarding educational practices. *See Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006) (petitioning and speech on matters of public concern are protected); *Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 145–46 (3d Cir. 2017) (parent's complaints to school officials constitute protected activity).

Plaintiff alleges that he engaged in parental advocacy, written complaints, public comment, and formal requests for review concerning school and municipal conduct. Such activity falls squarely within the First Amendment's protection of speech and petitioning.

B. Plaintiff Suffered Adverse Action

Exclusion from school property through a no-trespass order, coupled with threats of arrest for criminal trespass, constitutes adverse action sufficient to support a retaliation claim. *See Dyer v. Salisbury*, 906 F.3d 271, 282 (4th Cir. 2018) (government exclusion from property plus threat of arrest may constitute adverse action); ***Barton***, 632 F.3d at 29 (adverse action need only be sufficient to deter ordinary firmness).

Plaintiff alleges that Defendants issued and enforced a no-trespass order barring him from school property and warned that entry could result in arrest under RSA 635:2. At the pleading stage, these allegations plainly satisfy the adverse-action element.

C. Causal Connection and Chilling Effect

Temporal proximity between protected activity and adverse action, combined with Defendants' knowledge of the protected conduct, suffices to plausibly allege retaliatory motive. *See Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019); *Starr v. Dube*, 334 F. App'x 341, 343 (1st Cir. 2009).

Plaintiff's status as a parent of a child enrolled at the school is relevant not because it confers a generalized right of access to school property, but because it underscores the

nature of Plaintiff's protected activity and the chilling effect of Defendants' conduct. Courts recognize that retaliatory actions directed at parents advocating for their children's education can chill protected speech. *See Barna*, 877 F.3d at 146; *Moms for Liberty – Brevard Cnty., FL v. Brevard Pub. Schs.*, 582 F. Supp. 3d 1214, 1229–30 (M.D. Fla. 2022) (recognizing parental advocacy as protected speech and exclusion as potential retaliation).

Plaintiff's status as a sitting state legislator further reinforces the chilling-effect analysis, not because it creates special access rights, but because the alleged retaliation plausibly chills both private parental advocacy and public oversight activity. Excluding an elected official from public property in response to advocacy and petitioning activity plausibly satisfies the "ordinary firmness" standard at the pleading stage. *See Blum v. Holder*, 744 F.3d 790, 798 (1st Cir. 2014) (context matters in assessing chilling effect).

Taken together, Plaintiff has plausibly alleged protected activity, adverse action, and a causal connection sufficient to state a First Amendment retaliation claim.

At the pleading stage, allegations of final policymaker action or knowing ratification are independently sufficient to state a claim for municipal liability under § 1983. Where the applicability of qualified immunity depends on disputed facts or inferences, dismissal under Rule 12(b)(6) is inappropriate.

## VI. MUNICIPAL LIABILITY IS PLAUSIBLY ALLEGED

Municipal liability may be based on custom, ratification, or deliberate indifference. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff alleges that municipal defendants

enforced exclusion orders without process, ratified the deprivation after notice, and failed to intervene **despite knowledge of the constitutional violations**.

These allegations are sufficient to proceed to discovery. Whether such customs or ratification can ultimately be proven is a merits question inappropriate for resolution on a motion to dismiss.

## VII. LEAVE TO AMEND SHOULD BE FREELY GRANTED

Plaintiff has moved for leave to file a Second Amended Complaint clarifying Defendants' roles and the nature of the procedural deprivation. **Rule 15(a)(2)** directs that leave should be freely given when justice so requires, particularly where amendment responds directly to issues raised in a motion to dismiss and no prejudice results.

The Second Amended Complaint:

- explicitly pleads the denial of mandatory state-created procedures;
- clarifies policymaker and ratification allegations;
- narrows the causes of action; and
- addresses the issues raised in Defendants' motions.

Where amendment may cure or clarify pleading issues, dismissal is disfavored. If leave to amend is granted, Defendants' motions to dismiss should be denied as moot or evaluated in light of the operative pleading.

## VIII. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss should be denied. In the alternative, because Plaintiff has moved for leave to file a Second Amended Complaint curing any asserted deficiencies, the motions should be denied as moot or evaluated in light of the proposed operative pleading.

Respectfully submitted,

Dated: December 27, 2025

/s/ Joseph J. Barton

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Opposition to Defendants' Motions to Dismiss was served via the Court's CM/ECF system upon all counsel of record.

Dated: December 27, 2025

/s/ Joseph J. Barton

__________________________________

JOSEPH J. BARTON, Pro Se