UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

JOSEPH J. BARTON,

Plaintiff,

v.

Docket No. 1:25-cv-00451-LM-TSM

TOWN OF WHITEFIELD, NH, ET AL.,

Defendants.

**DEFENDANTS MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISTRICT (SAU 36)'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

NOW COME Defendants Marion Anastasia ("Superintendent Anastasia") and White Mountains Regional School District (SAU 36) (the "District") (each a "Defendant," and collectively, the "Defendants"), by and through their attorneys Morrison Mahoney LLP, and object to Plaintiff's Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), stating in support as follows:

## I. INTRODUCTION

Plaintiff's motion obscures the procedural reality of this case. Although Defendants' formal responsive pleadings were filed after Plaintiff's First Amended Complaint, Defendants had already completed substantial work responding to the original Complaint before Plaintiff amended as of right. That work did not disappear when the First Amended Complaint was filed. To the contrary, Plaintiff's amendment forced Defendants to rework and restructure its completed motion and memorandum of law after significant time had already been expended.

Plaintiff now seeks leave to file a Second Amended Complaint that does not merely clarify discrete issues or correct targeted deficiencies. Instead, Plaintiff again substantially rewrites the pleading in its entirety—reorganizing counts, renumbering paragraphs, and interweaving new factual allegations—without highlighting what has changed, what is new, or how the proposed amendment meaningfully cures any defect raised in Defendants' pending motions. The proposed pleading is not presented as a revision to an existing framework, but as a wholesale recreation that forces Defendants to decipher, compare, and reconstruct their response from scratch.

This is precisely the type of serial amendment that Rule 15 does not require courts to permit. Plaintiff has already amended once as of right. Defendants have already invested significant time analyzing and responding to both the original complaint and the First Amended Complaint, work that Plaintiff's proposed Second Amended Complaint would largely render unusable. Allowing Plaintiff to again reset the pleadings—without transparency and after reviewing Defendants' dismissal strategy—would impose undue prejudice and reward a litigation approach that makes efficient resolution impossible.

For these reasons, and as set forth below, Plaintiff's motion for leave should be denied.

## II. PROCEDURAL BACKGROUND

### a. THE ORIGINAL COMPLAINT (FILED NOVEMBER 10, 2025)

Plaintiff commenced this action on November 10, 2025 by filing a Complaint asserting claims under 42 U.S.C. § 1983 against the Town of Whitefield, the White Mountains Regional School District (SAU 36), Superintendent Marion Anastasia, the Whitefield Police Department, and Chief Maxwell Hodgdon. The Complaint asserted

constitutional claims arising from the issuance of a no-trespass order and sought declaratory and injunctive relief, as well as damages. The Complaint incorporated by reference multiple attached exhibits, identified as Exhibits A through F.

The original Complaint asserted claims for First Amendment retaliation (Count I), due process violations (Count II), equal protection violations (Count III), municipal liability (*Monell* claims) (Count IV), and related declaratory / injunctive relief (Count V). It did not plead a claim under the Individuals with Disabilities Education Act ("IDEA") and did not allege denial of state-created post-deprivation procedure. The factual allegations focused primarily on Plaintiff's communications with school officials and law enforcement and the issuance of the no-trespass order on October 24, 2025.

Following service of the Complaint, Defendants undertook analysis of the pleaded claims, reviewed the attached exhibits, and prepared dismissal arguments directed at the causes of action and relief sought in the original pleading.

b. PLAINTIFF'S FIRST AMENDED COMPLAINT FILED AS OF RIGHT

On December 8, 2025, before Defendants filed a responsive pleading, Plaintiff filed a First Amended Complaint as of right pursuant to Rule 15(a)(1). The First Amended Complaint expanded the pleading from ***58 numbered paragraphs*** in the original Complaint to ***275 numbered paragraphs***. It retained the same defendants but materially altered both the organization and substance of the case.

In addition to reordering and renumbering the factual allegations, the First Amended Complaint expanded the factual narrative and reframed the asserted claims. For the first time, Plaintiff asserted a claim under the IDEA (Count VI), a federal statutory claim not pleaded in the original Complaint. The First Amended Complaint also ***added 140 new***

***factual allegations (from 33 to 173)***, including allegations concerning the Plaintiff's child's disability, educational services, and alleged interference with Plaintiff's participation in IEP-related matters.

