UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

JOSEPH J. BARTON,

Plaintiff,

v. Docket No. 1:25-cv-00451-LM-TSM

TOWN OF WHITEFIELD, NH, ET AL.,

Defendants.

**DEFENDANTS MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISTRICT (SAU 36)'S REPLY TO PLAINTIFF'S CONSOLIDATED OBJECTION TO DEFENDANTS' MOTIONS TO DISMISS**

NOW COME Defendants Marion Anastasia ("Superintendent Anastasia") and White Mountains Regional School District (SAU 36) (the "District") (each a "Defendant," and collectively, the "Defendants"), by and through their attorneys Morrison Mahoney LLP, and reply as follows to Plaintiff's Opposition to Defendants' Motions to Dismiss (Doc 21):

## I. THE COURT SHOULD DECIDE THE MOTION TO DISMISS ON THE OPERATIVE PLEADING

Plaintiff's lead argument is procedural: because he filed a motion for leave to amend, the Court should deny the motions as "moot" or evaluate them "in light of" his proposed Second Amended Complaint.

That is not how Rule 12(b)(6) operates. The Court evaluates whether the operative complaint states a claim. Plaintiff cannot defeat dismissal by litigating a different pleading that has yet to be accepted.

To the extent Plaintiff seeks to rely on the proposed Second Amended Complaint to cure defects, Defendants have separately opposed leave to amend, and the Court should deny the relief requested for the reasons stated in that filing. Plaintiff's strategy—waiting to introduce new theories until after Defendants moved to dismiss—only underscores that the operative complaint is legally deficient.

## II. PLAINTIFF'S CORE PREMISE IS WRONG: THERE IS NO FREESTANDING FEDERAL RIGHT TO STATE-CREATED PROCEDURES.

Plaintiff argues that Defendants are "conflating the absence of a freestanding right of access with the absence of a right to process," and contends that his claim survives because Ed 204.01 requires notice and an opportunity to be heard. Pl.'s Obj. at 3. That framing misstates the governing law.

Procedural due process is not triggered by the denial of procedures; it is triggered only by the deprivation of a protected liberty or property interest. A plaintiff cannot state a federal due process claim by recharacterizing state-mandated procedures as the protected interest itself. The Supreme Court has squarely rejected that theory. As Justice Souter explained, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 781–82 (2005) (Souter, J., concurring) (quoting *Olim v. Wakinek*ona, 461 U.S. 238, 250 (1983)).

That principle is dispositive here. Plaintiff's theory rests entirely on an asserted entitlement to "mandatory state-created procedures" independent of any substantive right to the underlying benefit. But Ed 204.01 does not confer a non-discretionary entitlement to school-building access or to a particular outcome; at most, it prescribes how discretionary

decisions are to be made. Even accepting Plaintiff's allegations as true, an alleged failure to comply with Ed 204.01 or other state procedural requirements does not, standing alone, give rise to a federal due process claim.

### III. *LOGAN* AND *LOUDERMILL* DO NOT ALTER THE GOVERNING RULE.

Plaintiff relies on *Logan* and *Loudermill* for the proposition that when a State "creates mandatory procedures," denial of those procedures alone constitutes a due process violation. Pl.'s Obj. at 3. That is not what those cases hold.

In *Logan*, the Court addressed the dismissal of a statutory discrimination claim based on the State's failure to convene a hearing within a prescribed time, where the plaintiff possessed an independent, ***state-created cause of action that constituted a protected property interest.*** 455 U.S. at 428–30. The hearing requirement did not create the right; it was merely the mechanism for adjudicating a claim that already existed. The due process violation arose from the destruction of that substantive entitlement—the state-created right to redress discrimination—not from the denial of the hearing mechanism itself.

Likewise, *Loudermill* involved the termination of a public employee who possessed a recognized property interest in continued employment under state law. 470 U.S. at 538–39. The Court assumed the existence of that entitlement and addressed only what process was due before its deprivation. It did not hold that mandatory procedures, standing alone, constitute protected interests. *Id*. at 541 ("Property cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process is conferred, not by legislative grace, but by constitutional guarantee") (quotations omitted).

Both cases thus presuppose the threshold showing that the independently protected liberty or property interest exists separate from the procedures themselves. Neither *Logan* nor *Loudermill* supports the proposition that alleged noncompliance with state or local procedures—divorced from any substantive entitlement—states a federal due process claim.

Plaintiff identifies no statute, regulation, or policy that creates a substantive entitlement to enter school buildings or remain on school grounds. Absent such an entitlement, due process is not implicated. Nor does Plaintiff allege the deprivation of any parental right cognizable under the Fourteenth Amendment. Temporary, limited visitor restrictions imposed for school safety purposes do not implicate fundamental rights and do not require formal hearings.

