UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOSEPH J. BARTON<br>Plaintiff | |
| | C.A. # 1:25-CV-00451-LM-TSM |
| v. | |
| TOWN OF WHITEFIELD, NH et al.<br>Defendant | |

**<u>Defendant's Reply to Plaintiff's Objection to Motion to Dismiss</u>**

NOW COMES defendants the Town of Whitefield, the Whitefield Police Department, and Chief of Police Maxwell Hodgdon (collectively the "Town defendants") by and through their attorneys, Friedman Feeney Getman, PLLC, and respectfully submits this reply to the Plaintiff's Objection to the Town Defendant's Motion to Dismiss.

## ARGUMENT

Plaintiff has filed a motion for leave to file a second amended complaint, *Doc 20.* The Town intends to file an objection to the motion to amend prior to the January 12, 2026 due date. This pleading is therefore intended as a brief reply to the objection to the Motion to Dismiss filed by the Town Defendants, *Docs 15, 21.*

As an initial matter, the Plaintiff does not advance any arguments rebutting the request to dismiss **Count IV,** which alleged that the Town violated his Equal Protection

Rights, and therefore appears to be conceding that his Complaint as drafted failed to state a valid Equal Protection claim.

***First Amendment Claims***

Plaintiff's objection fails to articulate a theory as to how any of the *Town* defendants committed any act of First Amendment retaliation. Plaintiff's only factual claim against the Police Department is that he was "warned" that violations of the no trespass order could lead to his arrest. Plaintiff does not dispute that the Town defendants did not issue the no trespass order, but appears to be arguing that the Whitefield Police Department should have disregarded or nullified the order instead of following the law as written in *RSA* 635:2. Viewing the facts in the light most favorable to the Plaintiff, at most he can establish that Whitefield law enforcement explained that they would be required to enforce the District's no trespass request, just as they would a no trespass order issued by any property owner. No reasonable fact finder could construe a police officer informing a citizen of their obligation to enforce the law as an act of retaliation for First Amendment advocacy.

***Procedural Due Process Claims***

Plaintiff argues in his objection that he has plead a case for a procedural due process violation due to the School District's failure to comply with Ed 204.01 or other unnamed District procedures. Plaintiff does not articulate any basis as to how the *Town* defendants are responsible for the School District's alleged non-compliance with its procedures and policies, although he does recognize that the Town and the District are

distinct legal entities. *Plaintiff's Amended Complaint* ¶ ¶ 10-11. Plaintiff has not cited to any caselaw which indicates that a municipality or police department is required to provide a due process hearing prior a property owner's issuance of a no-trespass order.

***Monell Claims***

The Plaintiff's makes a conclusory statement that municipal liability exists, and again appears to conflate the District and Town defendants. The Plaintiff's *Monell* arguments is that "the Superintendent" or the actions of the School Board establish municipal liability. *Objection at 6.* Plaintiff fails to identify how any Town policy or procedure effected his constitutional rights.

WHEREFORE, the Town defendants repeat and reiterate the arguments made in the Motion to Dismiss and urge this Honorable Court to:

A. Grant the Town defendants Motion to Dismiss; and

**B.** Grant all such other relief as this Court deems just and equitable.

Respectfully Submitted,
TOWN OF WHITEFIELD
WHITEFIELD POLICE DEPARTMENT
CHIEF MAXWELL HODGON

By and through his attorneys
Friedman Feeney Getman, PLLC

/s/ David Betancourt, NH Bar No. 15299
David Betancourt
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5

Concord, NH 03301
dbetancourt@friedmanfeeney.com
603-688-9994

**CERTIFICATE OF SERVICE**

A copy of this pleading was served via the CM/ECF portal to all parties of record and emailed on this day to all parties of record.

/s/ David Betancourt