**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**JOSEPH J. BARTON,**

Plaintiff,

v.

**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,

Defendants.

No. 1:25-cv-00451-LM-TSM

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff respectfully submits this reply in support of his Motion for Leave to File a Second Amended Complaint and in response to the objection filed by Defendants Marion Anastasia and White Mountains Regional School District (SAU 36). Defendants' objection does not meet the standard required to deny leave under Federal Rule of Civil Procedure 15(a)(2).

## I. Rule 15(a)(2) Favors Amendment Absent Undue Prejudice or Futility

Rule 15(a)(2) provides that leave to amend should be "*freely give[n] when justice so requires*." The First Circuit has repeatedly emphasized that this is a liberal standard, particularly at the early pleading stage. Leave may be denied only for limited reasons, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants do not argue futility. They expressly state that they have not undertaken a substantive analysis of the proposed Second Amended Complaint and base their objection solely on timing and alleged prejudice. The absence of a futility argument weighs strongly in favor of granting leave.

## II. Defendants Have Not Shown Undue Prejudice

Defendants' principal argument is that they have expended time and effort preparing motions to dismiss directed at prior pleadings, and that allowing amendment would require them to rework that effort. This does not constitute undue prejudice under Rule 15.

Courts in the First Circuit consistently hold that the need to revise or refile a motion to dismiss does not amount to undue prejudice, especially where the case remains at the pleading stage. There has been no discovery, no scheduling order, no summary judgment briefing, and no trial date. Allowing amendment will not require reopening discovery, altering trial strategy, or delaying trial factors typically associated with a finding of undue prejudice.

Defendants' objection relies heavily on the amount of attorney time they have already expended. Ordinary litigation effort, however, is not the kind of prejudice contemplated by Rule 15. If it were, amendment would routinely be denied whenever a defendant had filed a motion to dismiss, which would be contrary to both the text and purpose of Rule 15.

## III. The Timing of Plaintiff's Motion Was Proper

Defendants characterize Plaintiff's motion as a belated attempt to "reset the pleadings" after

reviewing Defendants' dismissal arguments. That framing misstates both the timing and the function of the amendment.

Plaintiff sought leave to amend promptly after Defendants filed motions to dismiss and identified perceived deficiencies in the First Amended Complaint. This is precisely the circumstance in which Rule 15 is intended to operate. Amending in response to a motion to dismiss is not gamesmanship; it is a routine and efficient mechanism for narrowing issues and clarifying claims before discovery begins.

Moreover, this is not a case involving years of delay or amendment sought on the eve of summary judgment. Plaintiff filed his motion for leave within weeks of the First Amended Complaint and before any substantive proceedings beyond Rule 12 briefing had occurred.

IV. The Proposed Amendment Narrows and Clarifies the Case

Contrary to Defendants' assertion that the proposed Second Amended Complaint is a "wholesale recreation," the amendment streamlines the case in direct response to Defendants' arguments. It clarifies the legal theories at issue, narrows the claims, and refines the factual allegations relevant to those claims.

That the pleading is reorganized and renumbered does not weigh against amendment. Rule 15 does not require a plaintiff to amend only by redline or to preserve a prior structure for the convenience of opposing counsel. What matters is whether the amendment promotes the just resolution of the case. Here, the proposed amendment does so by sharpening the issues presented to the Court.

V. Defendant's Reliance on Late-Stage Amendment Cases is Misplaced

Defendants cite cases involving amendments sought after substantial discovery, after summary judgment motions, or after years of litigation. Those cases are inapposite. This case remains at the threshold pleading stage, and the Court has not yet ruled on the merits of any claim.

While courts may apply heightened scrutiny to amendments sought late in litigation, that principle does not apply here. Plaintiff's burden under Rule 15 remains minimal, and Defendants have not demonstrated circumstances justifying denial of leave.

VI. Conditional or Limited Leave is Unnecessary

Defendants alternatively request that any leave be narrowly conditioned or that Plaintiff be required to itemize changes in the proposed pleading. Such conditions are unnecessary. If leave is granted, Defendants remain free to respond to the operative complaint as permitted by Federal Rules, including by incorporating applicable arguments previously raised.

Imposing additional procedural hurdles at this stage would undermine the liberal amendment policy embodied in Rule 15 without serving any countervailing interest.

VII. Conclusion

Defendants have not shown undue prejudice, bad faith, repeated failure to cure deficiencies, or futility. Their objection rests solely on litigation efforts already expended and disagreement with the scope of Plaintiff's amendment. Under Rule 15(a)(2), that is insufficient to deny leave.

For these reasons, Plaintiff respectfully requests that the Court grant the Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

Dated: January 6, 2026

/s/ Joseph J. Barton

___________________________________

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Motion for Leave to File Second Amended Complaint was served via the Court's CM/ECF system upon all counsel of record.

Dated: January 6th, 2026

/s/ Joseph J. Barton

___________________________________

JOSEPH J. BARTON, Pro Se