UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

******************************************

| | |
|---|---|
| JOSEPH J. BARTON<br>Plaintiff | * C.A. # 1:25-CV-00451-LM-TSM |
| v. | * |
| TOWN OF WHITEFIELD, NH et al.<br>Defendants | * |

******************************************

**Defendant's Objection to Plaintiff's Motion to File Second Amended Complaint**

Now come the Defendants, the Town of Whitefield, the Whitefield Police Department, and Chief of Police Maxwell Hodgdon (collectively the "Town defendants") by and through their attorneys, Friedman Feeney Getman, PLLC, and respectfully submit this objection to Plaintiff's Motion to File a Second Amended Complaint in this matter, *Docs 20 and 20-1.* In support of this objection counsel states as follows:

**ARGUMENT**

Co-defendants Marion Anastasia and White Mountains Regional School District (SAU 36) have filed an objection to the Plaintiff's Motion to file a Second Amended Complaint, *Doc 22,* that provides a detailed procedural history in this matter. The Town defendants join in the motion by the School District defendants and incorporate its argument by reference herein. The Plaintiff has already amended his pleading once and thus requires leave of the court for a second amended complaint. *Fed. R. Civ. P.*

*15 (a) (1).* As noted by the School District, justice does not require that Plaintiff be allowed an "endless number of trips to the well" to repeatedly rewrite his complaint. *Aponte-Torres v. Univ. of P.R.* 445 F.3d 50, 58 (1st. Cir. 2006).

With respect to the Town defendants, the Plaintiff's 2nd amended complaint does not cure any of the defects identified by the Town in their pending Motion to Dismiss and amendment would thus be futile. With respect to additional facts relevant to the *Town* defendants, the Plaintiff states only the following:

- Plaintiff states that the no-trespass order was enforced by the Town defendants, including Whitefield Police Department and Chief Hodgdon, who warned Plaintiff that his presence on school property could result in HIS arrest. *Plaintiff's 2nd Amended Complaint,* ¶ ¶ 74, 193, 195, *Doc 20-1*.
- Plaintiff that he was not provided by the Town defendants with notice, a hearing, written findings, or any explanation of appeal rights before or after being warned of the fact that the police would enforce the no-trespass order. *Plaintiff's 2nd Amended Complaint,* ¶ ¶ 75, 79, 193, *Doc 20-1*.
- Plaintiff asserts "on information and belief" that other parents and guardians who engaged in comparable or more disruptive behavior on school grounds were not subject to trespass orders. *Plaintiff's 2nd Amended Complaint,* ¶ 271, *Doc 20-1*.

These modifications do not affect the flaws identified in the Town defendant's Motion to Dismiss, *Docs 15, 15-1.* Plaintiff does not dispute that he was never arrested, cited, or charged by any of the Town defendants. *Plaintiff's 2nd Amended Complaint,* ¶ 78, *Doc 20-1*. Thus Plaintiff therefore fails to identify any concrete constitutional harm caused

by the Town defendants, who at most warned Plaintiff of the possibility that he could be arrested if he violated the District's no-trespass order. Nor has Plaintiff identified any source for his claim that the Town was obligated to provide him with some of type of due process hearing prior to enforcement of the order. And finally, Plaintiff's assertion that "on information and belief" he was treated differently from similarly situated parents lacks any factual specificity sufficient to establish a *bona fide* equal protection claim. As amended, therefore, the complaint still fails to assert claims for which relief can be granted and therefore the motion should be denied on the grounds of futility. *Glassman v. Computervision Corp.* 90 F.3d 617, 623 (1st. Cir. 1996).

WHEREFORE, the Town defendants respectfully join in the objection filed by defendants Marion Anastasia and SAU 36 and requests that the Honorable Court:

a) deny Plaintiff's motion for leave to file a 2nd amended complaint;

b) grant such other relief as the Court deems just and equitable.

Respectfully Submitted,
TOWN OF WHITEFIELD
WHITEFIELD POLICE DEPARTMENT
CHIEF MAXWELL HOGDGON

By and through his attorneys
Friedman Feeney Getman, PLLC

/s/ David Betancourt, NH Bar No. 15299
David Betancourt
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5

Concord, NH 03301
dbetancourt@friedmanfeeney.com
603-688-9994

**CERTIFICATE OF SERVICE**

A copy of this pleading was served via the CM/ECF portal to all parties of record and emailed on this day to all parties of record.

/s/ David Betancourt