**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **JOSEPH J. BARTON,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,<br><br>Defendants. | No. 1:25-cv-00451-LM-TSM |

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR LEAVE TO AMEND**
*(Rule 15 Futility Rebuttal)*

## I. STANDARD OF REVIEW UNDER RULE 15

Rule 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." Denial on grounds of futility is appropriate only where the proposed pleading "would fail to state a claim upon which relief could be granted." *Glassman*, 90 F.3d at 623. Any doubt must be resolved in favor of allowing amendment.

Defendants must show that Plaintiff's Second Amended Complaint is **certain to fail** as a matter of law. Mere disagreement with Plaintiff's legal theories is insufficient.

## II. A CREDIBLE THREAT OF ARREST IS A CONSTITUTIONAL INJURY

The Town defendants argue that because Plaintiff was not arrested or charged, he suffered no constitutional harm. That is incorrect.

The Supreme Court has repeatedly held that **a credible threat of prosecution or arrest constitutes injury-in-fact** and is sufficient to support constitutional claims. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014).

The First Circuit follows this rule. A plaintiff suffers constitutional injury when government action "would chill or deter a person of ordinary firmness from the exercise of First Amendment rights." *Nieves v. Bartlett*, 587 U.S. 391 (2019); *Dávila v. Malavé*, 728 F.3d 58, 63 (1st Cir. 2013).

Plaintiff alleges that Whitefield police officers told him he would be arrested if he returned to school property. That threat itself is actionable.

## III. POLICE ENFORCEMENT OF A TRESPASS ORDER IS A STATE ACTION

Defendants attempt to characterize their conduct as merely "warning" Plaintiff about a school district policy. But Plaintiff alleges that municipal police officers enforced the no-trespass order and threatened criminal arrest.

When police enforce a trespass order, it becomes **state action**. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266–67 (11th Cir. 2011); *Kennedy v. City of Cincinnati*, 595 F.3d 327, 336–37 (6th Cir. 2010).

Thus, even if the School District initiated the order, the Town defendants became constitutional actors when they enforced it.

## IV. PROCEDURAL DUE PROCESS IS TRIGGERED BY EXCLUSION FROM PUBLIC SCHOOL PROPERTY

Public school grounds are not private property. Parents possess liberty and property interests in access to their children's school and participation in school-related matters. Exclusion by visibly apparent authority — particularly backed by threat of arrest — triggers procedural due process.

Courts have held that banning a parent from school property without notice and an opportunity to be heard violates due process. *Lovern v. Edwards*, 190 F.3d 648, 655–56 (4th Cir. 1999); *Goss v. Lopez*, 419 U.S. 565 (1975).

Plaintiff alleges that:

1.) No notice
2.) No hearing
3.) No written findings
4.) No appeal

This is sufficient to plead a due process violation.

## V. EQUAL PROTECTION MAY BE PLEADED ON INFORMATION AND BELIEF

Defendants attack Plaintiff's selective-enforcement claim because it is pleaded "on information and belief." But Rule 8 expressly allows that form of pleading where comparative information is within defendants' control. *Iqbal*, 556 U.S. 662, 678 (2009); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

Plaintiff alleges that other parents who engaged in comparable or worse conduct were not banned or threatened with arrest. That is sufficient at the pleading stage.

## VI. BECAUSE AT LEAST ONE CONSTITUTIONAL THEORY IS VIABLE, AMENDMENT IS NOT FUTILE

**Rule 15** requires denial only when the proposed amendment would **necessarily fail**. Here, Plaintiff has pleaded viable claims under:

- The First Amendment
- The Due Process Clause
- The Equal Protection Clause

Accordingly, Defendants cannot meet their burden of showing futility.

## VII. CONCLUSION

The Town's argument that "no arrest = no injury" is legally false. Police-enforced exclusion from public school property without due process is actionable. Because Plaintiff's Second Amended Complaint states multiple viable constitutional claims, Rule 15 requires that leave to amend be granted.

Respectfully submitted,

Dated: January 9, 2026

/s/ Joseph J. Barton
________________________________

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Opposition to Defendant's Motion to Dismiss was served via the Court's CM/ECF system upon all counsel of record.

Dated: January 9, 2026

/s/ Joseph J. Barton
___________________________________
JOSEPH J. BARTON, Pro Se