**New Hampshire Board of Education**

Parent/School District

SB-FY-26-12-014

**<u>Report and Recommendation</u>**

**Introduction**

This case concerns the denial of the parent's request for a hearing before the local school board regarding a no-trespass notice issued by the school superintendent.

**Proposed Findings of Fact**

1. On October 24, 2025, the school superintendent completed a no-trespass notice form regarding the parent. See Parent Exhibit 1.
2. The no trespass form states that "a subject is guilty of trespass (Class A misdemeanor) if he/she knowingly enters or remains; 1. In any secure premises, 2. In any place in defiance of an order to leave or not to enter which was personally communicated to him/her by the owner or other authorized person, 3. In any place in defiance of any court order…."
3. The subject referenced in the no trespass notice is the parent. The secured premises referenced in the notice is the elementary school. The parent's child attends the elementary school.
4. The no trespass notice also has an addendum that states "[the parent] is allowed on [school] grounds for the sole purpose of transporting [their] child to/from school. [The parent] shall follow [school] pick up and drop off procedures as outlined by the [school] administration. [The parent] shall at no time exit [their] vehicle while on school grounds. [The parent] shall at no time, enter the [school] building."
5. The no trespass notice states that the notice will "remain in erect (sic) for one year or until such time that I personally appear at the [police department] and withdraw the trespass order… Parent Exhibit 1. The "I personally appear" reference means the person who filled out the form must appear to rescind the request. Here, that person is the superintendent.
6. On October 24, 2025, the parent sent a letter to the superintendent requesting justification for the trespass notice and recission. The superintendent did not respond. Parent Exhibit 2.

7. On December 9, 2025, the parent requested a hearing before the local school board regarding the no-trespass notice. Parent Exh. 7

8. On December 15, 2025, the school board chair denied the parent's request for a hearing after consulting with the superintendent and counsel. See Parent Exh. 8

9. The full school board did not meet to consider the parent's request for a hearing.

10. The school district states that Policy BBAB authorizes the school board chair to consult with the superintendent in planning meeting agendas. Sch Exh 1.

11. The school district states that its policy KFA grants the superintendent the authority to issue the no-trespass notice in this case.

12. Policy KFA lists prohibited conduct and states, "The Board authorizes the superintendent or his/her designee to issue 'no trespass ' letters to any person whose conduct violates this policy." See Parent Exhibit 3.

13. On December 23, 2025, the parent appealed the denial of their request for a hearing to the New Hampshire Board of Education. The appeal raised three issues:

    1. "Whether the White Mountains Regional School District violated Ed 204.01(a)(1) by denying Appellant an opportunity for a hearing after imposing a no-trespass order that materially affected his legal rights and privileges as a parent.

    2. Whether the School Board committed an error of law by issuing a written denial of a hearing request without applying the governing "rights, duties, or privileges" standard set forth in Ed 204.01, without findings, and without action by the Board.

    3. Whether corrective action under Ed 206 is warranted, including rescission of the no-trespass order imposed and maintained without the procedural protections required by Ed 204.01."

14. A State Board of Education hearing officer conducted a prehearing on January 5, 2026, and a hearing on January 20, 2026. The parties filed post-hearing submissions.

**Proposed Rulings of Law**

1. RSA 186:5 states:

> **"**186:5 Powers. – The state board shall have the same powers of management, supervision, and direction over all public schools in this state as the directors of a business corporation have over its business, except as otherwise limited by law. It may make all rules and regulations necessary for the management of its own business and for

> the conduct of its officers, employees, and agents, and to secure the efficient administration of the public schools and the administration of the work of Americanization, in teaching English to non-English-speaking adults and in furnishing instruction in the privileges, duties, and responsibilities of citizenship, which is hereby declared to be an essential part of public school education. It shall be the duty of school boards and employees of school districts to comply with the rules and regulations of the state board."

2. RSA 21-N:11 states

> "The state board of education established by RSA 21-N:10 shall: … III. Hear appeals and issue decisions, which shall be considered final decisions of the department of education for purposes of RSA 541, of any dispute between individuals and school systems…."

