**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **JOSEPH J. BARTON,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,<br><br>Defendants. | No. 1:25-cv-00451-LM-TSM |

# PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY, EVIDENCE, AND ADMINISTRATIVE ORDER

Plaintiff Joseph J. Barton respectfully submits this Notice of Supplemental Authority, Evidence, and Administrative Order relevant to the Court's consideration of Defendants' pending motions to dismiss.

## I. PURPOSE OF THIS NOTICE

This Notice provides newly obtained evidence and an intervening administrative order bearing on Plaintiff's procedural due process and First Amendment claims, including materials reflecting Defendants' understanding of applicable procedural requirements, Plaintiff's request for a hearing and the denial of that request, and a final order of the New Hampshire State Board of Education directing that such a hearing be provided.

## II. SUPPLEMENTAL MATERIALS

Plaintiff submits the following:

1. April 7, 2026 Letter from counsel for the White Mountains Regional School District;
2. Internal email communications involving Officer Michael Laska and Superintendent Marion Anastasia;
3. Final enacted version of HB 143, as referenced by Defendants;
4. Email from School Board Chair denying Plaintiff's formal request for a hearing under Ed 204.01(a)(1);
5. Final Order of the New Hampshire State Board of Education dated March 19, 2026.

## III. DEFENDANTS' CONTEMPORANEOUS UNDERSTANDING OF REQUIRED PROCESS

The internal email communications involving Officer Michael Laska and Superintendent Marion Anastasia reflect Defendants' understanding that applicable law required procedural safeguards in connection with the issuance or enforcement of a no-trespass order, including involvement of the governing body and additional steps to address procedural deficiencies. (Ex. AC)

The same communication reflects Defendants' awareness of Plaintiff's complaint to the New Hampshire Department of Justice and characterizes that complaint as escalation *"ratcheting up"* (Ex. AC). This contemporaneous acknowledgment of Plaintiff's protected activity, coupled with discussion of the no-trespass order and its enforcement, provides additional context for the Court's consideration of Plaintiff's First Amendment allegations.

## IV. AFFIRMATIVE DENIAL OF REQUESTED PROCESS

Plaintiff formally invoked the procedures required under Ed 204.01(a)(1) and requested a hearing before the governing body (Ex. Y).

In response, the School Board Chair expressly denied that request, stating that Plaintiff was *"…not entitled to a hearing"* (Ex. Y) and that the request was denied.

Plaintiff is subject to a no-trespass order issued October 24, 2025. (Ex. E) This denial occurred prior to the issuance of the State Board's order and confirms that no pre-deprivation process was provided. This correspondence reflects Defendants' response to Plaintiff's request for a hearing. (Ex. Y)

## V. STATE BOARD OF EDUCATION CONFIRMS REQUIRED PROCESS

On March 19, 2026, the New Hampshire State Board of Education issued a final order directing the local school board to:

> *"…grant the parent's request for a hearing and conduct a hearing on the no-trespass notice that complies with state laws."* (Ex. AB)

The State Board further denied the school's motion to dismiss. (Ex. AB)

## VI. POST-DEPRIVATION NATURE OF DEFENDANTS' JUSTIFICATION

The April 7 Letter demonstrates that Defendants intend to justify the no-trespass order through:

- Witness testimony;
- Staff statements; and
- Documentary evidence assembled after the order was issued. **(Ex. AD)**

The Letter confirms that the stated reasons for the order are being articulated post hoc and that a hearing is being offered only after the deprivation has already occurred **(Ex. AD)**.

## VII. RELEVANCE TO PENDING MOTIONS

Defendants' motions to dismiss challenge the sufficiency of Plaintiff's allegations. The supplemental materials provide additional context bearing on that evaluation, including Defendants' contemporaneous understanding of procedural requirements, Plaintiff's invocation of those procedures, Defendants' denial of a hearing, and the subsequent issuance of a final administrative order directing that such a hearing be provided. These materials also reflect the sequence in which the no-trespass order was issued, denied review, and later addressed through post-issuance justification.

## VIII. CONCLUSION

Plaintiff respectfully submits this Notice to ensure that the Court considers Defendants' contemporaneous admissions, their affirmative denial of requested process, and the State Board of Education's final order confirming that such process was required and must be provided. These materials bear directly on the Court's evaluation of the sufficiency and plausibility of Plaintiff's claims.

Respectfully submitted,

/s/ Joseph J. Barton Dated: April 18, 2026

JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Notice of Supplemental Authority, Evidence, and Administrative Order was served via the Court's CM/ECF system upon all counsel of record.

Dated: April 18th, 2026

/s/ Joseph J. Barton
___________________________________
JOSEPH J. BARTON, Pro Se

## EXHIBIT LIST

Plaintiff submits the following exhibits in support of this Notice:

**Exhibit E** – No-Trespass Order dated October 24, 2025

**Exhibit Y** – Email Denying Hearing Request under Ed 204.01(a)(1)

**Exhibit AB** – Final Order of the New Hampshire State Board of Education (March 19, 2026)

**Exhibit AC** – Internal Email Communications (Laska Email)

**Exhibit AD** – April 7, 2026 Letter from Counsel for SAU 36