SOULE, LESLIE, KIDDER, SAYWARD & LOUGHMAN
P.L.L.C. • ATTORNEYS AT LAW

Peter H. Bronstein
David W. Sayward (Of Counsel)
Barbara F. Loughman
Michael S. Elwell (Of Counsel)
Gordon B. Graham
Diane M. Gorrow
Peter C. Phillips
Owen R. Graham

Rachel E. Young

220 Main Street
Salem, N.H. 03079

Tel: (603) 898-9776
Fax: (603) 898-3418
R/E Fax: (603) 893-7678

www.soulefirm.com

Lewis Soule (1924-1986)
Robert P. Leslie (1932-2017)
Bradley F. Kidder (1939-2000)

22 South Main Street
P.O. Box 908
Wolfeboro, N.H. 03894
Tel: (603) 569-8044
Fax: (603) 569-2137

April 7, 2026

**VIA E-MAIL AND US MAIL (joseph.barton@gc.nh.gov)**

Joseph J. Barton
120 Cottage Street
Littleton, New Hampshire 03561

Re: White Mountains Regional School District Hearing – No Trespass Letter

Dear Mr. Barton.

As ordered by the State Board of Education, the White Mountains Regional School Board will hold an Ed 204.01 hearing on a date and time to be determined.

At that hearing, the administration will present the following witnesses:

1. Superintendent Marion Anastasia.

Superintendent Anastasia will testify about the reasons that she issued the October 24, 2025 no trespass letter. Those reasons include but are not limited to your failure in the 2025-2026 school year except for the first week of school to comply with the Whitefield Elementary School's pick up and drop off rules. Those rules were enacted for the safety of students, parents, and staff. Those rules require parents to queue up in front of the school, wait in their vehicles until staff bring their children to the parents' vehicle and prohibit the use of the crosswalk in front of the school.

Despite repeated directions from staff that you comply with the rules, you repeatedly removed cones blocking the crosswalk or walked between or around the cones and used the crosswalk. You recorded and intimidated staff who were on pick up and drop off duty.

After SRO Laska informed you not to move the cones and if your behavior continued, you could be arrested for disorderly conduct, you still did not comply with the pick up and drop off rules. Instead of removing the cones, you walked through them.

After consulting with the Whitefield Police Department and staff at the Whitefield Elementary School, the Superintendent issued the no trespass letter.

Your actions described above violate Policy KFA, Sections (C)(1), (3) and (14).

2. SRO Jennifer Lemoine.

Officer Lemoine oversees safety issues at Whitefield Elementary School and will testify that she was involved in developing the pick up and drop off rules which are designed to protect the safety of students, staff, and parents. She was involved with and advocated for the issuance of the no trespass letter to you because your behavior was escalating, was unpredictable, and you would not comply with the safety rules. She wants the no trespass letter to remain in effect.

3. SRO Michael Laska.

Officer Laska will testify about his investigation of your complaint, about your blocking the crosswalk and his conversation with you. SRO Laska told you that if your behavior continues, you could be arrested for disorderly conduct. SRO Laska had input into and supported the issuance of the no trespass letter.

4. Sharal Plumley, Principal Whitefield Elementary School.

Principal Plumley will testify about the pick up and drop off rules and the reasons that they were enacted. She will testify about her interactions with you which include emails and conversations about the pick up and drop off rules. Except for the first week of school, you repeatedly failed to follow those rules despite requests from staff that you do so. She will also testify that staff came to her concerned about your behavior which was intimidating and escalating. She consulted with SROs Lemoine and Laska, Superintendent Anastasia, and Assistant Superintendent Rob Scott on how to address your conduct. She will testify that you continued to use the crosswalk and walk through the cones after your discussion with SRO Laska.

5. Nicole D'Agnese, paraprofessional Whitefield Elementary School.

See attached statement.

6. Brooke Dubreuil, specialized paraprofessional, RBT, Whitefield Elementary School.

See attached statement.

7. Christine Johns, Paraprofessional, Whitefield Elementary School (resigned 4/10/2026).

See attached statement.

At the hearing, the administration will present four videos from October 6, 9, 17, and 20, 2025 and documents which you received from the District and Town in response to your Right-to-Know Law requests.

