**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

JOSEPH J. BARTON

v. Civil No. 25-cv-00451-LM-TSM

TOWN OF WHITEFIELD, NH, et al.

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff Joseph Barton filed this lawsuit against Defendants — Town of Whitefield, Whitefield Police Department, and Maxwell Hodgdon, Chief of Whitefield Police Department (collectively, the "Town Defendants"); White Mountains Regional School District (SAU 36), and Marion Anastasia, Superintendent of SAU 36 (collectively, the "SAU Defendants") — alleging constitutional violations related to a no-trespass order that Superintendent Anastasia signed on October 25, 2025, which prohibits Plaintiff from exiting his vehicle while on the grounds of Whitefield Elementary School and from entering the school, where his daughter is a student. Doc. No. 11. Presently before the court are two motions filed by Plaintiff: a motion to compel preservation of evidence (Doc. No. 9) and a motion to amend his Complaint (Doc. No. 20). Defendants object to both motions. Doc. Nos. 14, 18 (objections to motion to compel preservation of evidence); Doc. Nos. 22, 26 (objections to motion to amend). For the reasons that follow, the court recommends that the district judge deny Plaintiff's motion to compel and grant his motion to amend.[1]

[1] Given the recommendation to permit the amendment, Defendants' motions to dismiss (Doc. Nos. 15, 17) should be denied without prejudice to refiling if appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a). See LR 15.1(c).

## I. Motion to Compel Preservation of Evidence (Doc. No. 9)

In order to determine whether to preserve evidence, courts apply a balancing test using the following three factors:

> (1) the degree to which the continuing existence and maintenance of the evidence will be in question in the absence of an order directing preservation of the evidence; (2) whether there will be irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also based on the burdens created by ordering preservation.

Boudreau v. Petit, No. CV 17-301WES, 2024 WL 3391178, at *2 (D.R.I. July 3, 2024).

In his motion to compel, Plaintiff asks the court to require that:

(1) Defendants "immediately suspend any routine deletion, purge, or overwrite processes for [electronically stored information ("ESI")] and records likely to contain discoverable information in this case[,]" Doc. No. 9 at pg. 10, including ESI of "specific systems [Computer-Aided Dispatch ("CAD")] logs, body-cameras, [closed-circuit television ("CCTV")], [and] email)[]" from October 17–24, 2025 and from the following custodians: Chief Hodgdon, Officer Laska, Superintendent Anastasia, and "school staff[,]" Doc. No. 16 at pg. 5;[2]

(2) Defendants "file a short notice confirming the preservation measures they have implemented;"

(3) "the parties . . . confer under Rule 26(f) regarding a proportional preservation plan; and"

(4) Defendants "[d]isclose any known loss of ESI[,]" Doc. No. 9 at pgs. 4, 10.

Defendants object and argue that Plaintiff's motion is unnecessary because Defendants agreed to preserve the information in their possession that Plaintiff referenced in his preservation

---

[2] Plaintiff initially asked that the court compel Defendants to "identify relevant custodians and systems within ten (10) days[.]" Doc. No. 9 at pg. 10. However, in Plaintiff's reply, he tailored his motion to compel and limited his request to specific systems and custodians, as noted above. Doc. No. 16 at pg. 5. Accordingly, the court will only address Plaintiff's motion to compel as to the systems, timeframe, and custodians he identified.

request letter, which is sufficient to satisfy their discovery obligations.[3] See Doc. No. 14 at pg. 3; Doc. No. 18-1 at pgs. 2–3.

A. Requests (1), (2), and (4)

Under Fed. R. Civ. P. 26, a party has a duty to "preserve evidence related to the case or controversy for the purpose of discovery." Porcal v. Ciuffo, No. 10-CV-40016-TSH, 2011 WL 4499011, at *3 (D. Mass. Sept. 23, 2011). That duty "arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." Gonzalez Tomasini v. United States Postal Serv., No. CV 17-1552 (MEL), 2021 WL 4268498, at *3 (D.P.R. Sept. 20, 2021) (quoting Jelú Iravedra v. Municipality of Guaynabo, Civ. No. 16-1585, 2019 WL 5088563, at *2 (D.P.R. Oct. 10, 2019)). Moreover, and consistent with that duty, a party with a routine document retention/destruction policy must preserve relevant evidence, but the "open-ended suspension of the operation of retention policies is rarely required." Boudreau v. Petit, No. CV 17-301MSM, 2025 WL 553975, at *2 (D.R.I. Feb. 19, 2025); see, e.g., Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (where a party has a routine document retention/destruction policy and reasonably anticipates litigation, the party must suspend the document retention/destruction policy and "ensure the preservation of relevant documents[]" (emphasis added)).

