UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

JOSEPH J. BARTON,

Plaintiff,

v.

Docket No. 1:25-cv-00451-LM-TSM

TOWN OF WHITEFIELD, NH, ET AL.,

Defendants.

**DEFENDANTS MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISCTRICT (SAU 36)'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants Marion Anastasia ("Superintendent Anastasia") and White Mountains Regional School District (SAU 36) (the "District") (each a "Defendant," and collectively, the "Defendants"), by and through their attorneys Morrison Mahoney LLP, and move pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss all claims asserted against them in Plaintiff's Second Amended Complaint, as more fully set forth in the accompanying Memorandum of Law, stating in support as follows:

1. Even accepting Plaintiff's well-pleaded factual allegations as true, the Second Amended Complaint does state a plausible constitutional or statutory claim against either Superintendent Anastasia or the District. The allegations describe a limited visitor restriction issued following the October 17, 2025 traffic-control dispute—not retaliation for protected speech, deprivation of a constitutionally protected interest, irrational differential treatment, or implementation of an actionable municipal policy or custom.

2. Plaintiff's procedural due process claim (Count I) fails because he identifies no constitutionally protected liberty or property interest in unrestricted physical access to school

property. His reliance on state procedures and District policies does not create a substantive constitutional entitlement, and his allegations concerning special-education participation are governed by the IDEA.

3. Plaintiff's First Amendment retaliation claim (Count II) fails because the Second Amended Complaint pleads no nonconclusory facts supporting retaliatory animus or causation. the chronology and the materials properly considered with the pleading disclose an obvious, non-retaliatory explanation for the restriction— the intervening October 17 traffic-control incident.

4. Plaintiff's post-filing retaliation claim (Count III) fails for the same reasons as Count II, as the Second Amended Complaint alleges no new restriction, enforcement action, retaliatory statement, or other adverse action occurring after Plaintiff filed suit.

5. Plaintiff's equal protection claim (Count IV) fails because the Second Amended Complaint identifies no actual comparator who was similarly situated in all relevant respects, pleads no facts supporting discriminatory intent or irrationality, and discloses an obvious, legitimate basis for the visitor restriction.

6. Plaintiff's *Monell* claim (Count V) fails because the Second Amended Complaint alleges no municipal policy or widespread custom that caused a constitutional injury, does not allege that Superintendent Anastasia possessed final policymaking authority in the relevant area, and fails to allege any underlying constitutional violation.

7. Plaintiff's IDEA claim (Count VI) fails because he did not exhaust the IDEA's administrative procedures and, even if exhaustion were excused, the Second Amended Complaint does not allege that he was denied the opportunity to participate in his child's IEP process.

8. Count VII for declaratory and injunctive relief is moot because the School Board rescinded the Notice Against Trespass and Addendum in their entirety, effective August 30, 2026. See Exhibit A to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. Count VII should therefore be dismissed without prejudice under Rule 12(b)(1). Alternatively, Count VII fails under Rule 12(b)(6) because declaratory and injunctive relief are remedies, not independent causes of action, and the Second Amended Complaint states no viable underlying claim.

9. Plaintiff's individual-capacity claims for damages against Superintendent Anastasia are barred by qualified immunity because the Second Amended Complaint alleges no violation of any clearly established law, and no precedent would have put a reasonable school administrator on notice that issuing or maintaining a limited visitor restriction under the circumstances alleged was unconstitutional.

***WHEREFORE***, Defendants respectfully request that this Court GRANT the instant motion and dismiss all claims asserted against them in Plaintiff's Second Amended Complaint, with prejudice, for the reasons stated above and as more fully set forth in the accompanying Memorandum of Law.

Respectfully submitted,

MARION ANASTASIA AND WHITE MOUNTAINS REGIONAL SCHOOL DISCTRICT (SAU 36)

MORRISON MAHONEY LLP

August 28, 2026 By /s/ *Adam R. Mordecai*

Adam R. Mordecai, #17727
amordecai@morrisonmahoney.com
R.J. Meurin, #266219
rmeurin@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone: 603-622-3400
Fax: 603-622-3466

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all Parties and counsel via ECF.

/s/ Adam R. Mordecai
Adam R. Mordecai, #17727