UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Joseph J. Barton,<br>Plaintiff | * | |
| | * | C.A. #1:25-cv-0451-LM-TSM |
| v. | * | |
| Town of Whitefield, Marion Anastasia,<br>Superintendent, SAU 36,<br>Chief of Police Maxwell Hodgdon,<br>in his individual and official capacities,<br>White Mountain Regional School District and<br>Whitefield Police Department,<br>Defendants | * | |

**Defendants' Memorandum of Law in Support of their Motion to Dismiss Second Amended Complaint (Doc. No. 34)**

Now come the Town of Whitefield (hereinafter "the Town") and Chief of Police Maxwell Hodgdon (hereinafter, collectively, "the Whitefield Defendants") who file this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 34, hereinafter "SAC").

**Introduction**

Plaintiff's SAC challenges a no-trespass order (hereinafter "the Order") issued and signed by signed by Superintendent Marion Anastasia, SAU 36 and/or White Mountain Regional School District (hereainfter "the School District Defendants"). The pleading alleges that Superintendent Anastasia signed the Order using a Whitefield Police Department form, and that the Whitefield

Police Department and Chief Hodgdon warned Plaintiff that presence on school property could result in arrest. It further alleges that Chief Hodgdon "enforced" the Order.

Those allegations do not state a plausible claim against either of the Whitefield Defendants. The SAC fails to allege that the Town or Chief Hodgdon issued the school order, denied a school-board hearing, created SAU 36 policy, relocated any IEP meeting, or made any school-access decision. Its remaining allegations against the Town and Chief are merely conclusory statements which are insufficient to survive dismissal.

**Standard of Review**

In deciding a motion to dismiss under Fed. Rule Civ. P. 12 (b) (6), the Court evaluates the pleading to determine if there are sufficient allegations as to render the claim for relief plausible. *Manning v. Boston Med. Ctr. Corp*., 725 F.3d 34, 43 (1st Cir. 2013). The Court should disregard "conclusory allegations that merely parrot the relevant legal standard" but accept the "remaining factual allegations as true and decide if, drawing all reasonable inferences in the Plaintiff's favor, they are sufficient to show an entitlement to relief." *Id*. The allegations must be sufficient to render the claim plausible; "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between [mere] possibility and plausibility of entitlement to relief.'" *Id., citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The relevant test is whether the complaint "warrants dismissal because it failed in toto to render plaintiff's entitlement to relief plausible." *Id*., *citing Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013).

**Factual Allegations Relating to Whitefield Defendants in the SAC**

The vast majority of the SAC outlines the Plaintiff's complaints with the actions of the School District Defendants as it relates to the Order. The SAC also uses the term "Defendants" throughout, but rarely do those claims relate to the Whitefield Defendants. The factual allegations explicitly relating to the Whitefield Defendants are scant, and are described below:

- ¶¶ 47-48- Plaintiff describes a Complaint he made to the Whitefield Police Department concerning the blockade of a crosswalk;
- ¶¶ 56-57- Chief Hodgdon was sent a copy of Plaintiff's October 20, 2025 sworn communication with the NH Attorney General;
- ¶ 69- The Order was issued on a Whitefield Police Department form;
- ¶¶ 74-79- Plaintiff alleges that the Order was "enforced" by the Whitefield Defendants, who warned Plaintiff that his presence on school property could result in arrest;
- ¶ 136- Plaintiff demanded that the Order be rescinded and addressed same to Chief Hodgdon and others; and
- ¶¶ 192-196- The Whitefield Defendants "knowingly enforced and maintained" the Order.

As will be demonstrated below, these factual allegations fall far short of stating a claim for relief against the Whitefield Defendants.

**Argument**

There are numerous flaws in the SAC that should result in the dismissal of all of the claims asserted against the Whitefield Defendants. They are addressed in turn below.

I. <u>The Factual Allegations are Insufficient to State Any Claim for Relief</u>

Conspicuously absent from the Plaintiff's allegations in the SAC is any claim that the Whitefield Defendants engaged in ANY wrongful conduct. The Plaintiff's act of copying Chief Hodgdon on communications to others obviously does not allege action by Chief Hodgdon. Further, while the allegations about "enforcement" of the Order are conclusory and provide no

factual basis for the Court, even if the Court accepts that the Whitefield Defendants did engage in some affirmative act of enforcing the Order, that is not an allegation of wrongful conduct that can form the basis for a claim. By statute and at common law, police officers have a duty to act as "conservators of the peace." RSA 105:3 & *State v. Theodosopoulos*, 119 N.H. 573, 580 (1979). In other words, the Whitefield Police Department had a duty to take action in the event of a violation of the Order as that would constitute criminal trespass under RSA 635:2.

