Filed
File Date: 6/15/2026 8:49 AM
Coos Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

COOS, SS SUPERIOR COURT

JOSEPH J. BARTON

v.

TOWN OF WHITEFIELD, et al.

214-2026-CV-00062

**Memorandum of Law in Support of Defendants Town of Whitefield and Chief Maxwell Hogdon Motion to Dismiss Plaintiff's Complaint**

NOW COME the defendants the Town of Whitefield and Chief of Police Maxwell Hodgdon (collectively the "Town defendants") by and through their attorneys, Friedman Feeney Getman, PLLC, and pursuant to Superior Court Rule 9 (B) hereby submits this Memorandum of Law in support of the Town Defendant's Motion to Dismiss for failure to state a claim for which relief can be granted. In support of this motion counsel states as follows:

## Standard of Review

"In ruling on a motion to dismiss, all facts properly pleaded by the plaintiff are deemed true, and all reasonable inferences derived therefrom are construed most favorably to the plaintiff." *Welde Power Industries v. CSI Technologies,* 124 N.H. 121, 123 (1983). However, the Court "need not accept statements in the complaint which are merely conclusions of law." *Ronayne v. State* 137 N.H. 281, 283 (1993). The Court engages in a "threshold" inquiry, testing

the facts in the complaint against the applicable law. *Id,* citing *Provencal v. Vermont Mut. Ins. Co.* 132 N.H. 742, 744-45 (1990).

**<u>Facts for Purposes of the Motion to Dismiss</u>**

The following facts are established from the Plaintiff's complaint, pleadings, and exhibits:

1. On October 17, 2025 Plaintiff contacted the New Hampshire Department of Transportation to complain about the Whitefield Elementary School's Decision to place traffic control devices and close a crosswalk at the school. *Plaintiff's Exhibit J at 7-8.*
2. Between October 17, 2025 and October 24, 2025 the Whitefiled School District asserted that Plaintiff refused to comply with pick-up and drop-off rules, and "repeatedly removed cones blocking the crosswalk or walked between or around the cones and used the crosswalk" even after being asked by the SRO not to move the traffic cones. *Plaintiff Exhibit K at 1-2.*
3. On October 24, 2025 a no-trespass notice was served on Plaintiff informing him that he would be charged with criminal trespass if he entered the Whitefield Elementary School at 34 Twin Mountain Rd, Whitefield NH. The notice included an addendum allowing Plaintiff to enter school premises for the purpose of transporting his child to and from school as long as he complied with school pickup and drop-off procedures and refrained from entering the elementary school building. *Plaintiff's Exhibit A.*
4. The notice was served on Plaintiff by law enforcement personnel. *Plaintiff's Amended Complaint* ¶ ¶ 42, 47.
5. Plaintiff demanded recission of the notice. *Plaintiff's Amended Complaint* ¶ 59.

6. Plaintiff requested a hearing before the School Board pursuant to Ed 204.01 (A)(1), which was denied. *Plaintiff's Complaint* ¶ ¶ 61, 64.
7. The no trespass notice remains in effect. *Plaintiff's Amended Complaint* ¶ 69.
8. On March 12, 2026 the New Hampshire State Board of Education ordered the School Board to grant Plaintiff's request for a hearing on the no trespass notice. *Plaintiff's Exhibit H.*
9. The School Board held a seven and a half hour hearing on May 14, 2026 regarding the no trespass notice. *Plaintiff's Exhibit I; Memorandum of Law in Support of School District Motion to Dismiss at 5; Plaintiff's Objection to Motion to Dismiss at 6-8* (indicating Plaintiff is not contesting that hearing occurring, noting his claim of procedural defects).

**Procedural History**

Plaintiff originally filed this lawsuit in Federal Court, District of NH Docket 1:25-cv-00451 *Barton v. Town of Whitefield, et al.* A copy of the complaint was attached by the School District as *Exhibit B* to the District's Motion to Dismiss. As the School District noted, the Federal action is duplicative of this state case, pleading the exact same causes of action against the Town defendants. The Town filed a motion to dismiss, which currently remains pending in Federal Court. While the motions to dismiss remained under advisement, Plaintiff filed this state action on March 31, 2026. The Plaintiff first amended complaint was filed on April 15, 2026.

## ARGUMENT

### A. The Plaintiff's complaint must be dismissed pursuant to the pending prior action doctrine.

Plaintiff filed his Federal action first. Then, when the Federal Court took the defendant's motion to dismiss under advisement, he filed this complaint in State Court alleging the same due process violations against the Town defendants. The second lawsuit involves the same parties and the same causes of action that currently remain pending before a court of competent jurisdiction. Historically New Hampshire courts used to presume that a second lawsuit filed when a first one was pending before a competent court was vexatious and the matter would be dismissed. *Gamsby v. Roy* 52 N.H. 813 (1973). The *Gambsy* rule was modified and replaced by the current prior action doctrine, which indicates that Courts are to determine "whether justice requires that the second action stand, or that it be dismissed as vexatious." *Pacific & Atl. Shippers v. Schier* 106 N.H. 69, 70 (1964). The inquiry is whether the second action is necessary to protect the Plaintiff's rights, or if is "harassing litigation." *Tinkham v. Boston & M.R.R.* 77 N.H. 111 (1913). In this case, there is no reason that the Plaintiff needs to file a state court suit when the subject matter of his complaint can be adequately addressed in the Federal court where he originally filed.

