White Mountains Regional School District
135 Regional Road, Whitefield, NH 03598 Tel: (603) 837-9363 Fax: (603) 837-2326
www.sau36.org
Carroll Dalton Jefferson Lancaster Whitefield

May 29, 2026

Mr. Joseph Barton
120 Cottage Street
Littleton, NH 03561

Dear Mr. Barton,

I am sending this letter, as Chairperson of the White Mountains Regional School District School Board, to inform you that the Board has voted, 4 to 0, to uphold the Administration's decision to issue a no-trespass order against you on October 23, 2025.

This decision was reached during a non-public session on May 21, 2026 after careful consideration and deliberation of the evidence that was presented at your Board Appeal Hearing on May 14, 2026.

Summary of Facts Supporting Decision

1. The evidence, presented by you, specifically the email exchange with Michael Cronin dated December 6, 2024, shows a request for a change to the school published pick up policy for your child so that you would be able to accompany her to and from the school entrance during drop off and pick up. The closing of the crosswalk in question did not prevent you from doing so, it only changed the route from the parking lot to the entrance.

2. At the start of the 2025-2026 school year, WES building leadership decided to maintain an altered use of crosswalks in a limited fashion to improve safety at pick up and drop off times. Both witness testimony and exhibits in both the WMRSD's and Appellant's documents indicated that WES shared the pick up and drop off procedure, which included use of the playground crosswalk instead of the main entrance crosswalk, via a thrill share email on September 8, 2025. Witness testimony from Principal Plumley and Brook Dubreuil also indicated that this procedure was communicated to you verbally by school staff during your visits to campus, and again by Whitefield PD Officer Michael Laska.

3. The email exchange that you had with the NH Department of Transportation shows that the roadway is the school's property and under the authority of the school district. It also shows that the district is responsible for maintaining traffic control devices.

4. The testimony of Sharal Plumley, Brooke Dubreuil and Nicole D'Agnese showed that between September 8, 2025 and October 19, 2025, you moved the traffic cones placed in front of the stairs and crosswalk in front of the school and proceeded to cross the road with your child after being asked to use the other crosswalk for everyone's safety. The Board also relied on the video evidence presented by the administration showing that you did this on at least four separate occasions.
5. The testimony of Sharal Plumley, Brooke Dubreuil and Nicole D'Agnese showed that on multiple occasions your behaviour made staff feel intimidated, uncomfortable and showed a lack of concern for the safety of staff and students.
6. The testimony of Officer Michael Laska showed that you were informed that this type of behaviour during pick up and drop off of your child was a violation of school district rules and there would be consequences if it continued.
7. The Administration's testimony that the decision to issue a no-trespass order is under the Roles and Responsibilities of the Superintendent.

Statutory and Policy Basis for Decision

In making the decision to uphold the Superintendent's decision to issue the no-trespass order again the Board relied upon the White Mountains Regional School Board Policy KFA-Public Conduct on School Property/Assaults more specifically the following Sections and Paragraphs;

Section C: <u>Prohibited Conduct.</u>

1. Paragraph 2. Injure, threaten, bully, harass, or intimidate a student, staff member, sports official, coach, or any other person.
2. Paragraph 3. Impede, delay, disrupt, or otherwise interfere with any school function or any activity sponsored or approved by the Board, the Superintendent, building Principal, Athletic Director, or their designees.
3. Paragraph 14. Refuse to comply with or obey a directive of any Authorized District Personnel or posted rules or regulations.

Section D: <u>Enforcement and Consequences.</u>

1. Any person who violates this policy or any other acceptable standard of behavior may be ordered to leave school grounds by Authorized Personnel, who may, also at her/his discretion, contact law enforcement. Students and employees who violate this policy shall be further subject to such consequences or interventions as provided under applicable Board policies or District or school administrative regulations. Additionally, the Board authorizes the Superintendent or his/her designee to issue "no trespass" letters to any person whose conduct violates this policy. The Superintendent is further authorized, upon consultation with district counsel, to file any criminal complaint with respect to such violations.

Right to Appeal

In accordance with the Rules and Practice of the NH State Board of Education, you have the right to appeal this decision to the State Board. Any appeal should be in writing and addressed to the Office of Legislation and Hearings.

Respectfully,

Robert D. Loiacono, Chairperson