UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Joseph J. Barton,<br>Plaintiff | |
| v. | C.A. #1:25-cv-0451-LM-TSM |
| Town of Whitefield, Marion Anastasia,<br>Superintendent, SAU 36,<br>Chief of Police Maxwell Hodgdon,<br>in his individual and official capacities,<br>White Mountain Regional School District and<br>Whitefield Police Department,<br>Defendants | |

**Whitefield Defendants' Motion to Strike Exhibits**

I. INTRODUCTION

Defendants Town of Whitefield and Chief Maxwell Hodgdon (hereinafter "Whitefield Defendants") respectfully submit this motion to strike exhibits attached to and relied upon in Plaintiff's Objection to Defendants' Motion to Dismiss Second Amended Complaint (Doc. 37, hereinafter "Plaintiff's objection").

1. Plaintiff's objection impermissible relies on five exhibits (Doc. Nos. 37.1-37.5) to oppose dismissal. Plaintiff asks the Court to take judicial notice of those materials while acknowledging that he offers them to attempt to establish liability of the Whitefield Defendants. See, Plaintiff's motion, pp. 13-14.

2. These exhibits are described as follows:

a. Doc. No 37.1, described as a March 19, 2026 State Board Final Order;
b. Doc. No 37.2, described as a May 29, 2026 Board Decision Letter;
c. Doc. No 37.3, described as selected transcript excerpts[1] involving Officer Laska and Superintendent Anastasia;
d. Doc. No 37.4, described as selected transcript excerpts involving Plumley and Dubreuil; and
e. Doc. No 37.5, described as selected transcript excerpts concerning Attorney Gorrow's role and asserted Board neutrality.

3. Plaintiff invokes those materials to attempt to make the Whitefield Defendants' liable for the challenged no-trespass order. Among other things, Plaintiff relies on the exhibits to characterize the decision to issue the no-trespass order as a group or team decision involving law-enforcement and school officials to support his theory of the existence of some actionable conduct by the Whitefield Defendants. While the Whitfield Defendants contest that these exhibits establish a cause of action against them, they nevertheless ask the Court to strike these improper exhibits.

## II. LEGAL STANDARD

4. A Rule 12(b)(6) motion ordinarily must be decided from the Complaint (or in this case, the Second Amended Complaint) and materials properly incorporated into it. Consideration of documents outside the complaint is not permitted. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). This holding recognizes certain limited exceptions (documents the authenticity of which are not disputed by the parties; for official public records; for documents

[1] Notably, these so-called "transcript excerpts" are not an "official" transcript prepared by a neutral third party. Rather, they appear to be typed by Plaintiff himself.

central to plaintiffs' claim; or for documents sufficiently referred to in the complaint), none of which apply here. *Id*.

5. Materials falling outside the narrow exceptions must either be excluded at this stage of the proceedings. See, F. R. Civ. P. 12 (d) and *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (2009).

## III. ARGUMENT

6. Plaintiff's exhibits are not attached to the Second Amended Complaint, nor did the Second Amended Complaint incorporate allegations consistent with these exhibits. Instead, they were submitted with his opposition to the Motion to Dismiss and are offered to attempt to establish a cause of action against the Whitefield Defendants.

7. With the possible exception of Doc. No 37.1, a March 19, 2026 final order of the NH State Board of Education, these exhibits are neither self-authenticating nor undisputed. For example, Doc. No 37.2 is simply a letter from the Chairperson of the White Mountains Regional School District, and the remaining exhibits are represented to be excerpts from "Appellant's working transcript of the May 14, 2026 local hearing." It is not clear who prepared the transcript from which these excerpts are taken (if such transcript exists) not is it clear whether these excerpts are accurate or complete.

8. The exception for an undisputed document cannot apply where the proponent has not shown that the submitted item is an accurate and complete copy of what it purports to be. Authentication requires evidence sufficient to support that finding. Fed R. Evid. 901. This standard has not been met.

9. Because Plaintiff offers the exhibits to advance factual inferences about motive, decision-making, police participation, and municipal responsibility, the Court should disregard them in ruling on the Whitefield Defendants' Motion to Dismiss. F. R. Civ. P. 12 (f)(2).

WHEREFORE, Whitefield Defendants respectfully request that the Court:

A. Strike Plaintiff's Exhibits Doc. Nos. 37.1-37.5 submitted with his objection;

B. Decline to consider factual assertions in Document 37 that depend upon those exhibits; and

C. Grant the Whitefield Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 36).

Respectfully Submitted,
Town of Whitefield, Whitefield Police Department and Chief of Police Maxwell Hodgdon
By their Attorneys,
Friedman Feeney Getman, PLLC

/s/ Christine Friedman, NH Bar No. 8780 Dated: September 8, 2026
Christine Friedman
Friedman Feeney Getman, PLLC
95 N. State Street, Suite 5
Concord, NH 03301
chris@friedmanfeeney.com
603-736-7683

*CERTIFICATE OF SERVICE*

I hereby certify that a copy of this document was served on the following persons on this date and in the manner specified herein: Electronically Served through ECF.

/s/ Christine Friedman Dated: September 8, 2026
Christine Friedman