**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**JOSEPH J. BARTON,**

Plaintiff,

v.

**TOWN OF WHITEFIELD, NEW HAMPSHIRE,** et al.,

Defendants.

No. 1:25-cv-00451-LM-TSM

**PLAINTIFF'S OBJECTION TO WHITEFIELD DEFENDANTS' MOTION TO STRIKE EXHIBITS**

NOW COMES the Plaintiff, Joseph J. Barton, appearing pro se, and respectfully objects to the Whitefield Defendants' Motion to Strike Exhibits (Doc. 38). For the reasons set forth below, the Motion should be denied.

## I. INTRODUCTION

The Whitefield Defendants ask this Court to strike five exhibits attached to Plaintiff's Consolidated Objection to Defendants' Motions to Dismiss. Those exhibits are: the March 19, 2026 State Board Final Order, the May 29, 2026 Board Decision Letter, and selected excerpts from the May 14, 2026 local hearing transcript. The Whitefield Defendants identify those exhibits as Doc. Nos. 37.1 through 37.5.

As a threshold matter, Rule 12(f) does not even apply: it authorizes striking material only "from a pleading," Fed. R. Civ. P. 12(f), and exhibits attached to an opposition brief are not a pleading under Fed. R. Civ. P. 7(a). That defect alone requires denial of the Motion. Independently, the Motion also mischaracterizes Plaintiff's use of the exhibits. Plaintiff did not

attach the exhibits to amend the Second Amended Complaint, to supply missing pleading elements, or to ask the Court to resolve disputed facts in Plaintiff's favor. Plaintiff expressly stated the opposite. Plaintiff offered the exhibits only for limited purposes: to show the existence, contents, and procedural posture of related administrative proceedings, and to rebut Defendants' request that the Court accept their own factual characterization of disputed events at the Rule 12 stage.

That limited use is proper. At minimum, the appropriate remedy is not to strike the exhibits or the objection, but simply to consider them only for a proper limited purpose, or disregard any portion the Court concludes is inappropriate at this stage. Plaintiff's opposition to dismissal remains independently supported by the allegations of the Second Amended Complaint, which must be accepted as true on a Rule 12(b)(6) motion.

## II. <u>THE MOTION MISSTATES PLAINTIFF'S USE OF THE EXHIBITS</u>

The Whitefield Defendants argue that Plaintiff "impermissibly relies" on the exhibits to oppose dismissal and claims that Plaintiff offers them "to attempt to establish liability" against the Whitefield Defendants. That is not how Plaintiff used the exhibits.

Indeed, *Watterson* itself confirms this approach. There, plaintiffs attached public records, including court orders and a caseworker's report — to their *opposition* to a motion to dismiss, not to the complaint itself. 987 F.2d at 3. Rather than strike those materials, the First Circuit treated them "as part of the pleadings" and considered them in reviewing the dismissal. *Id.* The Whitefield Defendants cite *Watterson* only for its general statement of the Rule 12(b)(6) standard, but the case's actual disposition of opposition-attached public records is directly contrary to the relief they seek here. If the First Circuit could treat such documents as part of the

pleadings in *Watterson*, this Court can, at minimum, decline to strike the State Board Final Order and Board Decision Letter outright.

In the Consolidated Objection, Plaintiff specifically limited the purpose of the exhibits. Plaintiff stated that he did not ask the Court to accept disputed testimony from those materials as true to defeat Rule 12(b)(6). Plaintiff further stated that he did not rely on the exhibits to amend the Second Amended Complaint or to supply missing pleading elements. Rather, the exhibits were offered to rebut Defendants' attempt to obtain dismissal by asking the Court to accept their own factual characterization of disputed events.

The distinction matters. Defendants' motions to dismiss did not merely argue legal insufficiency. They repeatedly framed the case as a simple traffic-control dispute and characterized the Whitefield Defendants' role as passive, ministerial, and legally irrelevant. The attached administrative materials were offered to show that Defendants' preferred framing is disputed and fact-bound. Plaintiff does not ask the Court to resolve those disputes now.

## III. <u>THE STATE BOARD FINAL ORDER AND BOARD DECISION LETTER MAY BE CONSIDERED FOR EXISTENCE, CONTENTS, AND PROCEDURAL POSTURE</u>

The Whitefield Defendants acknowledge that, "with the possible exception" of Doc. No. 37.1, the March 19, 2026 State Board Final Order may fall within an exception for official public records. That concession alone defeats the request to strike all five exhibits wholesale.

The March 19, 2026 State Board Final Order is not offered to prove the truth of disputed witness testimony. It is offered to show that administrative proceedings occurred, that the State Board acted, and that the no-trespass order was treated administratively as requiring further process. Those are matters of procedural posture and official action.

The May 29, 2026 Board Decision Letter is likewise offered for a limited purpose. Plaintiff does not ask the Court to accept all factual recitations in that letter as true. Plaintiff offers it to show that the local board convened a hearing, issued a written decision, and upheld the no-trespass order. Those facts bear directly on Defendants' own mootness, ratification, and procedural arguments. If Defendants dispute the ultimate legal effect of those administrative materials, they may argue that issue. But disagreement over legal effect is not a basis to strike the exhibits.