The First Amended Complaint further included additional allegations regarding post-issuance conduct following the October 24, 2025 no-trespass order and asserted new theories concerning the alleged absence of procedural protections after issuance of the order. First Amend. Compl. ¶¶ 204-18. As a result, the First Amended Complaint differed materially from the original Complaint in length, structure, and the claims asserted.

c. DEFENDANTS' RESPONSIVE EFFORTS

Following service of the original Complaint, Defendants undertook a detailed review of the pleading, the attached exhibits, and the claims asserted therein. In anticipation of filing a motion to dismiss, Defendants conducted legal research, analyzed the factual allegations and exhibits, and prepared draft dismissal arguments directed at the claims asserted in the original Complaint. Defendants expended *hours* of attorney time responding to the original Complaint and preparing a motion to dismiss directed to that pleading.

Before Defendants' motion to dismiss was filed, Plaintiff filed the First Amended Complaint as a matter of right. As a result, Defendants' work responding to the original Complaint could not simply be filed or reused without modification. Defendants were required to review the amended pleading, reassess the factual allegations and claims asserted, and revise their dismissal analysis to account for the expanded allegations and newly asserted federal statutory claim.

In adapting its motion and memorandum of law to the First Amended Complaint, Defendants expended significant additional time and expense revising their prior analysis.

Defendants Marion Anastasia and the White Mountains Regional School District thereafter filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6), together with a supporting Memorandum of Law and exhibits addressing the First Amended Complaint. Those motions were filed on December 16, 2025, and remain pending before the Court.

d. <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>

On December 27, 2025—after Defendants filed motions to dismiss directed at the First Amended Complaint and while those motions remain pending—Plaintiff filed a Motion for Leave to File a Second Amended Complaint pursuant to Rule 15(a)(2). Plaintiff simultaneously filed a proposed Second Amended Complaint consisting of ***323 numbered paragraphs***.

The proposed Second Amended Complaint again reorganizes the pleading, renumbers paragraphs, and introduces additional factual allegations and legal theories beyond those asserted in the First Amended Complaint. Among other changes, the proposed pleading further reframes Plaintiff's statutory theories and ***alters the basis of the previously asserted IDEA-related claim***. Plaintiff's motion does not highlight which allegations are new, which allegations have been modified, or which changes are intended to cure defects raised in Defendants' pending motions to dismiss.

Given the scope and structure of the proposed Second Amended Complaint, Defendants have not undertaken a full paragraph-by-paragraph comparison of the proposed pleading against the prior complaints or a complete merits-based evaluation of

the newly asserted allegations and theories. Defendants' objection to Plaintiff's motion is therefore based on the procedural posture of the case, the timing of the requested amendment, and the burden imposed by serial amendments following substantial responsive efforts, rather than on a full substantive analysis of the proposed pleading.

**III. <u>LEGAL STANDARD</u>**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires." The rule, however, does not create an automatic right to amend. A district court may deny leave to amend where amendment would result in undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by prior amendment, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc.*, 156 F.3d 49, 51 (C.A.1 (Puerto Rico), 1998)

The First Circuit recognizes that, as litigation progresses, the burden on a party seeking to amend becomes more exacting, and that "protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (citing *Acosta-Mestre*, 156 F.3d 49, 52-53). Motions to amend are particularly disfavored where the timing prejudices the opposing party by requiring additional burdens and expense, including "a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Id*. (quoting *Acosta-Mestre*, 156 F.3d at 52).

Consistent with these principles, the First Circuit has applied heightened scrutiny to belated motions to amend filed after dispositive motions are underway. In the summary judgment context, a party seeking leave to amend must demonstrate that the proposed

amendment is supported by "substantial and convincing evidence." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994). Although that heightened evidentiary standard applies specifically after summary judgment motions have been filed, it reflects the broader rule that courts are entitled to exercise increasing discretion to deny amendment as a case advances and the prejudice to the opposing party becomes more pronounced.

Ultimately, the decision whether to grant leave to amend rests within the sound discretion of the Court.