## IV. PLAINTIFF'S CLAIMS ARE BARRED BY THE IDEA'S EXHAUSTION REQUIREMENT.

Plaintiff's Opposition does not cure the IDEA exhaustion defect identified in Defendants' Motion. Under *Fry v. Napoleon Community Schools*, the Court must look past labels and determine whether the gravamen of the Complaint concerns the denial of a free appropriate public education ("FAPE"). 580 U.S. 154, 165–69 (2017) ("What matters is the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading").

Applying *Fry's* two-question framework confirms that it does. Plaintiff's claims arise entirely from actions taken by school officials in response to conduct occurring at school and in connection with Plaintiff's child's attendance, supervision, and educational environment. The challenged no-trespass directive and related restrictions were imposed in the course of school administration and student safety, and Plaintiff alleges that those

actions interfered with his participation in, and oversight of, his child's schooling. Those allegations could not exist outside the school context and would make no sense if the same conduct occurred at a public library, municipal building, or other non-school facility.

Nor could an adult visitor assert these claims independent of a student's educational relationship with the District. Plaintiff's asserted injury depends entirely on his status as a parent of a student enrolled in the District and on decisions made by school officials about how the school environment would be managed in relation to that student. The Complaint does not allege a generalized right of access to public property; it challenges educationally rooted decisions about school operations affecting a particular student and her parent.

Because the answers to *Fry's* questions are "no" and "no," the gravamen of the Complaint concerns educational decision-making and the provision of educational services. Plaintiff was therefore required to exhaust IDEA administrative remedies before pursuing these claims in federal court. He did not do so, and dismissal is required.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY

Plaintiff's municipal-liability claim fails for the independent reason that he has not plausibly alleged an underlying constitutional violation. Absent a predicate violation, there can be no liability under *Monell*.

Even if that threshold defect were ignored, Plaintiff still does not plead facts showing that any alleged deprivation was caused by an official policy, widespread custom, or decision by a final policymaker. His Opposition relies on labels—"policy," "ratification," and "final decision-making"—but identifies no factual allegations establishing an actual policy or custom attributable to the District.

At most, Plaintiff challenges a single, fact-specific school administrative response to circumstances involving a particular student and parent. Allegations concerning an isolated decision in a school safety context do not plausibly establish municipal liability. Plaintiff's *Monell* claim therefore fails as a matter of law and should be dismissed.

## VI. PLAINTIFF'S FIRST AMENDMENT CLAIM REMAINS DEFECTIVE.

Plaintiff's Opposition does not cure the defects identified in Defendants' Motion with respect to his First Amendment claim. Plaintiff still relies on temporal proximity and disagreement with school administrative decisions, which is insufficient to plausibly allege retaliatory intent or adverse action. A limited school access restriction imposed for safety and operational reasons does not constitute an action that would deter a person of ordinary firmness from engaging in protected speech. Dismissal remains warranted.

## VII. PLAINTIFF'S OPPOSITION DOES NOT OVERCOME QUALIFIED IMMUNITY.

Plaintiff's Opposition does not overcome qualified immunity. Although he characterizes the right at issue as a "clearly established" right to notice and a hearing, that framing merely restates his underlying theory that state-created procedures themselves give rise to federal due process protections. As explained above, that premise is incorrect.

Plaintiff identifies no controlling authority holding that a reasonable school superintendent would have understood that the conduct alleged here violated a clearly established constitutional right, or that alleged noncompliance with state educational procedures, standing alone, constitutes a constitutional violation. At most, Plaintiff asserts disagreement with Defendants' application of school administration authority.



104806331.v1

Because Plaintiff has not plausibly alleged the violation of a clearly established constitutional right, Superintendent Anastasia is entitled to qualified immunity, and the individual-capacity claims should be dismissed.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff's Opposition does not cure the defects identified in Defendants' Motion to Dismiss. Plaintiff has failed to state a plausible federal claim, his claims are barred by the IDEA's exhaustion requirement, and his municipal and individual-capacity claims fail as a matter of law.

Respectfully submitted,

MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISTRICT (SAU 36)

MORRISON MAHONEY LLP

January 5, 2026 By *_/s/ Adam R. Mordecai_*

Adam R. Mordecai, #17727
amordecai@morrisonmahoney.com
R.J. Meurin, #266219
rmeurin@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone: 603-622-3400
Fax: 603-622-3466

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all Parties and counsel via ECF.

/s/ Adam R. Mordecai
Adam R. Mordecai, #17727