3. Ed 204.01 states:

> "(a) A local school board shall adhere to the following due process procedures prior to a party filing a dispute as a contested case with the office of legislation and hearings except for disputes governed by Ed 204.02 or other rules of the board governing specific circumstances:
>
> (1) Provide opportunity for a hearing when the legal rights, duties or privileges of a party are threatened;
>
> (2) Provide notice of such a hearing;
>
> (3) Conduct a hearing in a manner assuring due process;
>
> (4) Establish an adequate record in all contested cases; and
>
> (5) Issue timely decisions and orders."

4. Ed 202.04 defines contested cases as a follows: "contested case as defined in RSA 541-A:1, IV,."

5. RSA 541-A:1,IV, defines contested case as "a proceeding in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after notice and an opportunity for hearing."

6. Ed 206.01 states

> "(a) A party aggrieved by a decision at the local level may appeal to the state board for review, in accordance with RSA 541-A and Ed 200, provided that such appeal is filed within 30 days of receipt of the written decision of the local board or 7 days after any alternative dispute resolution that did not produce an agreement with parties. Decisions

made under RSA 186-C relative to special education shall be appealed directly to a court of competent jurisdiction."

7. The no-trespass order that prohibits the parent from exiting their car on school grounds or entering the school building where their child attends school threatens the parent's legal rights, duties, and privileges because it affects their ability to be involved in their child's education.

8. This matter is a contested case under Ed 202.04 because the school superintendent's decision to issue a no-trespass notice based on their determination that the parent violated some school rule/policy and the local school board chair's decision to deny the parent's request for a hearing on that issue involve the parent's legal rights and duties to be involved in their child's education.

9. The state board of Education has jurisdiction over this matter under RSA 21-N:11(III) and Ed 206.01.

**Discussion**

The school argues that the New Hampshire State Board should not hear this matter because Ed 204 does not create a substantive right to a hearing and applies only when an underlying statute, agency rule, or due process requirement requires the school board to provide one. Here, they state that no such law requires a hearing for no trespass orders. See School's Motion to Dismiss.

However, that argument overlooks the New Hampshire State School Board's statutory authority and duty to manage, supervise, and direct public schools in RSA 186:5, along with the plain language of RSA 21 N:11(III), which expressly provides the state school board with the authority to "[h]ear appeals and issue decisions .. of any dispute between individuals and school systems," and the provisions of Ed 204.01(A)(1), and Ed 206.01, which provide a "party aggrieved by a decision at the local level" the ability to appeal to the state board, and requires local school boards to "[p]rovide opportunity for a hearing when the legal rights, duties or privileges of a party are threatened," so that the party can appeal that decision to the state board as a contested case.

Here, the parent's rights, duties, and privileges are threatened because the superintendent made a determination that the parent violated school policy and issued a no-trespass notice prohibiting the parent from exiting their car on school grounds or entering their child's school building. The superintendent did not respond to the parent's request for information explaining which part of the policy they violated, nor was any local process afforded to contest the superintendent's decision that the parent violated school policy.

The school district's position is that the parent's recourse is to convince the superintendent that they will abide by policy in the future in the hopes that the superintended agrees to rescind the

no-trespass notice, but the superintendent did not respond to the parent's request for an explanation of what part of the policy they allegedly violated to be able to convince the superintendent, and dealing solely with the superintendent does not provide the parent with a review at the local level if the superintendent incorrectly determined that the parent violated the policy or decides not to rescind the no-trespass notice.

The school district also appears to be arguing that this matter is not reviewable because the superintendent and the school board chair alone made the decision to deny the hearing request, rather than the full school board. However, RSA 21-N:11 is not limited to decisions by the full local school board. Rather, it references school systems and provides the New Hampshire State Board with the authority to "[h]ear appeals and issue decisions, which shall be considered final decisions of the department of education for purposes of RSA 541, of any dispute between individuals and school systems…." Similarly, Ed 206.01 states that "a party aggrieved by a decision at the local level may appeal to the state board for review in accordance with RSA 541-A and Ed 200…."