In summary, the no trespass letter was issued because as a parent, you repeatedly interfered with school pick up and drop off procedures by refusing to use designated crosswalks and by moving traffic cones put in place for safety. You were repeatedly instructed by staff to follow established pick up protocols, stop cutting the line, and cease using unauthorized and unsafe crosswalks. Rather than comply, your conduct escalated. You continued to move cones, disregarded staff directions, and engaged in confrontational behavior, including staring at staff, recording staff on personal devices, and operating your vehicle in an unsafe and reckless manner during pick up. Despite warnings from staff and law enforcement that your conduct could result in enforcement action, you continued to interfere with school operations. As a result, the Superintendent issued a no trespass letter to address ongoing safety concerns while preserving your ability to transport his child to and from school and participate in IEP-related matters.

Sincerely,

Diane M. Gorrow, Esquire

DMG/mcg
Enclosures

cc: Marion Anastasia, Superintendent (via email only)
Robert Loiacono (via email only)

October 22nd, 2025

To Whom it may concern,

My name is Nicole D'Agnese. I work as a Paraprofessional at Whitefield Elementary School. At the end of every school day I assist with parent pick up duty by the front entrance of the school. Before we start calling students to be picked up I put traffic cones on the crosswalk and sidewalk to direct kids. We ask students to stop at the cones and wait for an adult before crossing and going to a vehicle. We use the traffic cones to block the first sidewalk and direct our older students to use the crosswalk by the playground during dismissal to prevent any students from potentially walking out in front of cars.

On several occasions Joseph Barton has moved the traffic cones and proceeded to use the crosswalk we have blocked during dismissal. I have asked him several times to use the other crosswalk during our dismissal times, and he has ignored me, continued to move the cones and walk by us while telling us it is against the law to block the crosswalks. After he picks up his daughter he continues to use the same crosswalk, disregarding our direction and the person trying to direct traffic. Once he gets to his car he always stares back at us smiling and waiting for a reaction.

Joseph has made it uncomfortable to interact with him and he continues to move the traffic cones and ignore the staff outside and the school's dismissal policy.

Thank you for your time,

Nicole D'Agnese

Nicole D'Agnese

**Written Statement Regarding Parent Behavior – Joe Barton**
**Submitted to:**Sharal Plumley
**Date:** October 20, 2025
**From:** Brooke Dubreuil, Specialized Paraprofessional, RBT, Whitefield Elementary School

---

I am submitting this written statement to document ongoing concerning behaviors from a parent, **Joe Barton**, that have made me feel uncomfortable and unsafe during **Monday morning parent drop-off**.

On several Monday mornings, I have observed Mr. Barton engaging in behavior that feels intimidating and inappropriate. He has **stared me down while moving cones from the crosswalk area**, often maintaining prolonged eye contact in a way that feels confrontational. On multiple occasions, he **will walk directly in front of me even if cars are moving, while continuing to stare**, which appears deliberate and unsettling.

In addition, this morning October 20, 2025, **Mr. Barton recorded me and others, including students, on his personal cell phone** as he entered and exited the building. The act of video recording staff and students without consent is concerning and contributes to a sense of discomfort and lack of safety during arrival.

This morning, however, Mr. Barton did not move the cones. Instead, he **walked his daughter around them and up the stairs while he climbed the hill holding her hand**. While this interaction was not directly confrontational, his behaviors and ongoing actions continue to cause concern for staff safety and student privacy.

I wanted to ensure these incidents are documented and brought to your attention for any follow-up or next steps you feel are appropriate.

An incident occurred during afternoon student pickup involving Joe (a parent). Who displayed a disregard for established safety protocols and led to reckless driving behavior.

Joe has been a consistent issue regarding pickup procedures. He frequently bypasses staff members who remind parents to use the designated crosswalk and not interfere with the safety cones. His actions repeatedly suggest he believes established safety rules do not apply to him.

On this particular Friday, the situation escalated. Joe again approached the building via the steps and, upon seeing the safety cones already set up to delineate the crosswalk, he deliberately pushed one cone out of its proper position. In response to this clear violation of safety procedures, the child's Paraprofessional, adhering strictly to safety rules, completely bypassed Joe and escorted the child to an alternative, safe crosswalk for pickup.

This action visibly angered Joe. He hurried to his vehicle, leaving his tailgate unsecured, and immediately acted with recklessness. He reversed the car at excessive speed and then abruptly shifted into drive, accelerating rapidly. This reckless operation of the vehicle caused several of his personal belongings to be ejected from the unsecured tailgate and scattered across the pavement. Joe then stopped and parked the car, obstructing the flow of traffic by positioning the vehicle directly in the middle of the driveway.

While the Paraprofessional calmly and slowly assisted the child into the car, Joe was observed frantically attempting to retrieve his scattered belongings. This action further exacerbated the situation by briefly blocking the bottom parking lot entrance for a short period of time.

This statement is provided to formally document a pattern of unsafe behavior and the specific display of recklessness.