Here, Plaintiff states that his concerns about lost ESI are not speculative and claims that Defendants' failure to provide certain discovery demonstrates that they are not preserving certain discovery, but Plaintiff has not shown that Defendants violated their preservation obligation under

[3] Defendants also argue that Plaintiff's requests are overly broad. See Doc. No. 14 at pg. 2; Doc. No. 18-1 at pgs. 4–5. Because Plaintiff narrowed his motion to compel and the court recommends denying Plaintiff's motion for failure to show Defendants violated their preservation obligations, see Doc. No. 16 at pg. 5, the court does not address Defendants other arguments.

Rule 26. See Doc. No. 16 at pgs. 6–7 (describing that Defendants failed to produce certain statements by Officer Laska). This case is in the early stages of litigation and the court has not yet set a Rule 26(f) scheduling conference, which means that Defendants are not obligated to provide any discovery at this stage. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"). Further, even if Defendants failed to provide discovery, that does not mean that they violated their preservation obligations, and Plaintiff has failed to provide evidence of any such violation.[4] Contrary to Plaintiff's assertions, Defendants informed Plaintiff that they are preserving evidence relevant to Plaintiff's lawsuit, consistent with their obligation under Rule 26. Doc. No. 14-1 at pg. 3 (email to Mr. Barton from the Town Defendants' attorney stating "the information sought will be preserved"); Doc. No. 18-2 at pg. 2 (email to Mr. Barton from the SAU Defendants' attorney, stating "the SAU will likewise take reasonable measures to preserve" material "concerning the claims or defenses at issue in this matter").

Without any evidence that Defendants failed to comply with their preservation obligation, a preservation order, or an order compelling Defendants to describe their preservation measures or any lost ESI, is not warranted.[5] See Boudreau, 2024 WL 3391178, at *2; see also Tyler v. Peterson,

[4] To the extent Plaintiff seeks certain information, he may request that information from Defendants during the ordinary course of discovery, as permitted by Federal Rules of Civil Procedure. To the extent Plaintiff wishes to confer about preservation methods, he may raise that issue at the Rule 26(f) conference when scheduled. See Civil Form 2; ESI Checklist

[5] Although there is no evidence to suggest that Defendants lost relevant ESI, where a plaintiff claims and presents evidence that spoliation of evidence occurred and defendant cannot restore the evidence, the remedy available to the plaintiff is not an order requiring that defendant suspend any routine deletion, purge, or overwrite processes. See Fed. R. Civ. P. 37(e). Rather, the court "may order measures no greater than necessary to cure the prejudice; or[,] . . . only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation[,]" the court may "presume that the lost information was unfavorable; . . . instruct the jury that it may or

No. 20CV06186JMAJMW, 2022 WL 11629009, at *3 (E.D.N.Y. Oct. 20, 2022) (because parties to a lawsuit are automatically under a duty to preserve relevant material, a preservation order from the court "is not typically asked for or even needed"); Jumpp v. Anaya, No. 3:13 CV 1228 JBA, 2015 WL 2237516, at *1 (D. Conn. May 1, 2015) (denying plaintiff's motion to preserve evidence where plaintiff provided "no evidence that the information in question is in danger of being destroyed").

Accordingly, the district court should deny Plaintiff's requests that the court order Defendants to immediately suspend "any routine deletion, purge, or overwrite processes for ESI" and order that Defendants file a notice confirming their preservation measures. Doc. No. 9 at pg. 10.

B. Request (3)

The district court should also deny Plaintiff's request that the court direct that the parties confer under Rule 26(f). The court has not yet set a Rule 26(f) scheduling conference and Defendants filed motions to dismiss Plaintiff's Complaint. See Doc. Nos. 15, 17. Therefore, Plaintiff's request that the court order the parties to confer at this time is premature. Fed. R. Civ. P. 26(f)(1) (parties must "confer as soon as practicable — and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)[]"); see Fed. R. Civ. P. 16 (courts must issue scheduling order after parties' report under Rule 26(f) or after consulting with parties at a scheduling conference).

For all these reasons, the district court should deny Plaintiff's motion to compel (Doc. No. 9).

---

must presume the information was unfavorable to the party; or . . . dismiss the action or enter a default judgment." Id.