The Whitefield Defendants also wish to point out that this is Plaintiff's third attempt to allege facts sufficient to state a claim before this Court (see, Doc. No. 1- original Complaint and Doc. No. 11, First Amended Complaint). Further, the SAC was filed after the Whitefield Defendants moved to dismiss the First Amended Complaint on grounds that Plaintiff failed to allege facts sufficient to state a claim against them. Doc. No. 15.[1] In other words, the failure to allege specific facts as to the Whitefield Defendants is no mere drafting error.

II. <u>The official-capacity claims against Chief Hodgdon are duplicative of the claims against the Town</u>.

Plaintiff sued Chief Hodgdon in both his individual and official capacities. SAC, ¶ 18. A suit against a town officer in his official capacity is treated as a suit against the municipality itself. *Traudt v. Lebanon Police Dep't*, 749 F. Supp. 3d 251, 257 (2024). Because Plaintiff also named the Town of Whitefield, the claim against Chief Hodgdon in his official capacity is

[1] Additionally, after he filed the instant action, Plaintiff filed a nearly identical action in the Coos County Superior Court, *Joseph J. Barton, v. Town of Whitefield, et al.,* 214-2026-CV-00062, and the Whitefield Defendants moved to dismiss that action on the same grounds that Plaintiff failed to state a claim (see Index # 67, filed herewith as Exhibit A). That motion is scheduled for a hearing on September 10, 2026. F.R.E. 201 permits the court to take judicial notice of an adjudicative fact if the fact "is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Mary Hitchcock Mem'l Hosp. v. Cohen*, 2016 U.S. Dist. LEXIS 57987, *3

duplicative and should be dismissed. *Id.*, *see also*, *LaForge v. Howard*, 2002 DNH 88, p. 16 (2002).

III. The Second Amended Complaint does not plead a plausible individual-capacity claim against Chief Hodgdon.

The only specific conduct attributed to Chief Hodgdon in the SAC is the enforcement of the no-trespass order and a warning that Plaintiff's presence on school property could result in arrest. The pleading does not allege that Chief Hodgdon signed the order, selected its terms, made the school-access decision, denied Plaintiff a hearing, denied Plaintiff written findings, denied an appeal, or relocated any IEP meeting. Instead, those allegations are directed to the School District Defendants.

New Hampshire's criminal-trespass statute provides that a person commits criminal trespass if, knowing he is not licensed or privileged to do so, he enters or remains in any place. RSA 635:2. On those pleaded facts, Chief Hodgdon's alleged warning about possible enforcement does not plausibly establish that he personally violated Plaintiff's constitutional rights- only that he warned Plaintiff about the consequences of violating the Order which are established by NH law. Thus, the claims against Chief Hodgdon in his individual capacity should be dismissed.

IV. Chief Hodgdon is entitled to qualified immunity.

Even if the SAC could be read to allege a constitutional violation by Chief Hodgdon, the individual-capacity claims should be dismissed on qualified-immunity grounds. Qualified immunity provides that school officials are protected from liability for civil damages "where

clearly established law does not show that the search violated the Fourth Amendment." *Safford Unified School Dist. v. Redding* 557 U.S. 364, 377 (2009). Qualified immunity is "important to society as a whole" and "is effectively lost if a case is erroneously permitted to go to trial." *White v. Pauly* 580 U.S. 73, 79 (2017). The defense is designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs* 475 U.S. 335, 341 (1986). To determine whether law is clearly established, the Court determines first if there "controlling authority or a consensus of persuasive authority sufficient" to put the defendants that their conduct violated constitutional norms. *Conlon v. Scaltreto* 2025 U.S. App LEXIS 27611 at *11 (1st Cir. 2025). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right…in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton* 438 U.S. 635, 640 (1987) (internal citations omitted).

The pleaded facts do not show that Chief Hodgdon violated clearly established law by warning that a school-issued no-trespass order could be enforced under New Hampshire's criminal-trespass statute. The statute makes it unlawful for a person, knowing he is not licensed or privileged, to enter or remain in a place. RSA 635:2. It also addresses entry or remaining in defiance of an order to leave or not enter personally communicated by an owner or authorized person. RSA 635:2. The SAC alleges that the Order was signed by Superintendent Anastasia, identified her as the authorized person, cited RSA 635:2, and was directed to Whitefield Elementary School. Those allegations do not plead a violation of clearly established law by Chief Hodgdon. The individual-capacity claims against him should be dismissed.