Allowing the suit to go forward requires the defense to litigate their motion to dismiss in multiple jurisdictions simultaneously and seems designed solely to vex the defendants. As our sister court of Connecticut has noted "when two separate lawsuits are 'virtually alike' the second action is amenable to dismissal by the court…The prior pending action doctrine has evolved as a 'rule of justice and equity'… [t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for

abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious…." *Halpern v. Board of Education,* 196 Conn. 647, 652-53 (1985). In a 3JX non-precedential opinion, *Omram v. Shulman* 2017 N.H. LEXIS 58 (2017), the New Hampshire Supreme Court upheld a trial court's dismissal of a lawsuit filed in state court while a Federal case remained pending under the pending prior action doctrine. *Shulman* at *7-8.

Plaintiff's claim that he has a cause of action under the State Constitution does not save this action. Plaintiff is simply asserting additional causes of action as in his 42 U.S.C. § 1983 claims by citing the equivalent provisions of the New Hampshire Constitution. However, there is not state law equivalent of 42 U.S.C. § 1983 and the New Hampshire Supreme Court has repeatedly refused to recognize constitutional torts premised on alleged violations of the New Hampshire Constitution. *Khater v. Sullivan* 160 N.H. 372, 374 (2010); *Rockhouse Mountain Property Owners Ass'n v. Conway* 127 N.H. 593, 598 (1986).

As the Plaintiff's prior action is pending in a Federal Court within the geographical borders of New Hampshire and raises the exact same issues between the same parties as this matter, there is no basis for Plaintiff to assert that this subsequent state action is necessary. The only rational conclusion is that this suit was filed solely for the purpose of oppressing the defendants by requiring them to litigate the same issues in multiple forums. The state court matter should therefore be dismissed. Alternatively, for the reasons outlined by the School District in their motion to dismiss, an abeyance would be appropriate if the Court is not declined to dismiss the matter in order to allow the litigation in Federal Court initiated by Plaintiff to proceed first.

**B. The Plaintiff's complaint must be dismissed with respect to the Town defendants as the Plaintiff fails to assert a claim for which relief can be granted.**

**1. Count I and Count V should be dismissed as Plaintiff cannot establish a claim that the Town defendants violated his procedural due process rights.**

Plaintiff alleges in Count I of his complaint that the Town defendants violated his procedural due process rights under the New Hampshire Constitution. In analyzing procedural due process claims under the State Constitution, courts "engage in a two-part analysis…first, we determine whether the individual has an interest that entitles him or her to due process protection; and second, if such an interest exits, we determine what process is due… Whether the deprivation was, in fact, justified is not an element of the procedural due process inquiry." *Appeal of Doe* (Bd. of Med) *177 N.H. 274, 281 (2025). [internal citations omitted].* With respect to the first prong of the test, there is no due process right to access to school buildings. *See Pitta v. Medeiros,* 90 F.4th 11, 21 (1st. Cir. 2024); *Lovern v. Edwards* 190 F.3d 648, 655 (4th. Cir. 1999) ("School officials have the authority to control students and school personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property."); *Ware v. Cranston Public Schools* 2025 U.S. DIST LEXIS 103504 (D. R.I. 2025) at *18 (holding no procedural due process rights affected by school's issuance of a no-trespass order and collecting cases on point); *Richie v. Coldwater Cnty Sch.* 2012 U.S. Dist. LEXIS 95566 (W.D. Mich 2012) ("[i]n the context of due process claims . . . every court that has considered the issue has concluded that citizens, including parents, do not have a liberty or property interest in accessing school property"). Elementary school buildings obviously cannot be open for members of the public to

wander in and out at will, and a school has to be able to enforce compliance with student pick-up and drop-off procedures.

Even assuming *arguendo* that Plaintiff has a recognized interest to access elementary school property, the Plaintiff cannot establish that he was due additional process *from the Town defendants.* The complaint does not allege any facts indicating that the Town defendants have taken any steps to enforce the order. Plaintiff's conclusory statements that he is entitled to some type of pre-deprivation due process hearing prior to being served with a no-trespass notice is devoid of any support in case law. Requiring police departments to schedule due process hearing prior to serving individuals with no-trespass notices would represent a substantial fiscal and administrative burden on municipalities and would undermine the property interest that the criminal trespass statute is designed to protect.