## IV. THE TRANSCRIPT EXCERPTS ARE OFFERED ONLY FOR LIMITED CONTEXT, NOT FOR TRUTH OF DISPUTED TESTIMONY

The Whitefield Defendants object that the selected transcript excerpts are not an "official" transcript and appear to have been typed by Plaintiff. They also argue that Plaintiff has not shown the excerpts are accurate and complete. Plaintiff understands that distinction. The transcript excerpts are not offered as a substitute for a certified transcript, nor are they offered to require the Court to find disputed facts in Plaintiff's favor. They were offered only to show why Defendants' factual framing is disputed and why dismissal should not be granted by accepting Defendants' version of events.

The Whitefield Defendants' own Motion confirms the point. They state that Plaintiff used the exhibits to characterize the no-trespass decision as a "group or team decision involving law-enforcement and school officials." That is precisely the kind of factual dispute that should not be resolved on a Rule 12(b)(6) motion. If the Court is concerned about authentication or completeness, the Court may decline to consider the transcript excerpts for the truth of the matters asserted. Plaintiff does not object to that limitation. But striking the exhibits is unnecessary. The better course is to deny the Motion to Strike and consider the exhibits, if at all,

only for the limited procedural and contextual purposes for which Plaintiff offered them.

## V. RULE 12(f) DOES NOT REQUIRE THE RELIEF DEFENDANTS SEEK

The Whitefield Defendants invoke Rule 12(f)(2) and ask the Court to strike Plaintiff's exhibits, disregard factual assertions depending on them, and grant the Whitefield Defendants' Motion to Dismiss. That requested relief is overbroad. Rule 12(f) allows a court to strike from a pleading redundant, immaterial, impertinent, or scandalous matter. Plaintiff's exhibits attached to an objection are not scandalous matter pleaded in a complaint. They are materials submitted in opposition to a motion. If the Court concludes that any exhibit is not properly considered under Rule 12(b)(6), the ordinary remedy is to disregard it or limit its use, not to strike the filing or treat the disputed evidence issue as a basis to grant dismissal.

Defendants cite Watterson v. Page and Rivera v. Centro Medico de Turabo for the general rule that Rule 12(b)(6) is ordinarily decided on the complaint, incorporated documents, official public records, and related narrow categories. Plaintiff does not dispute that general rule. Plaintiff's point is narrower: Defendants themselves rely on factual characterizations beyond the bare allegations of the Second Amended Complaint, and Plaintiff's exhibits were submitted to show why those characterizations should not be accepted as dispositive at the pleading stage.

## VI. PLAINTIFF'S OBJECTION STANDS ON THE SECOND AMENDED COMPLAINT EVEN IF THE COURT DECLINES TO CONSIDER SOME OR ALL OF THE EXHIBITS

Finally, even if the Court declines to consider any transcript excerpt, that does not support dismissal. Plaintiff's Consolidated Objection expressly states that the opposition rests independently on the allegations of the Second Amended Complaint, which must be accepted as

true.

The Second Amended Complaint alleges, among other things, that the no-trespass order was police-enforced, issued on a Whitefield Police Department form, threatened criminal enforcement, followed Plaintiff's protected complaints and sworn request for review, and was knowingly enforced or maintained by the Whitefield Defendants. Whether those allegations ultimately can be proven is not the Rule 12 question. At this stage, they must be accepted as true and reasonable inferences must be drawn in Plaintiff's favor.

Defendants' Motion to Strike therefore does not identify a reason to dismiss the claims. It identifies only a disagreement about the permissible use of exhibits. That issue can be addressed, if necessary, by limiting consideration of the exhibits. It does not warrant striking Plaintiff's exhibits or granting the Whitefield Defendants' Motion to Dismiss.

## VII. <u>CONCLUSION</u>

Defendants' motions to dismiss challenge the sufficiency of Plaintiff's allegations. The supplemental materials provide additional context bearing on that evaluation, including Defendants' contemporaneous understanding of procedural requirements, Plaintiff's invocation of those procedures, Defendants' denial of a hearing, and the subsequent issuance of a final administrative order directing that such a hearing be provided. These materials also reflect the sequence in which the no-trespass order was issued, denied review, and later addressed through post-issuance justification.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Whitefield Defendants' Motion to Strike Exhibits (Doc. 38). In the alternative, if the Court determines that any exhibit should not be considered for purposes of Rule 12(b)(6), Plaintiff respectfully requests that the Court simply disregard that exhibit or consider it only for the

limited purpose of procedural posture, judicial notice, and rebutting Defendants' factual framing, without striking Plaintiff's objection or granting dismissal on that basis.

Respectfully submitted,

/s/ Joseph J. Barton Dated: September 8, 2026
JOSEPH J. BARTON, Pro Se
120 Cottage Street, Suite 1
Littleton, NH 03561
(603) 969-2706
joseph.barton@gc.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing Objection to Whitefield Defendants' Motion to Strike Exhibits was served via the Court's CM/ECF system upon all counsel of record.

Dated: September 8th, 2026

/s/ Joseph J. Barton
JOSEPH J. BARTON, Pro Se