## IV. ARGUMENT

### a. PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT WOULD UNDULY PREJUDICE DEFENDANTS

Although Rule 15(a)(2) is liberal, leave to amend may be denied where amendment would result in undue prejudice to the opposing party. *Foman*, 371 U.S. at 182. The First Circuit has made clear that prejudice may exist where a proposed amendment is sought after substantial litigation activity and would impose additional burdens on the opposing party or disrupt orderly case management. *Steir*, 383 F.3d at 12; *Acosta-Mestre*, 156 F.3d at 52.

That is the case here. Defendants expended many hours preparing a motion to dismiss directed at the original Complaint. When Plaintiff amended as of right, Defendants were required to revisit that work, reassess the pleading, and expend more additional time adapting their analysis to address the expanded allegations and newly asserted federal statutory claim. Defendants then filed motions to dismiss directed at the First Amended Complaint, which remain pending before the Court.

Plaintiff now seeks leave to file a 323-paragraph Second Amended Complaint that again restructures the pleading and introduces additional factual allegations and legal

theories. Granting leave at this stage would require Defendants to repeat substantial work already performed and to respond anew while dispositive motions are pending. Rule 15 does not require courts to permit amendment where it would impose that burden.

b. PLAINTIFF'S MOTION REFLECTS REPEATED REWRITING RATHER THAN TARGETED AMENDMENT

Leave to amend may also be denied where a plaintiff has already had prior opportunities to plead the case and seeks further amendment without curing deficiencies. *Foman*, 371 U.S. at 182. The First Circuit has expressly recognized that courts are not required to permit repeated amendments or "an endless number of trips to the well." *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 58 (C.A.1 (Puerto Rico), 2006).

Plaintiff already amended once as of right, expanding the complaint from 58 paragraphs to 275 paragraphs and adding a new federal statutory claim. The proposed Second Amended Complaint again rewrites the pleading in its entirety rather than making targeted revisions. This pattern weighs against granting further leave.

c. THE TIMING OF PLAINTIFF'S MOTION WEIGHS AGAINST LEAVE

The timing of a motion to amend is a critical consideration under Rule 15. *Steir*, 383 F.3d at 11-12 ("A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed"). The timing also effects a plaintiff's burden— "as a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." *Id*. at 12.

Plaintiff moved for leave only after Defendants filed motions to dismiss directed at the First Amended Complaint and disclosed their dismissal arguments. Allowing amendment under these circumstances would permit Plaintiff to revise the pleading with the benefit of Defendants' motion practice while forcing Defendants to restart that process.

Moreover, although the "substantial and convincing evidence" standard articulated in *Gold* applies specifically when amendment is sought after summary judgment, 30 F.3d at 253, it reflects the broader principle that courts may exercise increasing discretion to deny belated amendments as litigation advances and the resulting prejudice becomes more pronounced.

The Court may deny leave on this basis.

d. <u>IN THE ALTERNATIVE, ANY LEAVE SHOULD BE NARROWLY CONDITIONED</u>

If the Court is inclined to grant leave notwithstanding the foregoing, any such leave should be limited to avoid unnecessary duplication of work and further delay. Furthermore, at a minimum, Plaintiff should be required to identify with specificity which allegations and claims are new or materially revised, and Defendants should not be required to re-brief issues already raised in their pending motions absent a clear showing that amendment directly addresses those arguments. Any broader amendment would unnecessarily multiply motion practice in a case where threshold dismissal issues are already fully briefed.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied. Plaintiff has already amended once as of right, Defendants have expended substantial time responding to both the original Complaint and First Amended Complaint, and the proposed Second Amended Complaint would again reset the pleadings while dispositive motions remain pending. In the alternative, if the Court grants leave, such leave should be narrowly limited.

Respectfully submitted,

MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISTRICT (SAU 36)

MORRISON MAHONEY LLP

January 5, 2026 By *_/s/ R.J. Meurin_*

Adam R. Mordecai, #17727
amordecai@morrisonmahoney.com
R.J. Meurin, #266219
rmeurin@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone: 603-622-3400
Fax: 603-622-3466

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all Parties and counsel via ECF.

/s/ R.J. Meurin
R.J. Meurin, Esq.