Here, there is a dispute between an individual, the parent, and the school system because the superintendent, on behalf of the school system, issued a no-trespass notice, and the superintendent and the school board chair denied the hearing. Similarly, the parent was aggrieved by a decision at the local level when the superintendent issued the no trespass notice and the school board chair denied the request for a hearing. Those decisions are reviewable by the state board under RSA 21-N:11 and Ed 206.01.

**Motions**

The school district filed a motion to dismiss, arguing that the local school board made no decision to appeal, that the parent was not entitled to a hearing before the local school board, and that the state board lacks jurisdiction. For the reasons noted in the discussion above, I recommend that the motion be denied.

The parent filed a motion for sanctions and a motion to strike, arguing that the school's motion to dismiss included factual information that exceeded the procedural issues at issue in this proceeding. I recommend that these motions be denied because the factual information provided by the school was limited and offered for context about the procedural issues, and it did not affect the report and recommendation.

**Parent's Proposed Findings and Rulings**

The parent submitted two different sets of requests for findings and rulings. The first is in their initial post-hearing memorandum filed on January 26, 2026. The second is in their January 30, 2026, rebuttal to the school's post-hearing memo in a proposed order. Because this is a report

and recommendation, the hearing officer makes recommendations for the board on rulings on parents' proposed findings of fact and rulings of law, rather than ruling directly.

**Parent's January 26, 20206 Requested Findings and Rulings**

- Proposed findings of fact #1 – #8 are consistent with the information provided as evidence and the hearing officer's proposed findings of fact, so the hearing officer recommends that the state board grant them.
- Proposed finding of fact #9 addresses a right-to-know request that goes beyond the issue of whether the local school board is required to provide the parent with a hearing, so the hearing officer recommends that the board deny the request as unnecessary to reach a decision about the recommendations in this report and recommendation.
- Proposed rulings of law #1 and #2 are consistent with the hearing officer's proposed rulings of law, so the hearing officer recommends that the state board grant them.
- The remaining proposed rulings of law go beyond the issues addressed in the hearing and in this report and recommendation, which addresses whether state law requires the local district to provide the parent with a hearing. As a result, the hearing officer recommends that the board deny them as unnecessary to reach a decision about the recommendations in this report and recommendation.

**January 30, 20206 Requested findings of fact and rulings of law**

- Proposed findings of fact #1 – #7 are consistent with the information provided as evidence and the hearing officer's proposed findings of fact, so the hearing officer recommends that the state board grant them.
- Proposed findings of fact #8 and #9 address a right-to-know request that goes beyond the issue of whether the local school board is required to provide the parent with a hearing, so the hearing officer recommends that the board deny them as unnecessary to reach a decision about the recommendations in this report and recommendation.
- Proposed rulings of law A, B, and C are consistent with the hearing officer's proposed rulings of law, so the hearing officer recommends that the state board grant them.
- Proposed ruling D states that remand is not an appropriate remedy. The hearing officer assumes that, by remand, the parent means the state board ordering the local school board to hold a hearing, and that the parent is asking the state board/state board hearings officer to hold a hearing on the merits of the no-trespass order without a prior local school board hearing or decision on the merits of that issue. The hearing officer recommends that the state board deny the proposed ruling and order the local school

board to conduct a hearing to develop factual information and make a decision that the parent may appeal to the state board if aggrieved by it, pursuant to the relevant state laws noted in this decision.

**Overall Recommendation**

1. Order the local school board to grant the parent's request for a hearing and conduct a hearing on the no-trespass notice that complies with state laws.
2. Deny the school's motion to dismiss.
3. Deny the parent's motions to strike and for sanctions.

_____2/6/26__________ ________ *Scott F. Johnson*_______________

Date

Scott F. Johnson
Hearing Officer

**NOTICE PURSUANT TO ED 211.01(b)**

Any Party, within 15 days of receipt of this Recommendation, may file a list of exceptions with supporting memoranda of law for review by the State Board. Any Party who wishes to present oral argument to the State Board shall file a separate request for oral argument within the same 15-day time frame.

**INDEX OF NAMES**

| | |
|---|---|
| Parent | Joseph J. Barton |
| School District | White Mountain Regional School District |
| School Board Chair | Robert Loiacono |
| School District Superintendent | Marion Anastasia |
| Attorney for School District | Diane Garrow |