## II. Motion to Amend

### A. Background

Plaintiff filed his Complaint (Doc. No. 1) and then filed his First Amended Complaint (Doc. No. 11), which appears to have been filed as of right pursuant to Fed. R. Civ. P. 15(a) or was not otherwise challenged by Defendants and, therefore, became the operative Complaint in this case. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). Thereafter, Defendants filed their motions to dismiss Plaintiff's First Amended Complaint (Doc. Nos. 15, 17). Less than two weeks later, Plaintiff filed a motion for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). Doc. No. 20. Defendants object to Plaintiff's motion to amend his Complaint for a second time. Doc. Nos. 22, 26.

### B. Analysis

In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2) However, motions to amend will not be granted if there has been undue delay, bad faith, or undue prejudice to the opposing party, or if the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013).

Defendants contend that the court should not permit Plaintiff's amendment, arguing that the amendment would unduly prejudice them because they have already expended "many hours" revisiting their work after Plaintiff filed his First Amended Complaint (Doc. No. 22 at pg. 7); that Plaintiff's Second Amended Complaint rewrites the First Amended Complaint rather than provides targeted revisions; and that Plaintiff filed his Second Amended Complaint after Defendants filed

their motions to dismiss, which allowed Plaintiff to respond to Defendants' dismissal arguments.[6] Id. at pgs. 8–9.

Although the court "may refuse to allow . . . an endless number of trips to the well[,]" this is not a case where Plaintiff unduly delayed filing his amendment or actually prejudiced Defendants such that his motion to amend should be denied. Aponte-Torres v. Univ. Of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006). Plaintiff filed his motion only twelve days after the Town Defendants filed their motion to dismiss and eleven days after the SAU Defendants filed their motion. In other words, Plaintiff did not cause a "protracted delay," that caused undue burden on Defendants. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."); cf. ACA Financial Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 56–57 (1st Cir.2008) (district court did not err in denying plaintiffs' motion to amend complaint where plaintiffs waited a year and a half to file their amendment and the court already held that their first amended complaint was insufficient).

Further, even though Plaintiff does not identify what he changed in the Second Amended Complaint, Plaintiff does not seek to add any new claims or parties and instead only adds certain facts to support his pre-existing claims. See, e.g., Doc. No. 20-1 at ¶¶ 40, 44, 62–66, 74–79, 126, 128–33, 152–57, 189–96, 209–10 (facts added in Second Amended Complaint). While courts routinely deny motions to amend that "would require the opponent to expend significant additional resources[,]" that is only where amendment would require parties "to conduct discovery and

[6] Town Defendants object for the additional reason that Plaintiff's amendment would be futile. Doc. No. 26 at pgs. 2–3. Town Defendants' futility argument is not fully developed, and therefore, the court declines to address it here. Because the court grants Plaintiff's motion to amend, the parties will have a complete opportunity to develop their arguments for or against dismissal.

prepare for trial or significantly delay the resolution of the dispute." AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 725 (2d Cir. 2010). Given that this case is at the early stages of litigation and Plaintiff is not adding new claims or parties, Defendants would not be unduly prejudiced by Plaintiff's amendment and can amend their motions to dismiss to address Plaintiff's new allegations. See Atl. Adm'rs Ins. Agency, Inc. v. Melcher & Prescott Agency, Inc., No. CIV 06-CV-230-JM, 2007 WL 1933589, at *2 (D.N.H. June 29, 2007) (citing DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999)) (granting leave to amend where the proposed amendment raised no new claims or parties and because "[r]esponding to problems in a pleading that are identified in a motion to dismiss is an appropriate reason to amend a complaint").

Accordingly, the district judge should grant Plaintiff's motion to amend (Doc. No. 20) and, if the district judge adopts the Report and Recommendation, deny Defendants' motions to dismiss without prejudice. Doc. Nos. 15, 17.

**CONCLUSION**

For all these reasons, the district judge should deny Plaintiff's motion to compel (Doc. No. 9), grant his motion to amend (Doc. No. 20), and direct Plaintiff to file his Second Amended Complaint (Doc. No. 20-1) within five (5) days of the district judge's order, along with a copy that clearly identifies which facts he is adding to his Second Amended Complaint that were not included in his First Amended Complaint. See LR 15.1(a)(ii) (requiring that a party who moves to amend a filing "identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties . . ."). Further, if the district judge adopts this Report and Recommendation, the district judge should also deny Defendants' motions to dismiss (Doc. Nos. 15, 17) without

prejudice to their ability to refile if appropriate under Fed. R. Civ. P. 12, and within the time allowed under Fed. R. Civ. P. 15(a). See LR 15.1(c).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
U.S. Magistrate Judge

July 1, 2026

cc: Joseph J. Barton, pro se
Counsel of Record