V. The Second Amended Complaint does not plead a plausible *Monell* claim against the Town.

Count V alleges that the Town is liable through policies, customs, practices, final policymakers, and ratification. However, the Town-related allegations are limited to Chief Hodgdon's alleged enforcement role and status as chief law enforcement officer. "A plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. Such a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury." *Haley v. City of Boston*, 657 F.3d 39, 51 (2011), internal citations and quotations omitted.

Here, Plaintiff's SAC makes only the barest of conclusory claim that "Plaintiff's injuries were caused by policies, customs, or practices of SAU 36 and the Town of Whitefield." SAC, ¶ 274. Absent is the identification of any specific policy, custom or practice of the Town that could form the basis for this relief. This absence justifies dismissal.

VI. Specific Legal Claims

The Whitefield Defendants therefore argue that for the foregoing reasons, all of the legal claims asserted against them in the SAC should be dismissed. Specifically, they seek dismissal of:

- Count I (14th Amendment Procedural Due Process)- As the Whitefield Defendants did not issue the no trespass order, there is no basis to support this cause of action with respect to these Defendants. Plaintiff cites no authority for his proposition and the caselaw actually indicates the opposite- there is no constitutionally protected procedural due process rights violated by issuing the trespass notice. *Pitta v. Medeiros*,

90 F.4th 11, 21 (1st Cir. 2024); *Lovern v. Edwards* 190 F.3d 648, 655 (4th Cir. 1999) ("School officials have the authority to control students and school personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property."); *Ware v. Cranston Public Schools,* 2025 U.S. DIST LEXIS 103504 (D. R.I. 2025) at *18 (holding no procedural due process rights affected by school's issuance of a no-trespass order and collecting cases on point); *Richie v. Coldwater Cnty Sch*. 2012 U.S. Dist. LEXIS 95566 (W.D. Mich 2012) ("[i]n the context of due process claims . . . every court that has considered the issue has concluded that citizens, including parents, do not have a liberty or property interest in accessing school property"). This Count must therefore be dismissed with respect to the Whitefield Defendants.

- Count II (1st Amendment Retaliation)- To establish a retaliation claim, Plaintiff must show that "(1) he or she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action." *D.B. ex rel. Elizabeth B. v. Esposito,* 675 F.3d 26, 43 (1st Cir. 2012). Plaintiff ailed to allege facts supporting this claim.
- Count III (Post-Filing Retaliation)- To state a First Amendment retaliation claim under § 1983, Plaintiff must allege facts showing that (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) his protected conduct was a substantial or motivating factor in that action. *See D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 43

(1st Cir. 2012). This claim should be dismissed as to the Whitefield Defendants as it fails to allege any specific actionable conduct by them.

- Count IV (14th Amendment Equal Protection)- Plaintiff alleges a violation of Equal Protection because he accessed school grounds without restriction prior to the issuance of the no-trespass order. To establish a violation of the Equal Protection clause, a Plaintiff is required to show both that he was treated differently than other similarly situated individuals and that such difference was based on an impermissible consideration, such as race. *Macone v. Town of Wakefield,* 277 F.3d 1, 10 (1st Cir. 2002). The pleadings must establish a basis to support a finding of actual disparate treatment as a "threshold requirement." *Estate of Bennett v. Wainwright,* 548 F.3d 155, 166 (1st Cir. 2008). Plaintiff's complaint fails to identify any similarly situated individuals or articulate how those individuals received preferential treatment by the Whitefield Defendants. Therefore, there is no basis to support an Equal Protection claim against the Whitefield Defendants and this count should be dismissed.
- Count V (Monell Liability)- see, Section V above.
- Count VI (IDEA Violation)- This claim not applicable to Whitefield Defendants who do not provide education.
- Count VII (Declaratory Relief)- Whitefield Defendants submit that if the above claims against them are dismissed, there is no basis for the Court to issue declaratory relief as to them.

**Conclusion**

For the reasons set forth above, the Whitefield Defendants seek dismissal of any and all claims asserted against them in the SAC. The Whitefield Defendants also hereby join the arguments made by the School District Defendants to the extent applicable here.

Respectfully Submitted,
Town of Whitefield, Whitefield Police Department and Chief of Police Maxwell Hodgdon
By their Attorneys,
Friedman Feeney Getman, PLLC

/s/ Christine Friedman, NH Bar No. 8780 Dated: August 31, 2026
Christine Friedman
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5
Concord, NH 03301
chris@friedmanfeeney.com
603-736-7683

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served on the following persons on this date and in the manner specified herein: Electronically Served through ECF.

/s/ Christine Friedman Dated: August 31, 2026
Christine Friedman