**2. Count II should be dismissed as The Plaintiff has no standing to request declaratory judgment against the Town.**

Unless Plaintiff can establish that he is entitled to a specific due process protection that was denied by the Town defendants, he has no standing to assert a claim for a declaratory judgment against the Town. Plaintiff does not obtain standing under RSA 491:22 simply by asserting an injury. *Avery v. N.H. Dep't of Educ* 162 N.H. 604, 608 (2011).[1] Plaintiff has the burden of establishing what procedural due process rights were violated by the manner in which the Town applied the criminal trespass statute in order to have standing under RSA 491:22. "A party will not be heard to question the validity of a law, or any part of it, unless he shows that *some right of his* is impaired or prejudiced thereby." *Id.* Plaintiff's complaint asserts the

[1] Plaintiff is not entitled to claim standing due to the availability of an appeal under RSA 541, which Plaintiff's complaint indicates he has taken advantage of by appealing the District's decision to the NH State Board of Education. *RSA 491:22 (I).*

Town was required to "provide notice" at the time of his deprivation. The Town did so; the procedural due process clause requires only that Plaintiff receive a no-trespass notice in a manner "reasonably calculated" to make him aware of its existence. *State v. Dupuy* 118 N.H. 848, 853 (1978). Plaintiff received actual, individual service of notice to refrain from entering the premises, which is *more* due process than what is constitutionally required. *Id.*

**3. Count III and Count VIII should be dismissed as those Counts do not apply to the Town defendants**

In Count III, Plaintiff asserts that the defendants violated Ed 204.01 (a) (1) by failing to provide a hearing. Ed 204.01 (a) (1) is an administrative regulation which governs proceedings at the school board level to resolve disputes between individuals and the school system. The Town is a district entity from the school board and has no authority to schedule a Ed 204.01 (a) (1) hearing. Moreover, Plaintiff received his hearing on May 14, 2026. This Count should therefore be dismissed with respect to the Town defendants. Count VIII alleges a violation of the IDEA. That Count on its face applies solely to the District defendants. Both Counts should therefore be dismissed with respect to the Town defendants.

4. **Count IV and Count VI should be dismissed as the Plaintiff cannot establish any retaliation by the Town defendants for First Amendment protected activity.**

As the District has noted, the Plaintiff's exhibits indicate their was a non-retaliatory motivation for limited crosswalk usage. *Plaintiff's Exhibit E.* The no-trespass order was issued due to the District's assertion that Plaintiff failed to comply with school pick-up and drop-off policies. *Plaintiff's Exhibit K.* As the District noted, since the exhibits indicate an 'obvious alternative explanation" for the issuance of the trespass notice, the Plaintiff's claim that it was issued because of his speech is not plausible. *Ashcroft v. Iqbal* 556 U.S. 662, 678-682 (2009).

The Town's involvement was limited to facilitating the service of the no trespass notice requested by the District; which the police department is obligated to by RSA 635:2.

Moreover, the Plaintiff again fails to plead any facts that show the *Town defendants* retaliated against Plaintiff. The Plaintiff's exhibits indicate that Plaintiff's protests were directed against the District, which is a separate and distinct entity from the Town. The Plaintiff does not plead any specific theory of liability to show how the Town is responsible for the District's decision to issue the no-trespass notice. As the no-trespass notice has never been enforced against Plaintiff, he cannot establish that the Town has ever violated his constitutional rights. "'[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights.'" *Baker v. McCollan* 443 U.S. 137, 142 (1979). Moreover, to the extent that the Plaintiff's complaint is construed as arguing that the Town defendants were acting as agents of the School District, "the doctrine of respondeat superior does not apply to claims under section 1983." *Gaureault v. Mun. of Salem* 923 F. 2d 203, 209 (1st. Cir. 1990).

**5. Count VII should be dismissed as the Plaintiff cannot establish a cause of action for violation of his substantive due process rights.**

To adequately claim a violation of substantive due process, the Plaintiff must establish an "abuse of government power that shocks the conscience." *Collins v. Nuzzo* 244 F.3d 246, 250 (1st. Cir. 2001); *De Poutot v. Raffaelly* 424 F.3d 112, 118, n.4 ("conscience-shocking conduct is an indispensable element of a substantive due process challenge to executive action"). The standard is an "unforgiving" one. *Id.* The only actions of the Town defendants have been to facilitate service of the no-trespass notice which contained exceptions to allow Plaintiff to enter

school premises during pick-up and drop-off's provided he complied with school polices; such an action cannot reasonably be construed as "conscience-shocking conduct."

WHEREFORE, the Town defendants respectfully request the Honorable Court;

a) Dismiss the complaint in this matter;

b) Grant such other relief as the Court deems just and equitable.

Respectfully Submitted,
TOWN OF WHITEFIELD
WHITEFIELD POLICE DEPARTMENT
CHIEF MAXWELL HODGDON

By and through his attorneys
Friedman Feeney Getman, PLLC

/s/ David Betancourt, NH Bar No. 15299
David Betancourt
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5
Concord, NH 03301
dbetancourt@friedmanfeeney.com
603-688-9994

**CERTIFICATE OF SERVICE**

A copy of this pleading was served via the CM/ECF portal to all parties of record and emailed on this day to all parties of record.

/s/ David Betancourt